## UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION RECEIVED

EDDIE J. HAYNES,                                )
                                                )   2006 DEC -8  P 4· 03
    PLAINTIFF,                                   )
                                                )   DEBRA P. HACKETT, CLK
                                                )   U.S. DISTRICT COURT
                                                )   MIDDLE DISTRICT ALA.
vs.                                             )CASE NO. 2:06CV1093-WKW
                                                )Demand for jury trial
CITY OF MONTGOMERY, ALABAMA,                    )
                                                )
    DEFENDANT.                                   )

### COMPLAINT

1.      Plaintiff is a citizen of the United States and the state of Alabama and is over

the age of nineteen (19) years.  Plaintiff resides within the Northern Division of the Middle

District of Alabama.

2.      Defendant City of Montgomery, Alabama is a municipal corporation within

the state of Alabama located in Montgomery County, Alabama, within the Northern Division

of the Middle District of Alabama.  Defendant is an employer within the meaning of the

Americans With Disabilities Act of 1990.

3.      This suit is authorized and instituted pursuant to the Americans With

Disabilities Act of 1990, 42 U.S.C. §12101 et seq., and the Civil Rights Act of 1991, 42

U.S.C. §1981a.  The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 and

28 U.S.C. §1343(a)(4).

4.      Plaintiff has fulfilled all conditions precedent to the institution of this action

-1-

in that Plaintiff timely filed a Charge of Discrimination and Amended Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission and filed this Complaint within ninety (90) days of the receipt of his Right to Sue Notices from the Civil Rights Division of the U.S. Department of Justice.

5.     Plaintiff was employed by the Defendant from April 4, 1990 until June 14, 2006 as a firefighter in the Montgomery Fire Department.

6.     On or about March 15, 2005, Defendant placed Plaintiff on involuntary leave due to medications Plaintiff was taking, began investigating Plaintiff, required Plaintiff to undergo a medical examination and refused to allow Plaintiff to come back to work for Defendant in spite of letters from Plaintiff's doctor stating that he was capable of working in his current capacity without restrictions.

7.     Defendant continued Plaintiff on involuntary leave until June 14, 2006, when Defendant terminated Plaintiff's employment because Defendant considered Plaintiff to be unable to return to work.

<u>COUNT I</u>

8.     Plaintiff hereby incorporates by reference the allegations contained in paragraphs one through seven as fully as if set forth herein.

9.     Plaintiff avers that Defendant discriminated against Plaintiff by placing Plaintiff on involuntary leave on or about March 15, 2005 because Plaintiff has a record of having a physical or mental impairment that substantially limited one or more of his major

-2-

life activities, or because Plaintiff was regarded by Defendant as having a mental or physical impairment that substantially limits or limited one or more of his major life activities, or because Plaintiff has a physical or mental impairment that substantially limits or limited one or more of his major life activities.

10.    Plaintiff avers that at all relevant times he could, with or without reasonable accommodations, perform the essential functions of the position in which he was employed by Defendant.

11.    Subsequent to March 15, 2005 Defendant refused to reinstate Plaintiff to employment with Defendant.

12.    Plaintiff avers that Defendant's placing him on involuntary leave and refusal to reinstate him to employment thereafter was and is unlawful and in violation of the Americans With Disabilities Act of 1990.

Wherefore, Plaintiff prays that this Court will grant him relief as follows:

(A)    Grant Plaintiff a declaratory judgment that the employment practices complained of herein are violative of the rights of Plaintiff as secured by the Americans With Disabilities Act of 1990 and the Civil Rights Act of 1991.

(B)    Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys, and those acting in concert with the Defendant and at the Defendant's request, from continuing to violate the Americans With Disabilities Act of 1990, and the Civil Rights Act of 1991.

(C)    Enter an order requiring Defendant to reinstate Plaintiff to employment with

-3-

the Defendant, or front pay in lieu thereof.

(D)    Grant Plaintiff an award of back pay and fringe benefits (plus interest) and compensatory damages.

(E)    Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees, and expenses.

## COUNT II

13.    Plaintiff hereby incorporates by reference the allegations contained in paragraphs one through seven of this Complaint as fully as if set out herein.

14.    On or about June 14, 2006 Defendant discriminated against Plaintiff by terminating Plaintiff's employment because Plaintiff has a record of having a physical or mental impairment that substantially limited one or more of his major life activities, or because Plaintiff was regarded by Defendant as having a mental or physical impairment that substantially limits or limited one or more of his major life activities, or because Plaintiff has a physical or mental impairment that substantially limits or limited one or more of his major life activities.

15.    Plaintiff avers that at all relevant times he could, with or without reasonable accommodations, perform the essential functions of the position in which he was employed by Defendant.

Wherefore, Plaintiff prays that this Court will grant him relief as follows:

(A)    Grant Plaintiff a declaratory judgment that the employment practices complained of herein are violative of the rights of Plaintiff as secured by the Americans

-4-

With Disabilities Act of 1990 and the Civil Rights Act of 1991.

(B)    Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys, and those acting in concert with the Defendant and at the Defendant's request, from continuing to violate the Americans With Disabilities Act of 1990, and the Civil Rights Act of 1991.

(C)    Enter an order requiring Defendant to reinstate Plaintiff to employment with the Defendant, or front pay in lieu thereof.

(D)    Grant Plaintiff an award of back pay and fringe benefits (plus interest) and compensatory damages.

(E)    Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees, and expenses.

## COUNT III

16.    Plaintiff hereby incorporates by reference the allegations contained in paragraphs one through fifteen of this Complaint as fully as if set out herein.

17.    On or about March 15, 2005 and on a continuing basis thereafter, Defendant has violated 42 U.S.C. §12112(d)(4) by placing Plaintiff on involuntary leave and by requiring Plaintiff to undergo medical examinations and by making medical inquiries of Plaintiff not shown to be job-related and consistent with business necessity, and later terminating Plaintiff.

Wherefore, Plaintiff prays that this Court will grant him relief as follows:

-5-

(A)    Grant Plaintiff a declaratory judgment that the employment practices complained of herein are violative of the rights of Plaintiff as secured by the Americans With Disabilities Act of 1990 and the Civil Rights Act of 1991.

(B)    Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys, and those acting in concert with the Defendant and at the Defendant's request, from continuing to violate the Americans With Disabilities Act of 1990, and the Civil Rights Act of 1991.

(C)    Enter an order requiring Defendant to reinstate Plaintiff to employment with the Defendant, or front pay in lieu thereof.

(D)    Grant Plaintiff an award of back pay and fringe benefits (plus interest) and compensatory damages.

(E)    Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees, and expenses.

## COUNT IV

18.    Plaintiff hereby incorporates by reference the allegations contained in paragraphs one through seventeen of this Complaint as fully as if set out herein.

19.    On or about March 15, 2005 and on a continuing basis thereafter, Defendant has violated 42 U.S.C. §12112(b)(6) by using qualification standards that screen out or tend to screen out individuals with disabilities not shown to be job-related and consistent with business necessity, and, as a result, placing Plaintiff on involuntary leave and later

terminating Plaintiff.

Wherefore, Plaintiff prays that this Court will grant him relief as follows:

(A)    Grant Plaintiff a declaratory judgment that the employment practices complained of herein are violative of the rights of Plaintiff as secured by the Americans With Disabilities Act of 1990 and the Civil Rights Act of 1991.

(B)    Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys, and those acting in concert with the Defendant and at the Defendant's request, from continuing to violate the Americans With Disabilities Act of 1990, and the Civil Rights Act of 1991.

(C)    Enter an order requiring Defendant to reinstate Plaintiff to employment with the Defendant, or front pay in lieu thereof.

(D)    Grant Plaintiff an award of back pay and fringe benefits (plus interest) and compensatory damages.

(E)    Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees, and expenses.

_Gerald L. Miller_
Gerald L. Miller
Attorney for Plaintiff,
Eddie J. Haynes

**OF COUNSEL:**
REDDEN, MILLS & CLARK
940 Financial Center
505 North 20th Street
Birmingham, AL 35203
(205) 322-0457

## JURY DEMAND

Plaintiff hereby demands a trial by struck jury in this cause.

*Gerald L. Miller*
Of Counsel

**PLAINTIFF'S ADDRESS:**
Eddie J. Haynes
4501 Middle Fork Road
Montgomery, Alabama 36106

**DEFENDANT'S ADDRESS:**
City of Montgomery, Alabama
C/O Walter R. Byars, City Attorney
103 North Perry Street
Montgomery, Alabama 36104