**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **EDDIE J. HAYNES,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) CASE NO.  2:06cv1093-WKW |
| | ) |
| | ) |
| **CITY OF MONTGOMERY,** | ) |
| **ALABAMA** | ) |
| | ) |
| **Defendant.** | ) |

## MOTION FOR  SUMMARY JUDGMENT

Defendant, City of Montgomery, pursuant to Rule 56 of the *Federal Rules of Civil Procedure*, by and through the undersigned attorney, moves the Court for summary judgment as the facts and law of this case show that there is no genuine issue as to any material fact and that as moving party it is entitled to judgment as a matter of law.  In support of the Motion for Summary Judgment, Defendants rely on the pleadings, answers and responses to discovery, depositions and affidavits and Defendants' Memorandum of Law in Support of Summary Judgment with the following evidentiary submissions attached thereto:

> *DX 1, Charge of Discrimination No. 130 2005 04376*
>
> *DX 2, Charge of Discrimination No. 420 2006 04376*
>
> *DX 3, Notice of Rights to Sue, Charge No. 130 2005 04376*
>
> *DX 4, Notice of Rights to Sue, Charge No. 420 2006 04376*
>
> *DX 5, Affidavit of M. Jordan*
>
> *DX 6, Deposition of Dr. Michael Turner, pages* 47, 62, 63, 64, 65, 85, 86 &

87

*DX 7 A - I, Correspondence Compilation*
  *A - Gerald Miller letter dated May 12, 2005*
  *B - Gerald Miller letter dated July 27, 2005*
  *C – Kimberly Fehl letter dated August 1, 2005*
  *D – Gerald Miller letter dated August 9, 2005*
  *E – Gerald Miller letter dated November 16, 2005*
  *F – Gerald Miller letter dated May 12, 2006*
  *G – Kimberly Fehl letter dated May 17, 2006*
  *H – Gerald Miller dated May 22, 2006*
  *I – Gerald Miller letter May 31, 2006*

*DX 8, Affidavit of Barbara M. Montoya*

Conclusory allegations cannot interpose genuine issues of material fact into the litigation so as to preclude entry of summary judgment. *Fed.Rules Civ.Proc.*Rule 56(c).

Haynes has not identified any physical or mental impairment that will allow him to succeed as an individual with a disability protected by the ADA. Haynes does not have a physical or mental impairment that substantially limits or limited one or more of his major life activities nor is there a record of Haynes having a physical or mental impairment that substantially limited one or more of his major life activities.

Haynes was never perceived to be disabled. The underlying condition that required medication was never at issue. The only issue was whether the medications Haynes was using were permitted by NFPA standards. Haynes has not identified any physical or mental impairment that will allow him to succeed as an individual with a disability protected by the ADA. Therefore, Haynes cannot demonstrate a prima facie case under the ADA showing that he is in the class of persons protected by the ADA.

Haynes requested to be relieved from one of his primary job duties. It was not until that time that he was required to undergo a fitness for duty examination. Under NFPA 1582, the standards employed by the department physician are objective and clear. The reasons for performing these medical evaluations are explicitly set out, further assisting the department physician in tailoring his

assessment closely to the essential job duties of firefighters.

Haynes cannot impose his opinion, a vocational expert opinion, or the opinion of his private physician to refute Dr. Turner's knowledge of the fit for duty requirements as it relates to NFPA guidelines followed by the City of Montgomery Fire Department. The Fire Department follows national standards and applies the requirements equally to all firefighter candidates and incumbent firefighters. "Federal courts 'do not sit as a super-personnel department that reexamines an entity's business decisions'." *Elrod v. Sears, Roebuck & Co.,* 939 F.2d 1466, 1470 (11th Cir.1991).

Assuming arguendo, that Haynes has made a prima facie showing as an individual with a disability under ADA, the City has shown that the fit for duty examination challenged by Haynes was job-related for the position of firefighter and consistent with business necessity.

Therefore, Defendant's Motion for Summary Judgment is due to granted.

Submitted this 3rd day of December, 2007.

/s/Kimberly O. Fehl
Kimberly O. Fehl (FEH001)
Allison H. Highley (HIG024)
Attorneys for City of Montgomery

OF COUNSEL:
City of Montgomery
Legal Division
Post Office Box 1111
Montgomery, AL  36101-1111
334.241.2050
FAX 334.241.2310

**CERTIFICATE OF SERVICE**

I hereby certify that foregoing has been served upon the following by electronic

filing/notification through CM/ECF with United States District Court Middle District of Alabama on

this 3rd day of December, 2007:

        Gerald L. Miller, Esq.
        *REDDEN, MILLS, & CLARK*
        940 Financial Center
        505 North 20th Street
        Birmingham, AL  35203


        /s/ Kimberly O. Fehl
        Of Counsel