IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| EDDIE J. HAYNES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 2:06-cv-1093-WKW |
| | ) | |
| CITY OF MONTGOMERY, ALABAMA, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER ON PRETRIAL HEARING

A pretrial hearing was held in this case on February 20, 2008, wherein the following proceedings were held and actions taken:

**1. PARTIES AND TRIAL COUNSEL:**

The parties before the Court are correctly named as set out below, and the designated trial counsel for the parties are as set out below:

| Parties | Trial Counsel |
|---|---|
| Plaintiff: Eddie J. Haynes | Gerald L. Miller<br>Keith E. Brashier<br>Redden, Mills & Clark, LLP |
| Defendant, City of Montgomery, Alabama | Kimberly O. Fehl<br>Allison H. Highley<br>Assistant City Attorneys<br>City of Montgomery |

**COUNSEL APPEARING AT PRETRIAL HEARING:**

Same as trial counsel.

**2.   JURISDICTION AND VENUE:**

Subject matter jurisdiction exists under the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq., 28 U.S.C. §1331, and 28 U.S.C. §1343(a)(4). Personal jurisdiction and venue are not contested.

**3.   PLEADINGS**: The following pleadings were allowed:

Plaintiff's Complaint and Answer of Defendant.

**4.   CONTENTIONS OF THE PARTIES**:

**(a)   Plaintiff's Contentions:**

The Plaintiff Eddie J. Haynes worked as a Firefighter for the Defendant City of Montgomery, Alabama, in its Fire Department from August 4, 1990, until he was involuntarily terminated effective June 14, 2006. At all times Mr. Haynes was fully capable of performing, and did perform all of the duties of a Montgomery Firefighter without difficulty and in a satisfactory manner. On March 15, 2005, Mr. Haynes was placed by the City on involuntary leave due to medications he was taking for Generalized Anxiety Disorder and was required to undergo a fitness for duty examination by the City's doctor. Despite the fact that Mr. Haynes was fully able to perform and was performing his job, was having no side effects from the medications, and presented letters from his treating physician stating that he was capable of working in his current capacity without restrictions, the City and its doctor refused to return him to work, continued him on involuntary, unpaid leave for over a year, and then terminated him effective June 14, 2006. Mr. Haynes contends the City violated the Americans with Disabilities Act by placing him on involuntary leave and then terminating him because it perceived him or regarded him as disabled, violated the Americans with Disabilities Act by exceeding the scope of a permissible medical examination or inquiry under the Act, and

continuing him on involuntary leave and later terminating him because of the examination and inquiry, and violated the Act by using qualifications standards that screen out or tend to screen out individuals with a disability and, as a result, placing Mr. Haynes on involuntary leave and later terminating him. Mr. Haynes seeks a declaratory judgment, a permanent injunction, reinstatement, an award of back pay and fringe benefits (plus interest on both awards), front pay, compensatory damages, an award of attorney's fees and expenses, and such other relief and benefits as the cause of justice may require.

    **(b)    Defendant's contentions:**

I.    NO VIOLATION OF AMERICANS WITH DISABILITIES ACT ("ADA").

The City of Montgomery did not violate the ADA with respect to Plaintiff Eddie Haynes. Eddie Haynes was a fire fighter. The NFPA standards provide guidelines for medical care for both candidates seeking to become a firefighter and incumbents currently performing the task of firefighter. Although NFPA standards subject firefighters to a higher fitness standard than other ADA plaintiffs due to potential dangers to themselves or the public at large, Haynes cannot show that he is limited in any major life activity.

    A.    HAYNES IS NOT AN INDIVIDUAL WITH A DISABILITY

Haynes has not identified any physical or mental impairment that will allow him to succeed as an individual with a disability protected by the ADA. Haynes does not have a physical or mental impairment that substantially limits or limited one or more of his major life activities nor is there a record of Haynes having a physical or mental impairment that substantially limited one or more of his major life activities.

    B.    HAYNES WAS NOT PERCEIVED AS DISABLED

Haynes cannot demonstrate that the City knew of an alleged impairment or even that the City mistakenly believed that Haynes had an impairment that substantially limited a major life activity. Haynes was never perceived to be disabled. The underlying condition that required medication was never at issue. Haynes submits no authority for his claim that possible medication side effects are an adequate basis for perceived disability as defined by ADA.

The only issue was whether the medications Haynes was using were permitted by NFPA standards. Haynes has not identified any physical or mental impairment that will allow him to succeed as an individual with a disability protected by the ADA. Haynes was not subjected to unlawful discrimination but subjected to the same rules as other members of the fire department. Haynes cannot demonstrate a prima facie case under the ADA showing that he is in the class of persons protected by the ADA.

C. TESTIMONY OF MARY HOUSE KESSLER

Haynes reliance on the testimony of Mary House Kessler is in error. Kessler but does not list NFPA standards as data considered in her opinion regarding Haynes being perceived as disabled by Dr. Turner. Kessler's testimony cannot refute Dr. Turner's knowledge of the fit for duty requirements as it relates to NFPA guidelines followed by the City of Montgomery Fire Department. The Fire Department follows national standards and applies the requirements equally to all firefighter candidates and incumbent firefighters.

D. FITNESS FOR DUTY IS JOB RELATED BUSINESS NECESSITY

The City has shown that the fit for duty examination challenged by Haynes was job-related for the position of firefighter and consistent with business necessity. Haynes requested to be relieved from one of his primary job duties. It was not until that time that he was required to undergo a

fitness for duty examination. The NFPA standards are the product of consultation between physicians and occupational specialists experienced with the demands and hazards of firefighting and have been prepared recognizing that state and federal disability discrimination laws exists. Dr. Turner based his evaluation on the fitness protocols and medical requirements of the NFPA standards which address essential job tasks that are applicable to fire service only

II.   NFPA FITNESS STANDARDS

Haynes submits nothing more than conclusory allegations to support his argument that Dr. Turner did not have to follow NFPA standards because the City had not adopted them all as mandatory. Chief Jordan has the statutory authority to promulgate the rules and regulations for fire department and has authorized the department follow the physical standards set out by the NFPA. The City may, and does, routinely utilize standards and rules that have not been made part of the City code.

The NFPA standards were the product of consultation between physicians and occupational specialists experienced with the demands and hazards of firefighting. Many of the standards developed by the NFPA are adopted by OSHA and state agencies. Under NFPA 1582, the standards employed by the department physician are objective and clear. The reasons for performing these medical evaluations are explicitly set out, further assisting the department physician in tailoring his assessment closely to the essential job duties of firefighters.

III.  HAYNES VOLUNTARILY RESIGNED OR ABANDONED HIS JOB

Haynes was put on leave in March 2005 and remained on leave until June 2006. The City wanted Haynes to be able to return to work as a firefighter but only if it was safe for him and the public to do so. Haynes was asked to have his personal physician contact Dr. Turner so the two

doctors could discuss all nine of the medications Haynes reported taking, versus the three Dr. Palmer mentioned in his letters. Haynes never complied with the City's request. Therefore Haynes was advised that if he failed to resolve Dr. Turner's concerns and return to work on May 22, 2006, that pursuant to Montgomery City-County Rules and Regulations, Rule IX, Section I, he would be considered to have resigned from his job as a firefighter. Haynes was deemed to have resigned by job abandonment on June 14, 2006.

    **5.**     **STIPULATIONS BY AND BETWEEN THE PARTIES**:

    A.     The Defendant City of Montgomery, Alabama is a municipal corporation within the State of Alabama and is an employer within the meaning of the Americans with Disabilities Act of 1990.

    B.     Plaintiff has fulfilled all conditions precedent to the institution of this action.

    C.     Plaintiff was employed by Defendant from April 4, 1990 until June 14, 2006 as a Firefighter in Defendant's Fire Department.

    D.     Initially, Plaintiff's leave was paid due to his accrued sick time, but beginning in May, 2005 his leave was unpaid.

It is ORDERED that:

    1.     The jury selection and trial of this case, which is to last 3-4 days, is set for March 24, 2008, at 10:00 a.m., in Courtroom 2-E of the Frank M. Johnson, Jr., United States Courthouse Complex, One Church Street, Montgomery, Alabama.

    2.     A trial docket will be mailed to counsel for each party approximately seven to ten days prior to the start of the trial term.

    3.     The parties shall file any requested voir dire questions, motions in limine fully

briefed, and proposed jury instructions and proposed verdict forms with legal citations thereon, on or before March 10, 2008.

4. The parties are not required to file trial briefs, but if they choose to do so, the briefs shall be filed on or before March 17, 2008.

5. Each party shall submit at the time of trial, for use by the court, four copies of the witness list, exhibit list, and notebook of pre-marked exhibits.

6. Each party shall submit at the time of trial eight copies of an exhibit notebook for the jury and one copy for opposing counsel.

7. The parties shall review and comply with the Middle District of Alabama's Order on the E-Government Act.

8. The parties shall notify chambers of the undersigned on or before March 7, 2008, regarding any mediation efforts undertaken.

9. The parties shall file additional joint stipulations on or before March 17, 2008.

10. All deadlines not otherwise affected by this order will remain as set forth in the Uniform Scheduling Order (Doc. # 6) entered by the court on February 6, 2007.

11. The parties have indicated that there are no other disputes at this time. All understandings, agreements, deadlines, and stipulations contained in this Order shall be binding on all parties unless modified by the court.

DONE this 21st day of February, 2008.

      /s/ W. Keith Watkins
    UNITED STATES DISTRICT JUDGE