UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| EDDIE J. HAYNES, | ) |
| | ) |
|     PLAINTIFF, | ) |
| | ) |
| vs. | ) CASE NO. 2:06-cv-1093-WKW |
| | ) |
| CITY OF MONTGOMERY, ALABAMA, | ) |
| | ) |
|     DEFENDANT. | ) |

### PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EXHIBITS

Comes now the Plaintiff, Eddie J. Haynes, and objects to the following exhibits contained on the Exhibit List of Defendants, on the following grounds:

"3. Gerald Miller letter dated May 12, 2005" – Plaintiff objects to this exhibit as furnished by Defendant as not being authentic and genuine under Rule 901 of the Federal Rules of Evidence. Plaintiff does not object to the letter itself but to one of the attachments attached to the letter, specifically the attachment labeled "Return to Work/School" dated July 27, 2005. This attachment obviously was not a part of the May 12, 2005 letter since it is dated subsequent to that letter. Plaintiff assumes Defendant's counsel attached that document to the letter in error. Plaintiff does not object to the letter with the correct attachments or to the letter without the attachments.

"6. Gerald Miller letter dated August 9, 2005" – Plaintiff objects to the exhibit as furnished on the ground that the exhibit is not genuine, authentic and complete under Rule 901 of the Federal Rules of Evidence. The exhibit as furnished contains one attachment to the letter, whereas the letter actually contained five attachments, specifically five separate release forms. Plaintiff assumes Defendant's counsel omitted the attachments in error.

1

Plaintiff does not object to the letter with the correct attachments or to the letter without the attachments.

"12. Memo from Captain B.S. Hackett to District Chief M.H. Stoudenmier dated February 24, 2005" – Plaintiff objects specifically to the following two sentences contained in said exhibit, as inadmissible hearsay and hearsay within hearsay under Rules 801 and 805 of the Federal Rules of Evidence: "I was told that he wrote a letter years ago that stated he was on medicine and did not need to drive the truck. This letter is not present in his file." To be clear, Plaintiff does not object to the entire exhibit, but only the two sentences cited, which are hearsay and hearsay within hearsay.

"14. Memo from District Chief D.S. Yelder to Assistant Chief C.E. Walker dated January 29, 2003" – Plaintiff objects to the following two sentences in said exhibit on the grounds that they are inadmissible hearsay and hearsay within hearsay under Rules 801 and 805 of the Federal Rules of Evidence: "On the above date at approximately 0815 hrs. Lt. R.L. Johnson notified me that F/F E.J. Haynes did not feel comfortable about driving the apparatus. He stated that F/F Haynes has been taking medication that may have an effect on his ability to operate the vehicle." To be clear, Plaintiff does not object to the entire exhibit, but only the two sentences cited.

"16. Kimberly Fehl letter dated December 13, 2007" – Plaintiff objects to this letter on the grounds that it is irrelevant (FRE 401 and 402), inadmissible hearsay (FRE 801) and is correspondence between counsel sent only three months ago, long after this case was filed and concerns discovery matters during the course of this case. The letter is protected and inadmissible under the work product privilege. The exhibit as furnished consists of the letter itself with no attachments or enclosures.

"17. Kimberly Fehl letter dated December 19, 2007" – Plaintiff objects to this letter on the grounds that it is irrelevant (FRE 401 and 402), inadmissible hearsay (FRE 801) and is correspondence between counsel sent only three months ago, long after this case was filed and concerns discovery matters during the course of this case.  The letter is protected and inadmissible under the work product privilege.  The exhibit as furnished consists of the letter itself with no attachments or enclosures.

/s/ Gerald L.  Miller
GERALD L.  MILLER (MIL039)
Attorney for Plaintiff

**OF COUNSEL:**
REDDEN, MILLS & CLARK, LLP
505 North 20th Street
940 Financial Center
Birmingham, Alabama 35203
(205) 322-0457

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of March, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Allison H.  Highley
Kimberly O.  Fehl
Assistant City Attorney
City of Montgomery
P.O. Box 1111
Montgomery, Alabama 36101-1111

/s/ Gerald L.  Miller
OF COUNSEL