UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| EDDIE J. HAYNES, | ) |
| | ) |
|     PLAINTIFF, | ) |
| | ) |
| vs. | ) CASE NO. 2:06-cv-1093-WKW |
| | ) |
| CITY OF MONTGOMERY, ALABAMA, | ) |
| | ) |
|     DEFENDANT. | ) |

**PLAINTIFF'S MOTION IN LIMINE WITH SUPPORTING
ARGUMENT AND MEMORANDUM**

Comes now the Plaintiff, Eddie J. Haynes, and moves the Court to enter an order in limine prohibiting the Defendant from introducing any testimony or evidence under Rules 701, 702, 703, or 704 of the Federal Rules of Evidence from Dr. Michael Turner, Fire Chief Miford Jordan or any other person, and prohibiting the Defendant from making any reference to such matters in the presence of the jury at the trial of this case. In support of this motion, Plaintiff presents the following argument:

    1.    Defendant may attempt to present expert opinion or other expert testimony through the testimony of Dr. Michael Turner, Fire Chief Miford Jordan, and other witnesses. For example, Defendant may seek to have Dr. Turner testify as an expert witness about certain medications and their effects, and about the meaning and requirements of the National Fire Protection Association (NFPA) provisions, etc. Additionally, Defendant may attempt to elicit expert testimony and expert opinion testimony from Fire Chief Miford Jordan and others concerning the meaning and interpretation of the NFPA and whether or

not the NFPA "standards" are widely used in fire departments throughout the United States, etc.

2.	The Uniform Scheduling Order entered in this case on February 6, 2007, more than a year ago, required Defendant to disclose the identity of any person who may be used at trial to present evidence under Rules 701, 702, 703, or 704 of the Federal Rules of Evidence by November 7, 2007. The Uniform Scheduling Order also ordered both parties to comply fully with all requirements of Rule 26(a)(2) in regard to disclosure of expert testimony. The Uniform Scheduling Order also provides, in its final sentence, "Unless this Order is modified by subsequent Order of the Court, the provisions hereinabove set out are binding on the parties."

3.	The Order on Pretrial Hearing entered in this case on February 21, 2008 provided that this deadline, as well as other deadlines, set forth in the Uniform Scheduling Order remain in effect, and that all deadlines contained in the Pretrial Order are binding on all parties unless modified by the Court.

4.	On October 8, 2007 Plaintiff timely filed Plaintiff's Expert Witness Disclosure, disclosing Dr. Michael Turner, among others, as persons through whom the Plaintiff may present expert testimony. Plaintiff has taken the deposition of Dr. Turner and expects to read that deposition into evidence in Plaintiff's case in chief. Plaintiff intends to offer Dr. Turner's testimony primarily to show the cursory nature of the medical examinations he gave the Plaintiff, and the lack of focus by Dr. Turner on Plaintiff's present ability to do his job.

Dr. Turner did <u>not</u> testify about the specific provisions of the NFPA in his deposition.

5.     Defendant did not disclose any expert witnesses in accordance with the Orders of this Court and the provisions of Rule 26(a)(2) of the Federal Rules of Civil Procedure.

6.     Defendant, having failed to disclose any persons who may offer expert testimony in accordance with Rule 26(a)(2) and the Orders of this Court, is precluded from offering such evidence.  Federal Rules of Civil Procedure 37(c)(1), <u>See</u> <u>Corwin v. Walt Disney Company</u>, 475 F.3d 1239, 1252 (11th Cir. 2007); <u>Prieto v. Malgor</u>, 361 F.3d 1313, 1318 (11th Cir. 2004); <u>F.T.C. v. Capital Choice Consumer Credit, Inc.</u>, 157 Fed. Appx. 248, 250 (11th Cir. 2005).  Defendants are free to call Dr. Turner, Chief Jordan, and others as fact witnesses, but Defendant may not elicit expert opinions or other expert testimony from them.

7.     In addition, expert testimony of Dr. Michael Turner, Chief Jordan, and any other employee of the Montgomery Fire Department concerning the meaning and interpretation of the NFPA and whether it is widely used in fire departments across the country should be excluded because such witnesses have not been shown to be qualified as experts with regard to such matters.  The admissibility of such testimony is governed by the principles of Rule 104(a) of the Federal Rules of Evidence and <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993) and <u>Kumho Tire Co. v. Carmichael</u>, 526 U.S. 137 (1999).  <u>See</u> comments to 2000 Amendments to Rule 702.  The City has the burden of establishing the pertinent admissibility requirements by a preponderance of the evidence.

Bourjaily v. United States, 483 U.S. 171 (1987).

        /s/ Gerald L. Miller
        GERALD L. MILLER (MIL039)
        Attorney for Plaintiff

**OF COUNSEL:**
REDDEN, MILLS & CLARK, LLP
505 North 20th Street
940 Financial Center
Birmingham, Alabama 35203
(205) 322-0457

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of March, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Allison H. Highley
Kimberly O. Fehl
Assistant City Attorney
City of Montgomery
P.O. Box 1111
Montgomery, Alabama 36101-1111

        /s/ Gerald L. Miller
        OF COUNSEL