**UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **EDDIE J. HAYNES,** | ) |
| | ) |
| **PLAINTIFF,** | ) |
| | ) |
| **vs.** | )**CASE NO. 2:06-cv-1093-WKW** |
| | ) |
| **CITY OF MONTGOMERY, ALABAMA,** | ) |
| | ) |
| **DEFENDANT.** | ) |

## PLAINTIFF'S REQUESTED JURY INSTRUCTIONS

Comes now the Plaintiff, Eddie J.  Haynes, and requests that the Court include the

following charges in its oral charge to the jury at the conclusion of all the evidence:

**Plaintiff's Requested Jury Instruction No. __1__**
**<u>Stipulations and Other Evidence</u>**

When the attorneys on both sides stipulate or agree as to the existence of a fact, the jury must, unless otherwise instructed, accept the stipulation and regard that fact as proved.

Unless you are otherwise instructed, the evidence in the case always consists of the sworn testimony of the witnesses, regardless of who may have called them; all exhibits received as evidence, regardless of who may have produced them; and all facts which may have been judicially noticed.

Any evidence as to which an objection was sustained by the court, and any evidence ordered stricken by the court, must be entirely disregarded.

Unless you are otherwise instructed, anything you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

**Plaintiff's Requested Jury Instruction No.  2**
**<u>Answers to Interrogatories</u>**

Mr. Haynes has introduced into evidence certain interrogatories -- that is, questions, together with answers signed and sworn to by the City.  The City is bound by their sworn answers.

By introducing an opposing party's answers to interrogatories, however, Mr. Haynes does not bind himself to these answers, and may challenge them in whole or in part or may offer contrary evidence.

**Plaintiff's Requested Jury Instruction No.   3  
Depositions**

During the trial of this case, certain testimony of Dr.  Michael Turner was presented to you by way of deposition, consisting of sworn recorded answers to questions asked of the witness in advance of the trial by the attorneys for the parties to the case.  Such testimony is entitled to the same consideration, and is to be judged as to credibility, and weighed, and otherwise considered by the jury, in so far as possible, in the same way as if the witness had been present, and had testified from the witness stand.

**Plaintiff's Requested Jury Instruction No.  4
Burden of Proof**

This is a civil case, involving claims of disability discrimination.  Eddie Haynes, who is the plaintiff, is the party who is asserting those claims against the defendant, the City of Montgomery, Alabama. He has the burden of proving the elements of each of his claims by a preponderance of the evidence. However, as I shall instruct you, there are times when the burden will shift to the Defendant to prove its affirmative defenses. In that case, it is the Defendant who must prove its defense by the preponderance of the evidence.

To prove a preponderance of the evidence means to prove that something is more likely so than not so. In other words, a preponderance of the evidence means such evidence as, when considered and compared to that opposed to it, has more convincing force and produces in your mind a belief that what is sought to be proved is more likely true than not true. A preponderance of the evidence is established if the weight of the evidence is — however slight --more than the weight of the evidence opposing it.

Imagine, if you will, a scale with Mr.  Haynes' evidence as to each of his claims on one side and the Defendant's evidence on the other side. If the scales are exactly even, you should find for the Defendant. If, on the other hand, the evidence on Mr.  Haynes' side tips the scale in his favor, even to the slightest degree, he has met his burden of proving the claim by a preponderance of the evidence, and you should find in his favor. If he fails to establish any essential element of any of his claims, you should find in the City's favor as to that claim.

**Sources:**     *US Airways, Inc. v. Barnett, 535* U.S. 391, 401-02 (2002); *Skerski v. Time Warner Cable Co.,* 257 F.3d 273, 284 (3d Cir. 2001); 3C Kevin F. O'Malley, *et al., Federal Jury Practice and Instructions - Civil* §§ 171.60, 171.61, 172.51 (5th ed. 2001).

**Plaintiff's Requested Jury Instruction No.  5**
**Purpose of the Americans with Disabilities Act**

The purpose of the Americans with Disabilities Act of 1990 ("ADA") is to eliminate employment discrimination against individuals with disabilities. In addition, the ADA makes it unlawful for an employer to discriminate against an employee because the person is perceived as having or regarded as having, a disability, as well as those who have been misclassified as having disabilities. This is because Congress was concerned about protecting people from discrimination based on "myths, fears and stereotypes" about disability, as this may result in the denial of job opportunities to people who do not have a disability, but who are treated by others as if they do. As both Congress and the United States Supreme Court have stated, "Myths and fears about disability and disease are as handicapping as are the physical limitations that flow from actual impairments."

**Source:**    **42 U.S.C.** § 12112, EEOC Technical Assistance Manual on Title I of ADA; *School Board of Nassau County v. Arline,* 480 U.S. 273 (1987); *Williams v. Philadelphia Housing Authority,* 2004 U.S. App. LEXIS 18151, n.6; *Van Zande v. State of Wisconsin,* 44 F.3d 538 (7th Cir. 1995).

**Plaintiff's Requested Jury Instruction No.  6 **
**Summary of Plaintiff's Claims**

In this case, Mr. Haynes claims that the City of Montgomery violated the ADA in three separate ways. You may find in favor of Mr. Haynes on one, some, or none of his claims.

First, Mr. Haynes claims that the City discriminated against him by placing him on involuntary leave, refusing to allow him to come back to work, and then terminating him because it perceived or regarded him as having a disability, specifically, possible side effects from medication he took for Generalized Anxiety Disorder. A claim, such as this one, that an employer takes an adverse employment action against an employee, because of a person's disability, is called a "disparate treatment" claim.

As I will instruct you, persons who are perceived or regarded as having disabilities are considered to be "persons with disabilities" who are protected by the ADA. This law provides equal protection to those who are perceived as having disabilities and those who have actual disabilities.

With regard to this first claim, the City denies that it regarded Mr. Haynes as having a "disability" as defined by the ADA. The City also contends that it did not discriminate against Mr. Haynes because of a disability when it placed him on involuntary leave. The City contends that Mr. Haynes was not qualified to perform his job, and was not terminated but instead abandoned his job.

Second, Mr. Haynes claims that the City discriminated against him by requiring him to undergo medical examinations, specifically fitness for duty examinations on March 31,

2005 and May 25, 2006, which were not job-related and consistent with business necessity. Mr. Haynes contends the fitness for duty exams exceeded the scope allowed by the ADA because they were not restricted to his present ability to perform his job. The City denies this claim and contends the examinations were job-related and consistent with business necessity.

Third and finally, Mr. Haynes claims that the City violated the ADA by using qualification standards that screen out or tend to screen out persons with disabilities. The ADA makes such standards unlawful unless they are job-related for the job in question and consistent with business necessity. Mr. Haynes contends the blanket exclusion used by Dr. Turner violated the ADA because it excludes persons who have the actual ability to do the job of Firefighter. The City denies this claim and contends the standards used were job-related and consistent with business necessity.

**Plaintiff's Requested Jury Instruction No. _7_**
**Americans With Disabilities Act (Disparate Treatment Claim)**

In his first claim, the Plaintiff Eddie Haynes claims that the Defendant City of Montgomery discriminated against him by placing him on leave and then terminating his employment because the City regarded him as having a "disability" within the meaning of a federal law known as the Americans with Disabilities Act (the ADA).

The Defendant denies that it discriminated against the Plaintiff in any way.

Under the ADA, it is unlawful for an employer to discharge or otherwise discriminate against an employee because of that employee's disability or its perception of an employee's disability even if the employee does not truly have a "disability" if the employee is qualified to do the job.

In order to prevail on this claim the Plaintiff must prove each of the following facts by a preponderance of the evidence:

> First:    That the Plaintiff was regarded as having a "disability," as hereafter defined;
>
> Second:    That the Plaintiff was a "qualified individual," as hereafter defined;
>
> Third:    That the Plaintiff was placed on leave and/or discharged from employment by the Defendant; and
>
> Fourth:    That the Plaintiff's perceived disability was a substantial or motivating factor that prompted the Defendant to take that action.

In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning these factual issues.

*Eleventh Circuit Pattern Jury Instructions (Civil) 2005*, §1.5.1 (modified for "regarded as" claim)

**Plaintiff's Requested Jury Instruction No.  8  
Definition of "Disability"**

The first fact that the Plaintiff must prove by a preponderance of the evidence is that he was regarded by the City as a person who had a "disability." An individual with a "disability" is a person who has a physical or mental impairment that substantially limits one or more major life activities or a person who is "regarded" as having such an impairment or a person who has a record of having such an impairment.  In this case, Mr. Haynes does not claim to have a disability and does not have to prove that he was disabled, but only that the City "regarded" him as a person who had a disability.

A "major life activity" refers to those activities that are of central importance to daily life as distinguished from tasks associated with a particular job. Examples of major life activities are caring for oneself, performing manual tasks around the home, walking, talking, seeing, hearing, breathing, learning, and essential capabilities necessary for working in a broad class of jobs.

The term "substantially" means considerable or to a large extent, and does not include an impairment that interferes in only a minor way with one or more major life activities.

If a person is taking measures to correct for, or mitigate, a physical or mental impairment, the effect of those measures - - both positive and negative - - must be taken into account when judging whether that person is substantially limited in a major life activity.

"To be regarded" as having such an impairment means a person who: (1) has a physical or mental impairment that does not substantially limit major life activities but is treated by an employer as having such a limitation; (2) has a physical or mental impairment that substantially limits major life activities only as a result of the attitudes of others toward such impairment; or (3) does not have an impairment but is treated by an employer as having

a substantially limiting impairment.

Plaintiff has alleged that the Defendant regarded him as substantially limited in his ability to work. Working is a major life activity; however, an inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working. Indeed, an individual is substantially limited in the major life activity of working only if he is significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills, and abilities, or the Defendant regarded him as so significantly restricted.

In deciding whether the Plaintiff's perceived impairment substantially limited his ability to work, you may consider: (1) the geographical area to which the individual has reasonable access; (2) the number and types of jobs, if any, utilizing similar training, knowledge, skill or abilities, within that geographical area, from which the individual is also disqualified because of the perceived impairment; and (3) the number and types of jobs, if any, not utilizing similar training, knowledge, skills or abilities, within that geographical area from which the individual is also disqualified because of the perceived impairment.

*Eleventh Circuit Pattern Jury Instructions (Civil) 2005*, §1.5.1 (modified for "regarded as" claim)

**Plaintiff's Requested Jury Instruction No.  9**
**Definition of "Qualified"**

The second fact that Mr. Haynes must prove by a preponderance of the evidence is that he was "qualified" for the job in question at the time of the challenged employment decision. The ADA does not require an employer to hire or retain or promote an individual who cannot perform the job.

In order to prove that he was qualified, Mr. Haynes must establish: (1) that he possessed the requisite skill, experience, education and other job-related requirements of the job in question; and (2) that he was capable of performing all of the essential functions of the job in question, with or without reasonable accommodation by Plaintiff's employer.

The essential functions of a position are the fundamental job duties of that position. The term "essential functions" does not include the marginal functions of the position. A job duty or function may be considered essential because, among other things, one of the reasons the job exists is to perform that function; or because there are a limited number of employees available among whom the performance of that job function can be distributed; or because the function is highly specialized and the incumbent in the position was hired for his or her expertise or ability to perform that particular function. Evidence of whether a particular function is essential includes, but is not limited to, the employer's own judgment as to which functions are essential; the existence of written job descriptions prepared before advertising or interviewing applicants for the job; the amount of time spent on the job performing the function; the consequences of not requiring the incumbent to perform the function; the terms of a collective bargaining agreement, if applicable; the work experience of past incumbents in the job; and/or the current work experience of incumbents in similar jobs.

*Eleventh Circuit Pattern Jury Instructions (Civil) 2005*, §1.5.1

**Plaintiff's Requested Jury Instruction No.  10  **
**Definition of "Substantial Or Motivating Factor"**

Finally, Mr. Haynes must prove that the City's perception of him as "disabled" was a substantial or motivating factor that prompted the Defendant to take the challenged employment action.

It is not necessary for the Plaintiff to prove that disability was the sole or exclusive reason for the Defendant's decision. It is sufficient if the Plaintiff proves that the alleged perception of a disability was a determining factor that made a difference in the employer's decision.

You should be mindful, however, that the law applicable to this case requires only that an employer not discriminate against an employee because of the employee's disability. So far as you are concerned in this case, an employer may discharge or otherwise adversely affect an employee for any other reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the employee to lead you to substitute your own judgment for that of the Defendant even though you personally may not approve of the action taken and would have acted differently under the circumstances.

*Eleventh Circuit Pattern Jury Instructions (Civil) 2005*, §1.5.1 (modified for "regarded as" claim)

**Plaintiff's Requested Jury Instruction No.   11  **
**Issues Between the Parties (Disparate Treatment Claim)**

The parties agree that the City's decision to place Mr. Haynes on involuntary leave and refusal to allow him to come back to work was because of medications he was taking. Therefore, you do not need to decide whether the City placed Mr. Haynes on leave and prevented Mr. Haynes from returning to work because of his medication. The City admits that there was no other reason for its action.

There are factual disputes between the parties, however, as to whether the City's action violated the ADA. First, there is a dispute about whether Mr. Haynes had a perceived "disability" as that term is defined by the ADA. Second, there is a dispute about whether he was qualified to perform the essential functions of his position during the period at issue — City of Montgomery Firefighter. Third, there is a dispute about whether Mr. Haynes was terminated or instead whether he abandoned his job. You will have to decide these three questions.

**Sources:**     **42 U.S.C.** § 12112; *Watson v. Southeastern Pennsylvania Transp. Auth.,* 207 F.3d 207, 213 n.4 (3d Cir. 2000); *Taylor v. Phoenixville School Dist.,* 184 F.3d 296, 306 (3d Cir. *1999); **3C Kevin F.** O*Malley, *et al., Federal Jury Practice and Instructions - Civil* § 172.01(5th ed. 2001).

**Plaintiff's Requested Jury Instruction No.  12**
**Present Ability**

The determination of whether an employee could perform the essential functions of the job must be made at the time of the employment decision. The decision may not be based on the fear that an employee may become unable to perform his employment duties in the future or that he may cause increased health insurance premiums or worker's compensation costs.

**29 C.F.R. pt. 1630 app., § 1630.2(m).**

**Plaintiff's Requested Jury Instruction No.   13   **
**Dispute as to "Qualified"**

In this case, there is no dispute that Mr.  Haynes had the requisite skill, experience,

education and other job-related requirements for the Firefighter job since he was hired for

that position and performed those job duties for a number of years. The only issue then is,

whether, after he began taking medication, he could perform the essential functions of the

Firefighter job with or without reasonable accommodation.


**Sources: 42 U.S.C.** § 12111(8); 3C Kevin F. O*Malley, *et al., Federal Jury Practice and*
*Instructions - Civil* § 172.31 (5th ed. 2001).

**Plaintiff's Requested Jury Instruction No.  14**
**<u>Necessity of Individualized Inquiry</u>**

The Americans with Disabilities Act mandates an individualized inquiry in determining whether an employee's disability or other condition disqualifies him from a particular position.  The employer must conduct an individualized inquiry into the employee's actual medical condition, and the impact, if any, the condition might have on that employee's ability to perform the job in question.

**Sources:**    <u>Holiday v.  City of Chattanooga</u>, 206 F.3d 637, 643 (6th Cir.  2000).

**Plaintiff's Requested Jury Instruction No.   15   **
**Nature of a "Regarded as" or "Perceived" Claim**

Mr. Haynes does not rest his claims on the definition of actual disability under the ADA. Rather, he contends that the City regarded him as having an impairment, that is, possible side effects from medication, which it considered to have a substantially limiting impact on one or more of his major life activities.

You should not draw any negative inferences from the fact that Mr. Haynes' claims are not based on an actual disability. It is important to understand that the ADA protects persons who have records of disabilities or who are regarded or perceived as having disabilities -- even if they do not and never had actual disabilities -- to the same extent as it protects persons with actual disabilities. By prohibiting employment decisions based on records of disability, misclassifications as such, or perceptions of disability, the ADA seeks to prevent employment decisions based on stereotype, fears, or misconceptions based on such things as unsubstantiated concerns about productivity, safety, liability, attendance, and insurance costs.

29 C.F.R. pt. 1630 app., §1630.2(1)

**Plaintiff's Requested Jury Instruction No.   16   
Misperceptions**


An innocent misperception based on nothing more than a mistake of fact as to the severity, or even the existence, of an individual's impairment can be sufficient to satisfy the statutory definition of a perceived disability.


**Source:**    Bragdon v. Abbott, 524 U.S. 624, 649 (1998); Lowe v. Alabama Power Company, 244 F.3d 1305 (11th Cir. 2001); Taylor v. Pathmark, 177 F.3d 180, 190-92 (3rd Cir. 1999).

**Plaintiff's Requested Jury Instruction No.   17   **
**Misperception as to Working**

With regard to whether a person has a substantial limitation in the major life activity of "working", you must determine whether Mr.  Haynes was perceived by the City as significantly restricted in the ability to perform *either* a class of jobs *or* a broad range of jobs in various classes as compared to the average person having comparable training, skills, and abilities. Proof of either is enough to establish that the person has or is perceived as having a substantial limitation in the major life activity of working.

The question is *not* whether the City perceived Mr.  Haynes as being incapable of performing any work. Moreover, Mr.  Haynes* actual capabilities at the time are not relevant. The only question before you is whether the City*s perception of Mr.  Haynes  would, if accurate, constitute a significant barrier to his employment.

Additionally, Mr.  Haynes does not have to show that employers other than the City share the same misperception about his perceived impairment. You must determine how the City perceived him. Whether the City misperceived Mr.  Haynes as having a disability is the only relevant question for you to consider.

**Sources:**      **42 U.S.C.** § 12102(2); 29 C.F.R. § 1630.2(l)*;Sutton v. United Airlines, Inc.,* 527 U.S. 471, 483 *(1999);School Bd. of Arline County v. Airline,* 480 U.S. 273, 279 (1987); *Williams v. Philadelphia Housing Authority,* 2004 U.S. App. LEXIS 18151, at2S, 43; *Otto v. J.C. Penny,* 223 F.3d 704 (8th Cir. 2000); *Deane v. Pocono Medical Center,* 142 F.3d 138, 143-45 (3d Cir. 1998); *Mondelewski v. Pathmark Stores,* 162 F.3d 778, 785 (3rd Cir. 1998); Kevin F. O*Malley, *et al., Federal Jury Practice and Instructions- Civil~ 172.34, 172.35,* 172.36 (5th ed. 2001); *Manual of Model Civil Jury Instructions for the District Courts of the Eighth Circuit,* Instruction No. 5.52C (2001).

**Plaintiff's Requested Jury Instruction No. __18__**
**Reliance on Doctor**

The City claims that it relied on its doctor, Dr. Turner, to determine whether Mr. Haynes was qualified to return to work. You must consider whether the City's reliance on Dr. Turner's reports was reasonable under the circumstances. An employer can reasonably rely on a physician's opinion when it is based on an individualized examination of the employee's condition and is supported by the most current medical knowledge and the best available objective evidence. A physician's opinion that is based on preconceived notions of a person with a purported disability and made without an individualized examination of the person is not a reasonable basis for an employment decision. In other words, unreasonable reliance on a physician's opinion demonstrates that discrimination -- that is the perception of disability -- is the determining factor for the adverse action.

**Sources:**    *Lowe v. Alabama Power Company*, 244 F.3d 1305 (11th Cir. 2001); *Taylor v. Pathmark,* 177 F.3d 180, 190-92(3rd Cir. *1999); Skerski v. Time Warner Cable Co.,* 257 F.3d 273, 279 (3d Cir. 2001); *Gillen v. Fallon Ambulance Service, Inc.,* 283 F.3d 11, 31-32 (1st Cir. 2002); *Holiday v. City of Chattanooga,* 206 F.3d 637, 643-45 (6th Cir. 2000); *Nesser v. Trans World Airlines, Inc.,* 160 F.3d 442, 445-46 (8th Cir. 1998); 3C Kevin F. O'Malley, *et al., Federal Jury Practice and Instructions - Civil* § § 172.31, 172.33 (5th ed. 2001).

**Plaintiff's Requested Jury Instruction No.   19
Summary of Disparate Treatment Claim**

In sum, you must return a verdict in favor of Mr. Haynes on his disparate treatment claim if you find that he was regarded as having a disability and he was qualified to perform the job of a Firefighter, either with or without a reasonable accommodation.

You must return a verdict in favor of the City on Mr. Haynes' disparate treatment claim if you find that the City did not perceive Mr. Haynes as having a disability *or* if you find that Mr. Haynes was not qualified to perform his job as a Firefighter, with or without a reasonable accommodation.

## Plaintiff's Requested Jury Instruction No.   20
## Medical Examinations Claim

The second claim of Mr. Haynes can be referred to as a medical examinations claim. Mr. Haynes claims that the City discriminated against him by requiring him to undergo medical examinations, specifically fitness for duty examinations on March 31, 2005 and May 25, 2006, which were not job-related and consistent with business necessity.

Under the ADA, it is unlawful for an employer to require an employee to undergo a medical examination as to whether such employee is an individual with a disability or as to the nature or severity of the disability, unless such an examination or inquiry is shown to be job-related and consistent with business necessity.

In order to prevail on this claim Mr. Haynes must prove by a preponderance of the evidence that the City required him to undergo a medical examination as to whether he was disabled or as to the nature or severity of his disability; and, as a direct result, he was placed on leave, or prevented from returning to work, or terminated from his employment.

If you find those facts by a preponderance of the evidence, your verdict on this claim must be for the Plaintiff, unless you also find that the City has proved by a preponderance of the evidence that the medical examinations were job-related and consistent with business necessity.

In order to prove this affirmative defense, the City must prove by a preponderance of the evidence that the medical examination was limited to discovering whether Mr. Haynes had the present ability to perform the essential functions of his job.

**Sources:**     *Lowe v. Alabama Power Co.*, 244 F.3d 1305 (11th Cir. 2001); *Sullivan v. River Valley School District*, 197 F.3d 804, 811-12 (11th Cir. 1999), <u>cert. denied</u>, 530 U.S. 1262 (2000); *Riechmann v. Cutler-Hammer, Inc.,* 95 F.Supp. 2d. 1171, 1185-87 (D.Kan. 2000); *Belk v. Southwestern Bell Telephone Co.*, 194 F.3d 946, 951 (8th Cir. 1999); *Tice v. Centre Area Transportation Authority*, 247 F.3d 506, 515 (3rd Cir. 2001).

**Plaintiff's Requested Jury Instruction No.  21**
**Qualifications Standards Claim**

The third claim of Mr.  Haynes is that the City violated the ADA by using qualification standards that screen out or tend to screen out persons with disabilities.

Under the ADA, it is unlawful for an employer to use qualifications standards that screen out or tend to screen out an individual with a disability unless the standard is shown to be job-related for the position in question and is consistent with business necessity.

In order to prevail on this claim, Mr.  Haynes must prove by a preponderance of the evidence that the City used a qualifications standard that screens out or tends to screen out individuals with a disability and, as a direct result, he was placed on leave, or prevented from returning to work, or terminated from his employment.

If you find these facts have been proved, your verdict on this claim must be for Mr. Haynes on this claim, unless you also find that the City has proved the affirmative defense of job-relatedness and business necessity by a preponderance of the evidence.

In order to prove this defense, the City must prove by a preponderance of the evidence that the qualification standard used by Dr.  Turner and the City was based on the actual ability of Mr.  Haynes to perform the job and the standard was uniformly applied.

**Sources:**    42 U.S.C. § 12112(b)(6); 29 CFR §1630.2(q); 29 CFR App., §1630.10.

**Plaintiff's Requested Jury Instruction No.  22**
**Damages**

If you find in favor of Mr. Haynes and against the City, on any of his three claims, you must then decide the issue of Mr. Haynes' damages.

In considering the issue of the Plaintiff's damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendant. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury - - tangible and intangible. Thus, no evidence of the value of such intangible things as emotional pain and mental anguish has been or need be introduced. In that respect it is not value you are trying to determine, but an amount that will fairly compensate the Plaintiff for those claims of damage. There is no exact standard to be applied; any such award should be fair and just in the light of the evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

      (a)     Net lost wages and benefits to the date of trial;

      (b)     Emotional pain and mental anguish.

*Eleventh Circuit Pattern Jury Instructions (Civil) 2005*, §1.5.1

**Plaintiff's Requested Jury Instruction No.  23**
**Actual Damages**

      If you find that Mr.  Haynes has proved any one of his three claims, then you must award Mr.  Haynes such amount as you find by the preponderance of the evidence will fairly and justly compensate him for any wage loss and damages he suffered as a direct result of the City's violation of the law.  Mr.  Haynes' claim for relief has two distinct components -- back pay and other wage-related benefits and compensatory damages. You must consider each separately.

**Source:**      *Manual of Model Civil Jury Instructions for the District Courts of the Eighth Circuit,* Instruction No, 5.02 (2001).

**Plaintiff's Requested Jury Instruction No.   24  **
**<u>Back Pay</u>**

First, you must determine the amount of "back pay" to award Mr.  Haynes. "Back pay" is the amount that reasonably compensates Mr.  Haynes for any lost wages and employment benefits from the time he was placed on leave through the date of your verdict, taking into consideration any increases in salary and benefits, that Mr.  Haynes would have received had he been allowed to work. You must reduce any back pay award by the amount of any earnings and related benefits he actually received during that period. In determining back pay and damages, all uncertainties are to be resolved in favor of the injured party, Mr. Haynes.

**Source:**     **3C Kevin F.  O'Malley,** *et al., Federal Jury Practice and Instructions -Civil*
§ 172.71 (5th ed. 2001).

**Plaintiff's Requested Jury Instruction No. _25_**
**<u>Back Pay Not Reduced by Taxes</u>**

You must not deduct from Mr. Haynes' back pay the taxes he would have had to pay on his salary if he had not been placed on leave, since Mr. Haynes will be required to pay taxes on the amount you award as back pay. Otherwise, he will have effectively been taxed twice on that back pay.

**Source:**    *Equal Employment Opportunity Commission v. Kentucky State Police Department,* 80 F.3d 1086, 1100 (6th Cir. 1996).

/s/ Gerald L.  Miller
GERALD L.  MILLER (MIL039)
Attorney for Plaintiff


**OF COUNSEL:**
REDDEN, MILLS & CLARK, LLP
505 North 20th Street
940 Financial Center
Birmingham, Alabama 35203
(205) 322-0457


## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of March, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Allison H.  Highley
Kimberly O.  Fehl
Assistant City Attorney
City of Montgomery
P.O. Box 1111
Montgomery, Alabama 36101-1111


/s/ Gerald L.  Miller
OF COUNSEL