UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **EDDIE J. HAYNES,** | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| vs. | ) CASE NO. 2:06-cv-1093-WKW |
| | ) |
| **CITY OF MONTGOMERY, ALABAMA,** | ) |
| | ) |
| DEFENDANT. | ) |

**PLAINTIFF'S SECOND MOTION IN LIMINE WITH
SUPPORTING ARGUMENT AND MEMORANDUM**

Comes now the Plaintiff, Eddie J. Haynes, and moves the Court to enter an Order in limine prohibiting the Defendant from introducing any evidence of the following matters, and making any reference to the following matters in the presence of the jury at the trial of this case. Plaintiff's argument and memorandum follows the statement of each matter sought to be excluded.

1. <u>That the National Fire Protection Association (NFPA) guidelines or "standards" supercede or take precedence over the provisions of the Americans with Disabilities Act.</u>

It is undisputed that the NFPA is not a governmental regulatory body and its publications or pronouncements do not have the force or effect of law. It requires no citation to authority to know that NFPA pronouncements do not and cannot supercede federal law as expressed by the Americans with Disabilities Act.

2. <u>That the City of Montgomery or Montgomery Fire Department is "required" by the NFPA to exclude persons taking certain medications from employment as a firefighter or from driving a firetruck or working on the fire line, or taking any other action.</u>

As noted above, pronouncements from the NFPA cannot supercede the ADA.

Further, the City in its Answers to Interrogatories in this case has admitted that it has not adopted the NFPA but simply looks to the NFPA as a source for best practices. <u>See</u> City's Response to Interrogatory Number Four in Defendant's Amended Response to Plaintiff's First Interrogatories (Plaintiff's Exhibit Four to Plaintiff's Evidentiary Submission in Opposition to Defendant's Motion for Summary Judgment). Therefore, any testimony, argument, or suggestion that the NFPA "requires" the City to do anything would be misleading to the jury and would have no basis in fact or law.

/s/ Gerald L. Miller
GERALD L. MILLER (MIL039)
Attorney for Plaintiff

**OF COUNSEL:**
REDDEN, MILLS & CLARK, LLP
505 North 20th Street
940 Financial Center
Birmingham, Alabama 35203
(205) 322-0457

**CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of March, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Allison H. Highley
Kimberly O. Fehl
Assistant City Attorney
City of Montgomery
P.O. Box 1111
Montgomery, Alabama 36101-1111

/s/ Gerald L. Miller
OF COUNSEL