IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| EDDIE J. HAYNES,           ) | |
|     Plaintiff,           ) | |
| ) | |
| v.           ) | CASE NO.   2:06cv1093-WKW |
| ) | |
| CITY OF MONTGOMERY,           ) | |
| ALABAMA           ) | |
| ) | |
|     Defendant.           ) | |

### DEFENDANT'S OBJECTIONS TO PLAINTIFF'S
### EXHIBIT LIST, WITNESS LIST AND DEPOSITION DESIGNATIONS

Pursuant to Plaintiff's Contentions in the Order on Pretrial Hearing (Doc. 38), the issues remaining for trial are whether: (1) the City of Montgomery perceived or regarded Eddie Haynes as disabled as defined by the Americans with Disabilities Act; (2) terminated him; (3) exceeded a permissible medical examination; (4) used qualification standards that screen our individuals with a disability and (5) damages.  Based on the foregoing and the *Federal Rules of Evidence*, Defendant City of Montgomery, respectfully submits the following objections to Plaintiff's Exhibit List, Witness List and Deposition Designations (Doc. 40).

### I. EXHIBIT LIST

1.	Plaintiff's Exhibits 4 and 5, Annual Merit Appraisal Forms, and Plaintiff's Exhibit 7, an Employee Commendation Record, are not relevant and should be excluded at trial under FRE 402. Haynes' job performance does not have any tendency to make more or less likely that the City perceived him as disabled. Whether Haynes did a good job over the years has no bearing on any fact of consequence in this action, and all related evidence should be excluded.

2.	Plaintiff's Exhibit 8, Memo to Sgt. Hartwell from Eddie J. Haynes, re: Character

Commits, is not relevant and should be excluded at trial under FRE 402. The memorandum describes an incident where Haynes told Hartwell that Captain Hackett had been spreading a rumor about Hartwell sneaking ladies in the back door of the fire station. Presumably, Haynes intends to use this memo as evidence of retaliation, but retaliation is not at issue here. Therefore, this memorandum should be excluded as irrelevant.

3.   Plaintiff's Exhibits 14 through 18 and Exhibits 61 through 64, all relate to drug screening results for Haynes. The subject drug screenings tested for drugs like cocaine and not for the particular medications Haynes reported he was taking. As such, these test results are completely irrelevant because the City has never averred that Haynes was using illegal drugs. These exhibits should be excluded under FRE 402. If this Court determines that these test results are somehow relevant, then they should be excluded under FRE 403 because they are likely to cause confusion of the issues and mislead the jury. Plaintiff intends to use these negative drug screens to show that Haynes did not have drugs in his system when tested, with the implication that he was not on any drugs while on the job. These test results only show that Haynes was not using certain illegal drugs. Because a jury is likely to be mislead by this evidence, these exhibits should be excluded under FRE 403.

4.   Plaintiff's Exhibits 23 through 28 all relate to Haynes' application for unemployment benefits and are not relevant to the issues in this case. The documents indicate that Haynes was unsuccessful in obtaining benefits at that time, so they are not relevant to the issue of damages. These exhibits do not have any tendency to make more or less likely that the City perceived him as disabled. Therefore, these exhibits are not relevant to any fact of consequence in this action and should be excluded under FRE 402. Further, all statements by Drs. Clemmie Palmer, Thomas Wells and Theresa Brown contained in these exhibits are inadmissible hearsay not falling within any

exception and should be excluded under FRE 802.

5.  Plaintiff's Exhibit 48, office records of Dr. Clemmie Palmer, is not relevant as to damages nor does it have any tendency to make more or less likely that the City perceived Haynes as disabled. There is no indication that the City ever received Dr. Palmer's office records or that the City considered Dr. Palmer's records in its employment decisions regarding Haynes. Therefore, this exhibit should be excluded under FRE 402.

6.  Defendant has addressed its objections to Plaintiff's Exhibits 50 and 51 in a motion in limine filed separately herein.

7.  Plaintiff's Exhibit 53 is illegible and therefore, under FRE 1002 and 1003, Plaintiff should be required to submit the original because it would be unfair to admit this duplicate.

8.  Plaintiff's Exhibits 6, 10, 21, 48, 58, 59 and 65, and Exhibit 52 to the extent Exhibit 52 contains correspondence and records from Dr. Palmer, should be excluded. These exhibits contain inadmissible hearsay and cannot be used to prove the truth of the matters asserted therein. Therefore these exhibits should be excluded under FRE 802.

## II. WITNESS LIST

9.  As previously stated, the issues remaining for trial are whether: (1) the City of Montgomery perceived or regarded Eddie Haynes as disabled as defined by the Americans with Disabilities Act; (2) terminated him; (3) exceeded a permissible medical examination; (4) used qualification standards that screen our individuals with a disability and (5) damages.

10. Defendants object to testimony by witnesses 2 – 6, 9, 18 and any other witness identified on Plaintiff's Witness List as having knowledge regarding his physical and mental condition or their opinion of his ability to drive the truck or perform the duties of a firefighter. The issue at trial is whether the Plaintiff was perceived or regarded as being disabled by administration

3

for the City of Montgomery Fire Department based on a fit for duty evaluation performed by Dr. Michael Turner. The Plaintiff's physical fitness for duty was not challenged by the fit for duty examination but rather his prescribed medications as permitted by NFPA standards.

11.     To the extent these witness intend to testify about Haynes' physical and mental condition or seek to opine on Haynes' ability to perform his firefighting duties, these witnesses are not relevant and should be excluded under FRE 401 and FRE 402. If this Court determines that these witnesses are somehow relevant, then they should be excluded under FRE 403 because they are likely to cause confusion of the issues and mislead the jury. Because the jury is likely to be mislead by these witnesses, these witnesses should be excluded under FRE 403.

### III. DEPOSITIONS DESIGNATIONS

12.     Dr. Michael Turner is listed on the Witness List of both parties. Dr. Turner's deposition is hearsay and may only be permitted pursuant to FRE 804 if the declarant is unavailable as a witness. Plaintiff has submitted nothing to indicate that Dr. Turner is unavailable. Therefore, use of his deposition should be limited to rebuttal or impeachment purposes only.

WHEREFORE, based on the foregoing objections, Defendant City of Montgomery, respectfully, Defendant respectfully requests that the Court exclude the objectionable exhibits, witnesses and deposition transcript at trial.

Submitted this 10th day of March, 2008.

/s/ Allison H. Highley
Allison H. Highley (HIG024)
Kimberly O. Fehl (FEH001)
Attorneys for City of Montgomery

OF COUNSEL:
City of Montgomery
Legal Division
Post Office Box 1111

4

Montgomery, AL  36101-1111
(334) 241-2050 Telephone
(334) 241-2310 Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that foregoing has been served upon the following by electronic filing and notification through CM/ECF with United States District Court Middle District of Alabama on this 10th day of March, 2008:

> Gerald L. Miller, Esq.
> REDDEN, MILLS, & CLARK
> 940 Financial Center
> 505 North 20th Street
> Birmingham, AL  35203

> > /s/ Allison H. Highley
> > Of Counsel