IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **EDDIE J. HAYNES,** | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO.    2:06cv1093-WKW** |
| | ) | |
| **CITY OF MONTGOMERY,** | ) | |
| **ALABAMA** | ) | |
|     **Defendant.** | ) | |

**DEFENDANT'S MOTION FOR RECONSIDERATION
OF ORDER DENYING SUMMARY JUDGMENT**

Defendant, City of Montgomery, respectfully requests that this Court reconsider the Order denying summary judgment, as the facts and law of this case show that there is no genuine issue as to any material fact and that as moving party it is entitled to judgment as a matter of law. Defendant adopts and incorporates by reference its Motion for Summary Judgment with supporting argument and evidentiary submissions and states unto the Court the following:

1.   A pretrial hearing on the above styled cause was held on February 20, 2008. On February 21, 2008, this Court issued the Final Pretrial Order *(Doc. 38)* and an Order which denied Defendant's Motion for Summary Judgment and stated that a memorandum opinion will issue prior to the date of trial. *(Doc. 39)*. Defendant respectfully requests that the Court reconsider its denial of summary judgment for the reasons stated below.

2.   Prior to the pretrial hearing, Plaintiff and Defendant submitted to the Court a jointly prepared proposed pretrial order which set out contentions for each party. At the pretrial hearing, counsel for Plaintiff agreed that at trial the ADA claims would be limited to one of perceived disability.

3.   The primary issue in this case is whether the City perceived Haynes as having a

1

physical or mental impairment that substantially limits one or more of the major life activities. 42 U.S.C. §12102. Where the major life activity is working, plaintiffs must prove "that they are unable to work in a broad class of jobs." *Toyota Motor Mfg., Ky., Inc. v. Williams,* 534 U.S. 184, 198, 122 S.Ct. 681, 151 L.Ed.2d 615 (2002), *quoting Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 491, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999); *see also Santiago Clemente v. Executive Airlines*, 213 F.3d 25, 32 (1st Cir. 2000) ("to be substantially limited in the major life activity of working, [the plaintiff] must be precluded from more than a particular job.").

  4. Defendants submit that even assuming Plaintiff's pre-trial contentions are all undisputed facts and viewing them in the light most favorable to Plaintiff, Haynes still has no valid ADA discrimination claim as a matter of law. The threshold issue is whether the City of Montgomery perceived Haynes as substantially limited in a major life activity. If there was no such perception, then there can be no discrimination under ADA.

  5. Haynes cannot establish a prima facie case since being a firefighter for the City of Montgomery is not a broad range of jobs. *Bridges v. City of Bossier*, 92 F. 3d 329 (5th Cir. 1996) *cert. denied* 519 U.S. 1093, 117 S. Ct. 770, 136 L.Ed.2d 715 ("An applicant was not disabled under the ADA, since field of firefighting jobs was too narrow to constitute "class of jobs" under regulation providing that substantial limit on major life activity of working means significant restriction on ability to perform either class of jobs or broad range of jobs."); *See also Collado v. United Parcel Service, Co.,* 419 F.3d 1143 (11th Cir. 2005) (no evidence that UPS regarded Collado as substantially limited from any job other than that of full-time driver at UPS, much less from a class or broad range of jobs); *Equal Employment Opportunity Commission v. Schneider National, Inc.*, 481 F.3d 507 (7th Cir. 2007) (driving a truck for truck companies that had safety standards higher for drivers than the minimum required by the federal government was too esoteric a

capability to be judged a "major" life activity under ADA and employer did not violate ADA when discharged driver employee).

6. Any disputed facts in this case are not material, and assuming all facts as Plaintiff states them, Plaintiff has not shown that the City considered Haynes unable to perform a broad class of jobs. Therefore, as a matter of law Defendants are entitled to summary judgment.

WHEREFORE, based on the foregoing, Defendant respectfully requests that the Court reconsider its Order denying in Defendant's Motion for Summary Judgment.

Submitted this 10th day of March, 2008.

/s/Kimberly O. Fehl
Kimberly O. Fehl (FEH001)
Allison H. Highley (HIG024)
Attorneys for City of Montgomery

OF COUNSEL:
City of Montgomery
Legal Division
Post Office Box 1111
Montgomery, AL 36101-1111
(334) 241-2050 Telephone
(334) 241-2310 Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that foregoing has been served upon the following by electronic filing and notification through CM/ECF with United States District Court Middle District of Alabama on this 10th day of March, 2008:

Gerald L. Miller, Esq.
REDDEN, MILLS, & CLARK
940 Financial Center
505 North 20th Street
Birmingham, AL 35203

/s/Kimberly O. Fehl
Of Counsel