**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| EDDIE J. HAYNES, ) | |
|    PLAINTIFF, ) | |
| ) | |
| vs. ) | CASE NO. 2:06-cv-1093-WKW |
| ) | |
| CITY OF MONTGOMERY, ) | |
|    DEFENDANT. ) | |

**DEFENDANT'S PROPOSED JURY CHARGES**

Defendant City of Montgomery, pursuant to Rule 51, *Federal Rules of Civil* Procedure, submits to the Court the following proposed jury charges for trial in this matter.

Submitted this the 10th day of March, 2008.

                                                 /s/Kimberly O. Fehl
                                               Kimberly O. Fehl (FEH001)
                                               Allison H. Highley (HIG024)
                                               Attorneys for Defendant

OF COUNSEL:
Legal Department
City of Montgomery
Post Office Box 1111
Montgomery, Alabama 36101-1111
(334) 241-2050
FAX (334) 241-2310

**CERTIFICATE OF SERVICE**

I hereby certify that foregoing has been served upon the following by electronic filing and notification through CM/ECF on this 10th day of March, 2008: Gerald L. Miller, Esq., and Keith E. Brashier, Esq., REDDEN, MILLS, & CLARK, 940 Financial Center, 505 North 20th Street, Birmingham, Alabama 35203.

                                               /s/Kimberly O. Fehl
                                               Of Counsel

Jury Charge _____

**AMERICANS WITH DISABILITIES ACT (DISPARATE TREATMENT CLAIM)**

In this case the Plaintiff Eddie Haynes claims that the Defendant City of Montgomery discriminated against him by terminating him because he had a "disability" within the meaning of a federal law known as the Americans with Disabilities Act (the ADA).

The Defendant denies that it discriminated against the Plaintiff in any way and asserts that Plaintiff voluntarily resigned by abandoning his job.

Under the ADA, it is unlawful for an employer to terminate or otherwise discriminate against an employee because of that employee's disability if the employee is qualified to do the job.

In order to prevail on this claim, the Plaintiff must prove each of the following facts by a preponderance of the evidence:

*First:* That the Plaintiff had a "disability" as hereafter defined;

*Second:* That the Plaintiff was a "qualified individual," a hereafter defined;

*Third:* That the Plaintiff was terminated by the Defendant; and

*Fourth:* That the Plaintiff's "disability" was a substantial or motivating factor that prompted the Defendant to take that action.

In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.

Source of Charge: Eleventh Circuit Pattern Jury Instructions 1.5.1 (modified)

Jury Charge _____

**DEFINITION OF "DISABILITY"**

The first fact that the Plaintiff must prove by a preponderance of the evidence is that he has a "disability" as that term is defined by the Americans with Disabilities Act. An individual with a "disability" is a person who has a physical or mental impairment that substantially limits one or more major life activities or a person who is "regarded" as having such an impairment.

A "major life activity" is an activity that an average person can perform with little or no difficulty. Examples are caring for oneself, performing manual tasks, walking, talking, seeing, hearing, breathing, learning, and working.

An impairment substantially limits one or more major life activities if an individual is unable to perform an activity, or is significantly limited in the ability to perform an activity compared to an average person in the general population.

"To be regarded" as having such an impairment means a person who does not have an impairment but is treated by an employer as having a substantially limiting impairment.

Plaintiff has alleged that Defendant regarded him as having an impairment that substantially limited his ability to work. Working is a major life activity; however, an inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working. Indeed, an individual is substantially limited in the major life activity of working only if he is significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills, and abilities.

In a "regarded as" case, the claimant would have to show that the employer believed that the claimant had a condition that would disable him from working in a broad range of jobs.

In deciding whether the Defendant perceived Plaintiff as substantially limited in his ability to work, you may consider: (1) the geographical area to which the individual has reasonable access; (2) the number and types of jobs, if any, utilizing similar training, knowledge, skill or abilities, within that geographical area, from which the individual would also be disqualified because of the perceived impairment; and (3) the number and types of jobs, if any, not utilizing similar training, knowledge, skills or abilities, within that geographical area from which the individual would also be disqualified because of the perceived impairment.

Source of Charge: Eleventh Circuit Pattern Jury Instructions 1.5.1 (modified); *EEOC v. Schneider International Company,* 481 F. 3d. 507 (7th Cir. 2007); 29 C.F.R. § 1630.2(j)(3)

Jury Charge _____

**DEFINITION OF "QUALIFIED"**

The second fact that the Plaintiff must prove by a preponderance of the evidence is that he was "qualified" for the job in question at the time of the challenged employment decision notwithstanding his disability. The ADA does not require an employer to hire or retain or promote an individual who cannot perform the job.

In order to prove that he was qualified, the Plaintiff must establish: (1) that the Plaintiff possessed the requisite skill, experience, education and other job related requirements of the job in question; and (2) that the Plaintiff was capable of performing all of the essential functions of the job in question, despite any disability, with or without reasonable accommodation by Plaintiff's employer.

To the extent that the Plaintiff contends that a particular function is not essential to the job, the Plaintiff also bears the burden of proving that this function is not, in fact, essential.

The essential functions of a position are the fundamental job duties of that position. The term "essential functions" does not include the marginal functions of the position. A job duty or function may be considered essential because, among other things, one of the reasons the job exists is to perform that function; or because there are a limited number of employees available among whom the performance of that job description can be distributed; or because the function is highly specialized and the incumbent in the position was hired for his or her expertise or ability to perform that particular function. Evidence of whether a particular function is essential includes, but is not limited to, the employer's own judgment as to which functions are essential; the existence of written job descriptions prepared before advertising or interviewing applicants for the job; the amount of time spent on the job performing the function; the consequences of not requiring the incumbent to perform the function; the terms of a collective bargaining agreement, if applicable; the work experience of past incumbents in the job; and/or the current work experience of incumbents in similar jobs.

In addition to the particular requirements of a specific job, an employer may have general requirements for an employee in any position. An employer may decide that physical characteristics or medical conditions that do not rise to the level of an impairment, such as one's height, build, or singing voice, are preferable to others, just as it is free to decide that some limiting, but not substantially limiting, impairments make individuals less than ideally suited for a job; the fact that another employer and the worker himself are willing to assume a risk does not compel the worker's current employer to do likewise.

Source of Charge: Eleventh Circuit Pattern Jury Instructions 1.5.1; *EEOC v. Schneider International Company,* 481 F. 3d. 507 (7th Cir. 2007); 29 C.F.R. §1630.2(q)

Jury Charge _____

**DEFINITION OF "SUBSTANTIAL OR MOTIVATING FACTOR"**

Finally, the Plaintiff must prove that the Plaintiff's perceived disability was a substantial or motivating factor that prompted the Defendant to take the challenged employment action.

It is not necessary for the Plaintiff to prove that disability was a sole or exclusive reason for the Defendant's decision. It is sufficient if the Plaintiff proves that the alleged disability was a determining factor that made a difference in the employer's decision.

You should be mindful, however, that the law applicable to this case requires only that an employer not discriminate against an employee because of the employee's disability. So far as you are concerned in this case, an employer may discharge or otherwise adversely affect a employee for any other reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the employee to lead you to substitute your own judgment for that of the Defendant even though you personally may not approve of the action taken and would have acted differently under the circumstances.

Source of Charge: Eleventh Circuit Pattern Jury Instructions 1.5.1

Jury Charge _____

**JOB RELATED AND CONSISTENT WITH BUSINESS NECESSITY**

It may be a defense to a charge of discrimination under the Americans with Disabilities Act that an alleged application of qualification standards, tests, or selection criteria that screen out or tend to screen out or otherwise deny a job or benefit to an individual with a disability has been shown to be job-related and consistent with business necessity, and such performance cannot be accomplished by reasonable accommodation, as required under the Americans with Disabilities Act.

"Qualification standards" may include a requirement that an individual shall not pose a direct threat to the health or safety of other individuals in the workplace.

Direct Threat means a significant risk of substantial harm to the health or safety of the individual or others that cannot be eliminated or reduced by reasonable accommodation.

The determination that an individual poses a "direct threat" shall be based on an individualized assessment of the individual's present ability to safely perform the essential functions of the job. This assessment shall be based on a reasonable medical judgment that relies on the most current medical knowledge and/or on the best available objective evidence. In determining whether an individual would pose a direct threat, the factors to be considered include:

(1) The duration of the risk;

(2) The nature and severity of the potential harm;

(3) The likelihood that the potential harm will occur; and

(4) The imminence of the potential harm.

An employer may use qualification standards and examinations that screen out or tend to screen out individuals with a disability if the standards and examinations used are job-related and consistent with business necessity.

The ADA does not require an employer of emergency responders to forgo a fitness for duty examination to wait until a perceived threat becomes a real one or until questionable behavior results in injuries.

Sources of Charge:  42 U.S.C. §12113(a) and (b); 29 C.F.R. §1630.2(r); *Watson v. City of Miami Beach*, 177 F.3d 932 (11th Cir. 1999)

Jury Charge _____

**MEDICAL EXAMINATIONS AS JOB RELATED BUSINESS NECESSITY**

Periodic medical examinations for public safety positions that are narrowly tailored to address specific job-related concerns and are shown to be consistent with business necessity are permissible.

Sources of Charge:  *Watson v. City of Miami Beach*, 177 F.3d 932 (11th Cir. 1999); *EEOC Enforcement Guidance: Psychiatric Disabilities and the Americans With Disabilities Act* (March 25, 1997), *reprinted in 3 EEOC Compliance Manual* No. 222: 2336 n. 41 (BNA 1998).

Jury Charge _____

**NFPA ARE NATIONAL STANDARDS FOR FIREFIGHTERS**

The National Fire Protection Association (Association) (NFPA) is a private, voluntary organization with more than 31,500 individual and group members representing industry, labor, academia, insurers, organized medicine, firefighters, and government. The NFPA has developed physical standards for the appointment of firefighters.

Sources of Charge:   *Allied Tube & Conduit Corp. v. Indian Head, Inc.,* 486 U.S. 492, 495, 108 S.Ct. 1931, 1934, 100 L.Ed.2d 497 (1988); *Carleton v. Commonwealth*, 858 N.E. 2d 258 (Mass. 2006); *Sicard v. Sioux City, 950 F.Supp. 1420, 1425 (N.D.Iowa 1996); Nagel v. Boston Fire Dept*, 18 M.D.L.R. 221, 222 (Oct. 18, 1996); *Miller v. Sioux Gateway Fire Dept.* 497 N.W. 2d 838, 842 (Iowa 1993).

Jury Charge _____

**FIRE CHIEF PROMULGATES FIRE DEPARTMENT RULES**

In the City of Montgomery, the chief of the fire department sets the rules and regulations for the government of such department subject to approval by the mayor.

Source of Charge:   Code of Ordinances, City of Montgomery, Alabama, Section 13-41 (2007) (Ord. No. 79-77, § 2; Code 1980, § 13-2)

Jury Charge _____

**DAMAGES**

If you find in favor of the Plaintiff and against the Defendant, you must then decide the issue of the Plaintiff's damages.

In considering the issue of the Plaintiff's damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendant. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury– tangible and intangible. Thus, no evidence of the value of such intangible things as emotional pain and mental anguish has been or need be introduced. In that respect it is not value you are trying to determine, but an amount that will fairly compensate the Plaintiff for those claims of damage. There is not exact standard to be applied; any such award should be fair and just in the light of the evidence.

You should consider the following elements of damage, to the extent that you find them proved by a preponderance of the evidence, and no others:

    (a)    Net lost wages and benefits to the date of trial
    (b)    Emotional pain and mental anguish

You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages– that is, to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage.

So, if you should find a preponderance of the evidence that the Plaintiff failed to seek out or take advantage of a business or employment opportunity that was reasonably available under all the circumstances shown by the evidence, then you should reduce the amount of the Plaintiff's damages by the amount that could have been reasonably realized if the Plaintiff had taken advantage of such opportunity.

Source of Charge: Eleventh Circuit Pattern Jury Instructions 1.5.1

## **SPECIAL INTERROGATORIES TO THE JURY**

1. Did Eddie Haynes prove by a preponderance of the evidence that he had a "disability" as defined by the Americans with Disabilities Act?

$$\text{YES}_____ \quad \text{NO} _____$$

If you answered "YES" to question 1, go to question 2.

If you answered "NO" to question 1, your verdict is for the Defendant on the Plaintiff's disability discrimination claim. Do not answer any other questions. Sign and date the form.

2. Did Eddie Haynes prove by a preponderance of the evidence that the City of Montgomery perceived him to be substantially limited in the major life activity of working by perceiving him to be unable to perform either a class of jobs or a broad range of jobs?

$$\text{YES}_____ \quad \text{NO} _____$$

If you answered "YES" to question 2, go to question 3.

If you answered "NO" to question 2, your verdict is for the Defendant on the Plaintiff's disability discrimination claim. Do not answer any other questions. Sign and date the form.

3. Did Eddie Haynes prove by a preponderance of the evidence that the City of Montgomery perceived him to be unable to perform a broad range of jobs other than that of firefighter for the City of Montgomery?

$$\text{YES}_____ \quad \text{NO} _____$$

If you answered "YES" to question 3, go to question 4.

If you answered "NO" to question 3, your verdict is for the Defendant on the Plaintiff's disability discrimination claim. Do not answer any other questions. Sign and date the form.

4. Did Eddie Haynes prove by a preponderance of the evidence that he was a "qualified individual" as defined by the Americans with Disabilities Act?

$$\text{YES}_____ \quad \text{NO} _____$$

If you answered "YES" to question 4, go to question 5.

If you answered "NO" to question 4, your verdict is for the Defendant on the Plaintiff's disability discrimination claim. Do not answer any other questions. Sign and date the form.

5.     Did Eddie Haynes prove by a preponderance of the evidence that fit for duty evaluations required of all firefighters by the City of Montgomery are not job-related and consistent with business necessity therefore violating the Americans with Disabilities Act?

YES_____   NO _____

If you answered "YES" to question 5, go to question 6.

If you answered "NO" to question 5, your verdict is for the Defendant on the Plaintiff's disability discrimination claim. Do not answer any other questions.  Sign and date the form.

6.     Did Eddie Haynes prove by a preponderance of the evidence that the City of Montgomery perceived or regarded him as disabled and that requiring him to pass the same fit for duty standards required of all firefighters for the City of Montgomery violated the Americans with Disabilities Act?

YES_____   NO _____

If you answered "YES" to question 6, enter the amount of damages on the line below.

If you answered "NO" to question 6, do not enter any amount on the line below.

	- The Plaintiff is entitled to $ _____ in damages for net loss of wages and benefits to the date of trial. (If none, enter "none").

	- The Plaintiff is entitled to $ _____ in damages for emotional pain and mental anguish. (If none, enter "none").

					_____
					FOREPERSON

Dated: _____