UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| EDDIE J. HAYNES, | ) |
| | ) |
|     PLAINTIFF, | ) |
| | ) |
| vs. | ) CASE NO. 2:06-cv-1093-WKW |
| | ) |
| CITY OF MONTGOMERY, ALABAMA, | ) |
| | ) |
|     DEFENDANT. | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE
TO EXCLUDE PLAINTIFF'S EXPERT REPORT AND TESTIMONY**

Comes now the Plaintiff, Eddie J. Haynes, and responds to Defendant's Motion in Limine to Exclude Plaintiff's Expert Report and Testimony (Doc. #49) as follows.

Defendant, in its Motion In Limine, seeks to exclude the Report and the oral testimony of Plaintiff's vocational expert, Mary House Kessler, Ph.D. Defendant does not argue that Dr. Kessler is not qualified as a vocational expert to give expert testimony, but instead argues her Report and testimony is inadmissable for three reasons: (1) lack of relevance under rules 401 and 402 of the Federal Rules of Evidence; (2) the probative value of the evidence is substantially outweighed by the danger of confusion of the issues and misleading the jury under Rule 403; and (3) her testimony is not based upon sufficient facts or data and is thus inadmissible under Rule 702. It does not require extended analysis to conclude that Defendant's Motion is without merit.

## I.  RELEVANCE

The standard of relevance under Rule 401 of the Federal Rules of Evidence is extremely broad.  The standard is whether the evidence has "any tendency" to make the existence of "any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  If evidence meets this nonstringent standard, it is admissible under Rule 402, unless provided otherwise by another rule, act of Congress, or the United States Constitution.  The Federal Rules of Evidence and practice "favor the admission of evidence rather than its exclusion if it has any probative value at all."  Young v. Illinois Cent. Gulf R.R. Co., 618 F.2d 332, 337 (5th Cir. 1980).

Dr.  Kessler's Report and testimony will address whether the City perceived Mr. Haynes as being significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes.  As this Court recognized in its Memorandum Opinion denying summary judgment on March 12, 2008, this question is relevant to Mr. Haynes' "regarded as" or "perceived as" claim.  See Memorandum Opinion, p.  8-9. The Court, in fact, has already found Dr.  Kessler's testimony to be relevant and has relied upon it. Id., at 9.

The "relevancy" arguments the City purports to make in its Motion are not truly relevancy arguments at all, but are arguments the City should address to the jury, not this Court, or on cross-examination of Dr.  Kessler, because they go to the weight of her testimony and not its admissibility.

## II. DANGER OF CONFUSION OF THE ISSUES OR MISLEADING THE JURY

The City next argues Dr. Kessler's Report and testimony should be excluded because its probative value is substantially outweighed by the danger of confusion or misleading the jury under Rule 403.

It is difficult to follow the City's rationale in its Motion on this issue. It appears, again, that the City is arguing about the relevancy of Dr. Kessler's testimony or criticizing her testimony, rather than making a true Rule 403 argument.

As stated previously, Dr. Kessler's testimony is directed to a critical issue in the case. Its probative value is extremely high and cannot possibly be outweighed by confusion or misleading the jury. Assuming the evidence is relevant, as this Court has already found, the City does not remotely explain how that relevant evidence would mislead or confuse the jury, and why it should be excluded. See United States v. Wright, 392F.3d 1269, 1276 (11th Cir. 2004) (Rule 403 is an extraordinary remedy which should be used sparingly).

## III. INSUFFICIENT FACTS OR DATA

Finally, the City argues Dr. Kessler's testimony should be excluded under Rule 702 because it is not based on sufficient facts or data. It should first be noted that the City never argues that Dr. Kessler is not qualified as a vocational expert by her knowledge, skill, experience, training, and education.

The City's argument appears to be a criticism of the facts upon which Dr. Kessler

relied.  Dr.  Kessler relied on the same thing that the City relied on - that "Dr.  Turner indicated that he would not have cleared Haynes for any job that involved driving a vehicle of any sort, working in a safety sensitive position, or working on the fire line." Memorandum Opinion of March 12, 2008, p.  4 (citing deposition of Dr.  Turner).  Because the City refused to return Mr.  Haynes to work because he was not cleared by Dr.  Turner, Dr.  Kessler rightly relies on Dr.  Turner's perception.

The City also appears to criticize Dr.  Kessler because she does not "discuss the Americans with Disabilities Act" and she "appears to have applied a Social Security Disability analysis."  To the contrary, Dr.  Kessler had no reason to discuss the Americans with Disabilities Act per se, but she addressed the issue that is relevant under the ADA, namely, whether the City perceived Mr.  Haynes as being unable to perform a class of jobs or a broad range of jobs in various classes.  Finally, Dr.  Kessler does not employ a Social Security Disability analysis.  The question for Social Security Disability purposes would have been whether Mr.  Haynes was able to engage in any substantial gainful activity, i.e., whether there are any jobs in the national economy that he could do.  See U.S.C. §§416 (i), 423(d). In contrast, Dr.  Kessler simply considered whether one having the perceived impairment that Mr.  Haynes has would be foreclosed from a class of jobs or a broad range of jobs in various classes.  The questions are different and it is clear that Dr.  Kessler did not employ a Social Security Disability analysis.

For the foregoing reasons, this Court should deny the City's Motion in Limine.

/s/ Gerald L.  Miller
GERALD L.  MILLER (MIL039)
/s/ Keith E.  Brashier
KEITH E.  BRASHIER (BRA113
Attorneys for Plaintiff

**OF COUNSEL:**
REDDEN, MILLS & CLARK, LLP
505 North 20th Street
940 Financial Center
Birmingham, Alabama 35203
(205) 322-0457

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of March, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Allison H.  Highley
Kimberly O.  Fehl
Assistant City Attorney
City of Montgomery
P.O. Box 1111
Montgomery, Alabama 36101-1111

/s/ Gerald L.  Miller
OF COUNSEL