**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| EDDIE J. HAYNES, )<br>    Plaintiff, )<br> )<br>v. )     Case No. 2:06-CV-1093-WKW-WC<br> )<br>CITY OF MONTGOMERY, )<br>    Defendant. ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S OBJECTIONS TO EXHIBITS**

COMES NOW Defendant City of Montgomery and respectfully submits this reply to Plaintiff's Objections to Defendant's Exhibits (Doc. 43).

**A. Defendant's Exhibits 3 and 6**

The parties have already resolved Plaintiff's objections to Defendant's Exhibits 3 and 6, which were based not on objectionable content but on form.

**B. Defendant's Exhibits 12 and 14**

With regard to Defendant's Exhibits 12 and 14, where Plaintiff seeks to redact sentences from internal fire department memoranda, Defendant offers the portions complained of to show the knowledge or state of mind of Captain Hackett and District Chief Yelder, respectively. Hearsay, of course, is an out-of-court statement offered in evidence to prove the truth of the matter asserted. FRE 801(c).

Defendant does not seek to prove the truth of the matters asserted. If a statement is not offered to prove the facts asserted, it is not hearsay. <u>Tennessee v. Street</u>, 471 U.S. 409 (1985); <u>Crawford v. Washington</u>, 541 U.S. 36 (2004) (wherein the Supreme Court cited <u>Street</u> as an example of a clearly testimonial statement that did not violate the Confrontation Clause because not admitted for its truth).

When a person's knowledge or state of mind is at issue, evidence that he or she has heard or read a statement may be relevant, and it lies beyond reach of a hearsay objection. U.S. v. Lynn, 608 F.2d 132, (5th Cir. 1979) (extortion victim's hearing of statements regarding extortion scheme was admissible as relevant to victim's state of mind rather than for truth of statements); Heritage Homes of Attleboro, Inc. v. Seekonk Water Dist., 648 F.2d 761, 8 Fed. R. Evid. Serv. 546 (1st Cir. 1981), cert. granted, judgment vacated on other grounds, 454 U.S. 807, 102 S. Ct. 81, 70 L. Ed. 2d 76 (1981) (evidence of remarks made at meeting was admissible when not offered to prove truth of matters asserted therein, but rather to show that those present at meeting made or heard racially hostile remarks prior to voting for discriminatory actions). Here, the information Plaintiff seeks to redact from Defendant's Exhibit 12 has direct bearing on Captain Hackett's state of mind and would be offered for that nonhearsay purpose, not to prove the truth as to whether Haynes wrote a letter years ago about his medications. Captain Hackett was Haynes' supervisor and was writing to ask that Haynes be transferred to a different shift. Captain Hackett's state of mind in asking for that change is relevant and Exhibit 12 should be admitted in its entirety.

Similarly, Defendant offers District Chief Yelder's memo to Assistant Chief Walker as circumstantial evidence of the mental states of Yelder and Walker. The statement that Lt. Johnson told Yelder that Haynes was uncomfortable driving and was taking medications that could affect his ability to drive would not be offered to prove that Haynes was in fact uncomfortable driving or that he was in fact taking medications that could affect his driving. Because the basis of this lawsuit involves administrative decisions by the Montgomery Fire Department, the states of mind of the officials

involved in the decision-making are clearly relevant and Exhibit 14 should also be admitted in its entirety.

### C. Defendant's Exhibits 16 and 17

Plaintiff also objects to two letters from Kimberly Fehl sent to Gerald Miller on December 13 and 19, 2007. Plaintiff argues each letter is irrelevant, inadmissible hearsay and protected work product. Plaintiff also argues that these letters are inadmissible because they were sent after this case was filed, but cites no authority for this incorrect proposition. Plaintiff seems to imply that only evidence in existence at the time the action was filed would be admissible, but that line of reasoning would exclude a great deal of damages evidence in most civil lawsuits.

The letters both concern "fit for duty" evaluations of persons other than Haynes, which were requested in discovery by Plaintiff. Defendants had objected to the request because of the privacy issues involved and because evaluations of others were not likely to be relevant to Haynes' claims. Plaintiff insisted on his demands and the matter went to a hearing before a magistrate judge who ordered that the evaluations be turned over. The letters show that Plaintiff has received copies of the requested evaluations, as well as the dates when they were sent.

These letters do not contain assertions that would constitute inadmissible hearsay. A cover letter used as circumstantial evidence that the addressee received the described contents is nonhearsay.  Further, the fact that Plaintiff received these evaluations is relevant because it goes to his knowledge that other members of the Montgomery Fire Department are subject to and have been subjected to fit for duty evaluations. The relevance and materiality of these evaluations is evidenced by the fact that Plaintiff has

3

identified them as evidence he intends to use at trial, numbering them Exhibit 16 in Plaintiff's Exhibit List, Witness List and Deposition Designations. (Doc. 40).

Finally, any privilege that might have existed in the letter was extinguished when Ms. Fehl purposely mailed it to Mr. Miller, opposing counsel in this case. The protection from discovery derived from the work product doctrine is not absolute, and, like other qualified privileges, it may be waived. U.S. v. Nobles, 422 U.S. 225, 95 S. Ct. 2160, 45 L. Ed. 2d 141 (1975). See also e.g. In re RDM Sports Group, Inc., 277 B.R. 415, 432-433 (Bkrtcy. N.D. Ga. 2002), citing In re Circle K Corp., 199 B.R. 92, 100 (Bankr. S.D.N.Y. 1996) ("The holder of the work product privilege waives it by voluntarily disclosing it in such a manner that it is likely to be revealed to its adversary.").

Also, and perhaps more importantly, Plaintiff cannot assert a privilege that was never his to assert. The letters in question were written by Ms. Fehl so they are her work product. The work-product privilege may be invoked by either the client or the attorney, Hanson v. U.S. Agency for Intern. Development, 372 F.3d 286 (4th Cir. 2004), but not by a third party. Plaintiff and his attorney have no standing to assert a work product privilege with regard to these letters, and as they are nonhearsay and relevant, Defendant's Exhibits 16 and 17 should be admitted.

Respectfully submitted this 17th day of March 2008.

/s/ Allison H. Highley  
Allison H. Highley (HIG024)  
Kimberly O. Fehl (FEH001)  
Attorneys for Defendant

OF COUNSEL:  
Legal Department  
City of Montgomery  
Post Office Box 1111  
Montgomery, Alabama  36101-1111  
(334) 241-2050 Telephone

4

CERTIFICATE OF SERVICE

I hereby certify that foregoing has been served upon the following by e-filing and first class United States Mail on this 17th day of March 2008:

>Gerald L. Miller
>Keith Edward Brashier
>REDDEN, MILLS & CLARK, LLP
>940 Financial Center
>505 North 20'" Street
>Birmingham, Alabama 35203

>>/s/ Allison H. Highley
>>Of Counsel