UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| EDDIE J. HAYNES, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| vs. | ) CASE NO. 2:06-cv-1093-WKW |
| | ) |
| CITY OF MONTGOMERY, ALABAMA, | ) |
| | ) |
| DEFENDANT. | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTIONS TO
PLAINTIFF'S EXHIBIT LIST, WITNESS LIST
AND DEPOSITION DESIGNATIONS**

Although the Court has set a pretrial conference for March 19 at which time counsel are to argue pending motions and objections to evidence, Plaintiff suspects that the Court will be considering those objections, at least in a preliminary way, prior to March 19. Plaintiff therefore submits this Reply to Defendant's Objections to inform the Court why Plaintiff believes those objections are not well-taken.

**I. EXHIBIT LIST**

1. <u>Plaintiff's Exhibits 4 and 5, Annual Merit Appraisal Forms, and Plaintiff's Exhibit 7, Employee Commendation Record</u>. The Annual Merit Appraisal Forms are limited to the 2002 and 2003 timeframes and the Employee Commendation Record is for the trimester ending February 10, 2005. Thus, they are not offered to show the job performance of Mr. Haynes "over the years" but, instead, during the period of time involved in this suit, when he was taking the medications at issue prescribed by Dr. Palmer in November, 2002.

Whether Mr. Haynes was capable of performing his job duties while taking the medication and whether he was having any side effects that rendered him unable to perform his job duties are issues that the jury must decide in this case. The Plaintiff has the burden in this case of proving that he is a "qualified individual" under the ADA. This includes the requirement that he was capable of performing all of the essential functions of his job. See Eleventh Circuit Pattern Jury Instructions (Civil) 2005, §1.5.1. The evidence is certainly relevant under FRE 402.

  2. <u>Plaintiff's Exhibit 8, Memo to Sgt. Hartwell from Eddie J. Haynes</u>. This evidence is relevant to explain the most likely reason the City raised the issue about Mr. Haynes' medications in February, 2005, when the City had known since January 2003 that he was taking such medication. In January, 2003 Mr. Haynes was sent home for one day until he could provide a letter from his doctor clearing him, and he was allowed back to work. Plaintiff expects the evidence to be shortly after Px 8, the memo to Sgt. Hartwell from Mr. Haynes, was presented by Hartwell to the Fire Department Administration, the issue concerning Mr. Haynes' medication was raised by Captain Hackett, who was the subject of the memo, and by the Administration. Without this evidence, the jury would be left to think that Mr. Haynes must have been having side effects that were affecting him or the issue about his medications would not have been raised. In fact, there was another reason and the fact that there was another reason is relevant to this case.

  3. <u>Plaintiff's Exhibits 14 through 18 and Exhibit 61 through 64, relating to drug</u>

screening results for Mr. Haynes. These negative drug screens are relevant to this case. Dr. Turner stated in his office notes of his fit for duty examination of Mr. Haynes on March 31, 2005 that he was concerned that the effects of the medications Mr. Haynes was taking "could carry over to his on duty time" even if he was taking the medications off duty. He then stated, "Any drug screen performed would most likely be positive even when on duty." Dr. Turner testified, in effect, that he did not know whether Mr. Haynes was taking the medications on duty or not. The fact is, however, he would not clear Mr. Haynes for duty because of the possible side effects whether he was taking the drugs on duty or off duty. The fact that Mr. Haynes was consistently testing negative on drug screens, as shown by the documents in question, contradict Dr. Turner's testimony in at least three ways. First, they tend to show that he was taking the medications off duty. Secondly, they show that the effects of the medications did not carry over to his on duty time. Third, these negative drug screens, which Dr. Turner knew about, cast doubt on his expressed concern that if Mr. Haynes were allowed to work he would have positive drug screens. For these reasons, the negative drug screen documents are relevant.

    4. <u>Plaintiff's Exhibits 23 through 28 relating to Mr. Haynes' application for unemployment benefits</u>. The City first argues these documents are not relevant to any issue in the case. To the contrary, the City has argued and will argue that Mr. Haynes made no effort to be reinstated and abandoned his job. The documents in question are a Notice from the Unemployment Compensation Agency dated June 14, 2005 stating, "your employer is

waiting on proof from your doctor that you are physically able to work" and five separate letters that Mr. Haynes then solicited from his doctors stating his medications and his ability to work. The Exhibits show the efforts Mr. Haynes made, show the obstinate refusal of the City to return him to work, and contradicts the City's claim that he abandoned his job. Next, the City argues these statements from the doctors in June 2005 (Px. 24 through 28) are inadmissible hearsay. Exhibits 23, 26, and 27, however, are admissible under Rule 803(6) and Rule 803(8) as they are records of the Alabama Department of Industrial Relations kept in the ordinary course of its business. Exhibits 24, 25, and 28 are admissible under Rule 803(4). Alternatively, all of these exhibits are admissible under Rule 801(c) as they are not hearsay because they are not offered to prove the truth of the matters asserted therein. As stated earlier, the documents are relevant not for their truth, but simply to show the efforts Mr. Haynes made and to show he did not abandon his job.

5.    <u>Plaintiff's Exhibit 48, office records of Dr. Clemmie Palmer</u>. Contrary to the City's argument, these records are relevant. These records were received by the City Attorney's Office on January 5, 2006, as reflected on the first page of Exhibit 48. These records were received after the City attorney requested that Mr. Haynes sign a medical authorization so that his records from Dr. Palmer could be obtained for Dr. Turner to review. Mr. Haynes signed the authorization and the City obtained the records, but never forwarded them to Dr. Turner. The records are relevant because they reflect another step that Mr. Haynes took to attempt to resolve the issue and reflect the City's lack of effort to

do anything to consider reinstating Mr. Haynes. The medical records of Dr. Palmer themselves are also relevant because they reflect the medical condition of Mr. Haynes and his ability to work during the time period in question. The records are also relevant as to damages as Dr. Palmer's office note from September 13, 2005 (while Mr. Haynes was on unpaid leave) shows he was "stressed about my financial state", his mood was sad, he was anxious, and sleeping a few hours at a time. The records are relevant to the emotional distress he suffered.

6. <u>Plaintiff's Exhibit 53 (allegedly illegible)</u>. Plaintiff has located a more legible copy of the Exhibit and will be happy to substitute it.

7. <u>Hearsay objection to Plaintiff's Exhibits 6, 10, 21, 48, 58, 59 and 65 and portions of Exhibit 52</u>. All of these documents are either the letters Dr. Palmer wrote to the City stating Mr. Haynes had had no side effects on his medications and has no work restrictions and is capable of performing his duties <u>or</u> Dr. Palmer's office notes. Dr. Palmer's office notes are admissible under the Rule 803(4) and 803(6) exceptions to the hearsay rule. Dr. Palmer's letters received and kept by the City are admissible under Rule 803(6) as they were made in the ordinary course of Dr. Palmer's business and were kept in the ordinary course of the City's business. They are also admissible under the Rule 803(4) exception. Alternatively, the letters and office notes are all admissible under Rule 801(c) regardless of the truth of their contents. Regardless of whether Dr. Palmer's opinions are correct, these letters and office notes received by the City and/or Dr. Turner are relevant to

show simply that the City /Dr. Turner received this information and would not return Mr. Haynes to work in spite of this information. The letters are admissible to show that the City and Dr. Turner ignored this information, did not contact Dr. Palmer, did not take any steps to see whether Mr. Haynes was having side effects or not, and took no steps to determine if Mr. Haynes was actually capable of performing his job as Dr. Palmer said, or not. The letters are relevant regardless of the truth of the matters stated therein.

## II.  WITNESS LIST

8.  The City basically objects to any witness who will testify based on his own personal knowledge about whether Mr. Haynes was performing or had the ability to perform his duties as a Firefighter and whether they had ever observed him to have any drowsiness or other medication side effects. The City says such testimony would not be relevant to the case. As stated previously, the Plaintiff must prove Mr. Haynes is a "qualified individual" under the ADA. Under the Eleventh Circuit Pattern Jury Instructions, this Court will likely instruct the jury, "The ADA does not require an employer to hire or retain or promote an individual who cannot perform the job." Eleventh Circuit Pattern Jury Instructions (Civil) 2005, §1.5.1. Mr. Haynes must also prove "that he was capable of performing all of the essential functions of the job in question, with or without reasonable accommodations by Plaintiff's employer." Id. Such testimony is also relevant to show the City failed to make the individualized determination about Mr. Haynes' present ability to do the job required

by the ADA. Testimony as to whether Mr. Haynes could perform the job and whether he was performing the job without difficulty is essential to the case.

/s/ Gerald L. Miller
GERALD L. MILLER (MIL039)
/s/ Keith E. Brashier
KEITH E. BRASHIER (BRA113)
Attorneys for Plaintiff

**OF COUNSEL:**

REDDEN, MILLS & CLARK, LLP
505 North 20th Street
940 Financial Center
Birmingham, Alabama 35203
(205) 322-0457

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of March, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Allison H. Highley
Kimberly O. Fehl
Assistant City Attorneys
City of Montgomery
P.O. Box 1111
Montgomery, Alabama 36101-1111

/s/ Gerald L. Miller
OF COUNSEL