IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| EDDIE J. HAYNES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.   2:06cv1093-WKW |
| ) | |
| ) | |
| CITY OF MONTGOMERY, ) | |
| ALABAMA ) | |
| ) | |
| Defendant. ) | |

## REPLY OF DEFENDANT TO
## PLAINTIFF'S MOTIONS IN LIMINE

Defendant, City of Montgomery, submits the following Reply to Plaintiff's Motion in Limine (Doc. 44) and Second Motion in Limine (Doc. 48):

**I. MOTION IN LIMINE REGARDING TESTIMONY UNDER OF RULES 701 -704, *FEDERAL RULES OF EVIDENCE* (DOC. 44).**

Dr. Michael Turner and Chief Miford Jordan have been identified by Defendant as fact witnesses. Therefore the Court need not apply the analysis to determine admissibility for expert testimony set out in *Daubert v. Merrell Dow Pharmaceuticals,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993) or *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999).

In his motion, Plaintiff asks this Court to prohibit testimony by Dr. Turner and Chief Jordan "and other witnesses" (Doc. 44, p. 1) about the meaning and requirements of the NFPA regulations and whether the standards are widely used in fire departments throughout the United States. Plaintiff

1

also seeks to prohibit Dr. Turner from testifying about medications and their side effects. The testimony of these witnesses should not be limited solely because they may have specialized knowledge or training.

Plaintiff contends that Dr. Turner did not testify about the specific provisions of the NFPA in his deposition. It is irrelevant whether Plaintiff asked Dr. Turner to testify about specific NFPA provisions. Notwithstanding, Dr. Turner did offer testimony regarding NFPA standards during his deposition. *(Turner Depo. pp. 66-69, 94-96).* Furthermore, Dr. Turner answered that he could explain the medication standard in further detail but Plaintiff's counsel changed the subject. *(Turner Depo. p. 63, line 3 – p. 64, line 1).*

Although not binding authority, this Court may find instructive this discussion by its sister court in the Middle District of Georgia which differentiates between expert and fact witnesses under the Federal Rules of Evidence as applied in the Eleventh Circuit.

> B. Expert and Fact Witnesses Under the Federal Rules
>
> Rule 26 of the Federal Rules of Civil Procedure and Rules 701, 702, and 703 of the Federal Rules of Evidence distinguish between "lay" or "fact" witnesses and expert witnesses. Among other differences, the two are subject to different disclosure requirements, and expert witnesses are entitled to receive a "reasonable fee" rather than the $40.00 per diem statutory fee provided to lay witnesses. Fed.R.Civ.P. 26(a)(2) & (b)(4); 28 U.S.C. § 1891.
>
> Rule 26 references the Federal Rules of Evidence to identify which witnesses are expert witnesses. *See* Fed.R.Civ.P. 26(a)(2)(A) & 1993 advisory committee's note (explaining that the term "expert" refers to "those persons who will testify under Rule 702 of the Federal Rules of Evidence with respect to scientific, technical, and other specialized matters"). The Federal Rules of Evidence define a fact witness as one whose testimony is rationally based on his perception. *See* Fed.R.Evid. 701. In contrast, the rules define experts by reference to their knowledge, skill, or training. *See* Fed.R.Evid. 702. Further, they define expert testimony by looking at whether the opinions offered draw on that expertise. *See* Fed.R.Evid. 703.

2

> While the Eleventh Circuit has not specifically addressed the criteria necessary to determine whether a particular witness is a "fact witness" or an "expert witness" under Rule 26, courts in other jurisdictions consistently have held that a witness is not an expert witness merely by virtue of his specialized training and knowledge in a particular field. *Fisher v. Ford Motor Co.,* 178 F.R.D. 195, 197 (N.D.Ohio 1998); *accordSipes v. United States,* 111 F.R.D. 59, 61 (S.D.Cal.1986). Instead, a witness with specialized knowledge and training may be a pure "fact witness" when a witness is a direct participant in the events about which he is testifying. *Gomez v. Rivera Rodriguez,* 344 F.3d 103, 113 (1st Cir.2003). However, if the testimony consists of "opinions based on scientific, technical, or other specialized knowledge," the opinions may be considered expert testimony, regardless of whether those opinions were formed during the scope of interaction with a party prior to litigation. *Musser v. Gentiva Health Servs.,* 356 F.3d 751, 757 n. 2 (7th Cir.2004) (distinguishing cases holding that a treating physician is not an expert witness if his or her testimony is based on observations made during treatment). Thus, to determine whether a particular witness is a "fact witness" or an "expert witness" under Rule 26, a court should look to the nature of the testimony being given. *Gomez,* 344 F.3d at 113 ("[T]he triggering mechanism for application of Rule 26's expert witness requirements is not the status of the witness but rather the essence of the proffered testimony.").

*Morgan v. U.S. Xpress, Inc*., WL 278398 (M.D. Ga. 2006) (emphasis added).

Dr. Turner and Chief Jordan are fact witnesses testifying about fundamental issues in this case. Although those fundamental issues may involve specialized knowledge and training these witnesses should not be disqualified from relying on that knowledge or training. As direct participants in the matters that have resulted in Haynes bringing this lawsuit, limiting Dr. Turner and Chief Jordan's testimony merely because of their skill and training would essentially change the facts that are the basis of this lawsuit. Plaintiff's counsel can question these witnesses regarding their skill and training. These witnesses should be able to testify about the information and knowledge available to them when decisions were made that form the very core of this case.

**II.     MOTION IN LIMINE REGARDING NATIONAL FIRE PROTECTION STANDARDS (DOC. 48).**

The City of Montgomery has never contended that the NFPA standards supersede or take precedence over the provisions of the ADA.  Plaintiff's counsel unsuccessfully attempted to attribute this position to the City by posing a question to Dr. Turner in his deposition. *(Turner Depo. p. 68, line 6 through p. 69, line 5).*

The City does contend that the ADA permits "qualification standards, tests, or selection criteria that screen out or otherwise deny a job or benefit to an individual with a disability" when it has been "shown to be job-related and consistent with business necessity, and such performance cannot be accomplished by reasonable accommodation…" 42 U.S.C.A. § 12113 (a).  Both Haynes and the City, in their respective briefs, quote from Annex B of NFPA 1582, Section B.1.1, Legal Protections for Individuals with Handicaps or Disabilities which recognizes ADA and state employment discrimination laws.

The City of Montgomery Fire Department uses National Fire Protection Association Rules and Regulations as its guideline for best practices. Chief Jordan testified that the Montgomery Fire Department follows the standards set out in Chapter 10, NFPA 1500 Standard on Fire Department and Occupational Safety and Health Program and NFPA 1582 Standard on Occupational Medical Program for Fire Departments.  Chapter 13, Article I, Section 13-41 of the Code of Ordinances of the City of Montgomery gives the chief of the fire department the authority to promulgate the rules and regulations of the department subject to the approval of the Mayor.  NFPA standards have been used as a qualification or certification standard for City of Montgomery firefighters through at least two administrations.

Plaintiff correctly states that the NFPA is not a governmental regulatory body and the NFPA

standards cannot supersede federal law. However the standards may be followed when permitted under ADA for "qualification standards, tests, or selection criteria" that screen out or otherwise deny individuals with disabilities if the standards are shown to be job related or consistent with business necessity. 42 U.S.C.A. § 12113 (a). "The term qualifications standards may include a requirement that an individual shall not pose a direct threat to the health or safety of other individuals in the workplace." 42 U.S.C.A. § 12113 (b)

In his claim for disability discrimination Eddie Haynes is actually asking to be treated differently than other firefighters. Haynes is asking that he not be held to the same standard as the other individuals that hold the same position for the City of Montgomery. The City has not proceeded arbitrarily, but rather follows a developed standard that has been used by fire fighting organizations throughout the United States." *Carleton v. Commonwealth*, 858 N.E.2d 258 (Mass. 2006); *Sicard v. Sioux City*, 950 F.Supp. 1420, 1425 (N.D. Iowa 1996).

NFPA standards have been used as a qualification or certification standard for City of Montgomery firefighters through at least two administrations. In that light, testimony that firefighters for the City of Montgomery are "required" to meet NFPA qualification standards is not misleading but an absolute fact and fundamental issue in this case. Prohibiting witnesses from testifying about their reliance on NFPA standards would essentially change the facts that are the basis of this lawsuit. Haynes can question Defendant's reliance on the standards but the City should not be prohibited from producing testimony that fire department officials rely on the standards and the fact that the standards were developed by those in the fire industry for those in the fire industry.

The City has recognized that other municipalities may not use the same NFPA standards. Defendant further submitted that the NFPA standards may not applicable to every municipality. However, Defendant City of Montgomery uses NFPA standards and therefore should be allowed to

5

express that fact at trial.

    Submitted this 17th day of March, 2008.

                                      /s/Kimberly O. Fehl
                                      Kimberly O. Fehl (FEH001)
                                      Allison H. Highley (HIG024
                                      Attorneys for City of Montgomery

OF COUNSEL:
City of Montgomery
Legal Division
Post Office Box 1111
Montgomery, AL  36101-1111
(334) 241-2050 Telephone
(334) 241-2310 Facsimile

## CERTIFICATE OF SERVICE

    I hereby certify that foregoing has been served upon the following by electronic filing and notification through CM/ECF with United States District Court Middle District of Alabama on this 17th day of March, 2008:

        Gerald L. Miller, Esq.
        REDDEN, MILLS, & CLARK
        940 Financial Center
        505 North 20th Street
        Birmingham, AL  35203

                                      /s/Kimberly O. Fehl
                                      Of Counsel