**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **EDDIE J. HAYNES,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.   2:06cv1093-WKW |
| | ) | |
| | ) | |
| **CITY OF MONTGOMERY,** | ) | |
| **ALABAMA** | ) | |
| | ) | |
| Defendant. | ) | |

<u>**DEFENDANT'S TRIAL BRIEF**</u>

**I.
<u>PLAINTIFF HAS NO VALID ADA DISCRIMINATION CLAIM</u>**

Assuming the declaration of Eddie Haynes is undisputed and in viewing the evidence in the light most favorable to Plaintiff, by law he cannot establish a prima facie case and prevail on the claim that the City of Montgomery violated ADA. Unless Haynes has a "disability," as that term is defined in the ADA, he has no valid ADA discrimination claim. At best, Haynes' only evidence is that the City could have regarded him as substantially impaired in major life activity pertains to the life activity of working as a firefighter for the City of Montgomery.

Therefore there is no burden shifting analysis required because Haynes cannot establish a prima facie case under ADA. Being a firefighter for the City of Montgomery is not a broad range of jobs. *Bridges v. City of Bossier*, 92 F. 3d 329 (5th Cir. 1996) *cert. denied* 519 U.S. 1093, 117 S. Ct. 770, 136 L.Ed.2d 715 ("An applicant was not disabled under the ADA, since field of firefighting jobs was too narrow to constitute "class of jobs" under regulation providing that substantial limit on major life activity of working means significant restriction on ability to perform either class of jobs

1

or broad range of jobs."); *See also Collado v. United Parcel Service, Co.,* 419 F.3d 1143 (11th Cir. 2005) (no evidence that UPS regarded Collado as substantially limited from any job other than that of full-time driver at UPS, much less from a class or broad range of jobs); *Equal Employment Opportunity Commission v. Schneider National, Inc*., 481 F.3d 507 (7th Cir. 2007) (driving a truck for truck companies that had safety standards higher for drivers than the minimum required by the federal government was too esoteric a capability to be judged a "major" life activity under ADA and employer did not violate ADA when discharged driver employee).

The life activity of working as a firefighter for the City of Montgomery is not a broad range of jobs. Where the major life activity is working, plaintiffs must prove "that they are unable to work in a broad class of jobs." *Toyota Motor Mfg., Ky., Inc. v. Williams,* 534 U.S. 184, 198, 122 S.Ct. 681*,* 151 L.Ed.2d 615 (2002*), quoting Sutton v. United Air Lines, Inc*., 527 U.S. 471, 491, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999); *see also Santiago Clemente v. Executive Airlines*, 213 F.3d 25, 32 (1st Cir. 2000) ("to be substantially limited in the major life activity of working, [the plaintiff] must be precluded from more than a particular job."). Even if the City perceived Eddie Hanyes to be substantially impaired from working as a firefighter for the City of Montgomery, Haynes' claims under ADA still fail.

## II.
### USE BY CITY OF NFPA STANDARDS FOR MEDICAL EVALUATIONS ARE FOR JOB RELATED BUSINESS NECESSITY

It is clear that the ADA permits the City to subject Haynes to fitness for duty evaluations. *See Watson v. City of Miami Beach,* 177 F.3d 932, 935 (11th Cir. 1999). All Montgomery firefighters are held to the same standards. Eddie Haynes wants to be treated differently than other firefighters. Haynes is asking that he not be held to the same standard as the other individuals that hold the same position for the City of Montgomery. Even a burden shifting analysis was required,

the City has articulated a legitimate, non-discriminatory reason for its action.  The City has not proceeded arbitrarily, but rather follows developed standards that have been used by fire fighting organizations throughout the United States.

> The NFPA is the preeminent fire code and standards organization in the United States, and NFPA Document 1582 is "a standard that has been adopted by fire fighting organizations throughout the United States." *Sicard v. Sioux City*, 950 F.Supp. 1420, 1425 (N.D.Iowa 1996).
>
> ...
>
> The National Fire Protection Association [NFPA] is a non-profit organization comprised of fire fighting professionals, occupational specialists, engineers, physicians, and inspectors. The NFPA develops guidelines or standards on numerous topics ranging from building codes and boilers to hazardous materials and protective clothing. The NFPA has developed physical standards for the appointment of firefighters. These standards were the product of consultation between physicians and occupational specialists experienced with the demands and hazards of firefighting.... Many of the standards developed by the NFPA are adopted by [the Occupational Safety and Health Administration] and state agencies. It is estimated that several thousand fire departments use the NFPA's standards for hearing." *Nagel v. Boston Fire Dept*, 18 M.D.L.R. 221, 222 (Oct. 18, 1996).  See *Miller v. Sioux Gateway Fire Dept.* 497 N.W. 2d 838, 842 (Iowa 1993).

*Carleton v. Commonwealth*, 858 N.E.2d 258 (Mass. 2006)

The City of Montgomery has used NFPA standards as its fit for duty standards for firefighters through several administrations.  The standards used by the City are "qualification standards, tests, or selection criteria" developed by professionals in the fire industry that have been determined to be job related or consistent with business necessity for the position of firefighter.  42 U.S.C.A. § 12113 (a).  "The term qualifications standards may include a requirement that an individual shall not pose a direct threat to the health or safety of other individuals in the workplace."  42 U.S.C.A. § 12113 (b).   Also, "an employer is free to decide that physical characteristics or

medical conditions that do not rise to the level of an impairment-such as one's height, build, or singing voice-are preferable to others, just as it is free to decide that some limiting, but not substantially limiting, impairments make individuals less than ideally suited for a job." *Sutton v. United Air Lines, Inc.,* 527 U.S. 471, 491, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999).

It is undisputed that the City uses NFPA standards to determine medical fit for duty status for Montgomery firefighters. It is undisputed that in the line of duty, firefighters are subjected to very high physiological, psychological and environmental demands, and that accordingly firefighters must be capable of withstanding those pressures unique to emergency response and firefighting. NFPA 1582 sets forth detailed requirements and criteria for the City physician to follow in performing fitness assessments. These criteria are very important in protecting the firefighters themselves, as well as the public at large.

The City did not violate 42 U.S.C. § 12112 (d) (4) by exceeding the scope of a permissible medical examination or inquiry. Risks to public health and safety may be considered when reviewing whether a particular standard is justified by business necessity, and "when ... the human risks involved in hiring an unqualified applicant are great, the employer bears a correspondingly lighter burden to show that his employment criteria are job-related…The public interest clearly lies in having the most highly qualified persons available to pilot airliners. The courts, therefore, should proceed with great caution before requiring an employer to lower his pre-employment standards for such a job." *Spurlock v. United Air Lines, Inc.*, 475 F.2d 216, 219 (10th Cir. 1972).

### III.

#### TESTIMONY OF MARY HOUSE KESSLER

Haynes cannot rely on the testimony and report of purported expert Mary House Kessler to prove that the City or Dr. Turner perceived Haynes as unable to perform a broad range of jobs.

Kessler's testimony, refuted or not, is neither reliable nor relevant as it does not have a valid connection to the pertinent inquiry of this case. Kessler has not provided a reliable basis in the knowledge and experience of the discipline for firefighter.

In *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999), the Supreme Court concluded that general principles for scientific testimony set out in *Daubert v. Merrill Dow Pharmaceuticals, Inc.* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), apply to the expert matters described in Rule 702. The Rule, in respect to all such matters, "establishes a standard of evidentiary reliability." *Id.,* at 590, 113 S.Ct. 2786. It "requires a valid ... connection to the pertinent inquiry as a precondition to admissibility." *Id.,* at 592, 113 S.Ct. 2786. And where such testimony's factual basis, data, principles, methods, or their application are called sufficiently into question, the Court must determine whether the testimony has "a reliable basis in the knowledge and experience of [the relevant] discipline." *Id.,* at 592, 113 S.Ct. 2786.

Kessler, in her evaluation, does not consider NFPA standards in determining whether Haynes was perceived as disabled or not. Kessler did not have any discussion with anyone from the City of Montgomery or Dr. Turner. Kessler did not review the NFPA standards which are provided by professionals in the fire industry regarding the discipline of firefighting and the job duties and functions of a firefighter. Kessler did not consider NFPA medical standards required of all firefighters for the City of Montgomery or consider whether other firefighters have been disqualified through fit for duty evaluations under NFPA standards.

It is undisputed that the City only precluded Haynes from being a firefighter for the City of Montgomery. Without consideration of the NFPA standards or talking to anyone with the City, Kessler concludes that the City perceived Haynes as unable to perform any job which exposes him to hazardous conditions. It is not clear what type of analysis Kessler used. However Kessler, a

5

vocational expert in determining disability in terms of qualifying for Social Security, gives no indication that she considered the NFPA standards, the discipline of firefighting or exclusions under the Americans with Disabilities Act. *See* 42 U.S.C. §12113(a) and (b); 29 C.F.R. §1630.2(r); *Watson v. City of Miami Beach*, 177 F.3d 932 (11th Cir. 1999). Haynes is offering expert testimony of an individual that has indicated no knowledge or evaluation of the issues and standards that are the basis of this lawsuit.

Chief Jordan and Dr. Turner have testified that the City of Montgomery uses NFPA standards determine the medical criteria to qualify an individual as a firefighter for the City of Montgomery. Without consideration of these standards by Kessler, her testimony, refuted or not, is not reliable or relevant and should not be admitted as expert testimony.

## IV.

### HAYNES VOLUNTARILY RESIGNED OR ABANDONED HIS JOB

The City put Haynes on administrative leave in March 2005. Haynes went on unpaid leave in May 2005 and was on leave until June 2006. The City tried to help Haynes more than he helped himself. Haynes and his attorney were advised that Haynes' personal physician should contact Dr. Turner so the two doctors could discuss NFPA requirements and the medications issue. The City tried to accommodate Haynes and sent medical authorizations to try to get the medication information from all of his doctors to then provide to Dr. Turner. After approximately fourteen months on leave and failed attempts to help Haynes, Haynes was advised that if he failed return to work fit for duty on May 22, 2006, that pursuant to Montgomery City-County Rules and Regulations, Rule IX, Section I, he would be considered to have resigned from his job as a Montgomery firefighter. Haynes did not comply and was deemed to have resigned by job

abandonment on June 14, 2006.

Submitted this 17th day of March, 2008.

    /s/Kimberly O. Fehl
    Kimberly O. Fehl (FEH001)
    Allison H. Highley (HIG024)
    Attorneys for City of Montgomery

OF COUNSEL:
City of Montgomery
Legal Division
Post Office Box 1111
Montgomery, AL  36101-1111
(334) 241-2050 Telephone
(334) 241-2310 Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that foregoing has been served upon the following by electronic filing and notification through CM/ECF with United States District Court Middle District of Alabama on this 17th day of March, 2008:

    Gerald L. Miller, Esq.
    Keith Brashier, Esq.
    REDDEN, MILLS, & CLARK
    940 Financial Center
    505 North 20th Street
    Birmingham, AL  35203

    /s/Kimberly O. Fehl
    Of Counsel