IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| EDDIE J. HAYNES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:06-CV-1093-WKW |
| | ) | |
| CITY OF MONTGOMERY, ALABAMA, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>ORDER</u>**

This action is before the court on several pretrial motions and objections to certain exhibits. A pretrial conference was held on March 19, 2008, at which the parties presented oral argument. Having considered briefing and oral argument, the court makes the following rulings and reserves ruling on some matters until trial:

*A.* ***Plaintiff's Objections to Defendant's Exhibits (Doc. # 43)***

    1.    **<u>Defendant's Exhibits 3 and 6</u>**

Plaintiff had objected to Defendant's Exhibits 3 and 6; however, the parties indicated that they have resolved the objection. (*See* Doc. # 58.)

    2.    **<u>Defendant's Exhibits 12 and 14</u>**

Plaintiff makes a hearsay objection to portions of Defendant's Exhibits 12 and 14. The objection is OVERRULED so long as the objectionable portion is offered to show the state of mind of the declarants, not to show the truth of the matter asserted, and that the letters themselves are non-hearsay or fall under an exception to the hearsay rule.

3. **Defendant's Exhibits 16 and 17**

Plaintiff's relevancy objection to Defendant's Exhibits 16 and 17 is SUSTAINED. These exhibits shall be excluded.[1]

B. *Plaintiff's Motion in Limine Regarding Expert Testimony (Doc. # 44)*

Plaintiff seeks an order prohibiting the Defendant from introducing any expert testimony or evidence from Dr. Michael Turner, Fire Chief Miford Jordan, or any other witness, and from referencing such matters on the grounds that the Defendant has failed to file expert witness disclosures. The motion is GRANTED to the extent that the testimony of Dr. Turner or Fire Chief Jordan is solicited or offered as expert testimony. These witnesses are fact witnesses and may testify to the facts of this case and items about which they have personal knowledge. Because they were not identified as expert witnesses and Defendant does not purport to offer them as such, they will not be permitted to give their expert opinions.

C. *Plaintiff's Motion in Limine Regarding NFPA Guidelines (Doc. # 48)*

Plaintiff seeks to exclude any evidence "[t]hat the National Fire Protection Association (NFPA) guidelines or 'standards' supercede or take precedence over the provisions of the Americans with Disabilities Act" and "[t]hat the City of Montgomery Fire Department is 'required' by the NFPA to exclude persons taking certain medications from employment as a firefighter or from driving a firetruck or working on the fire line, or taking

---

[1] As directed at the pretrial conference, Defendant should nevertheless provide these excluded exhibits to the courtroom deputy in order to preserve the record.

any other action." The motion is GRANTED for the reasons stated on the record at the hearing; however, Defendant will be permitted to offer testimony that Defendant has a policy of following certain NFPA guidelines or that Defendant looks to the NFPA as a source of best practices.

**D.**     ***Defendant's Motion in Limine Regarding Expert Report and Testimony (Doc. # 49)***

Defendant seeks to exclude all evidence provided by Plaintiff's expert witness, Dr. Mary House Kessler, on the grounds that it is irrelevant pursuant to Rule 402, its probative value is substantially outweighed by the danger of confusion of the issues and misleading the jury pursuant to Rule 403, and it is not based on sufficient facts or data pursuant to Rule 702.

Under Rule 702 of the Federal Rules of Evidence, relevant expert testimony is admissible only if the trial court finds that (1) the expert is qualified to testify about the matters she intends to address; (2) the methodology used by the expert to reach her conclusions is sufficiently reliable; and (3) the expert's testimony will assist the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or determine a fact in issue. *McCorvey v. Baxter Healthcare Corp.*, 298 F.3d 1253, 1257 (11th Cir. 2002) (citing *Maiz v. Virani*, 253 F.3d 641, 664 (11th Cir. 2001)). With respect to Rule 702 objections, Defendant does not challenge Dr. Kessler's qualifications or her methodology; rather, Defendant questions only whether the expert testimony is based upon sufficient facts or data.

The court RESERVES ruling on the motion. The court will allow the Defendant to

voir dire Dr. Kessler outside of the presence of the jury on Tuesday, March 25, 2008, at 9:00 a.m., with respect to the sufficiency of the facts or data underlying Dr. Kessler's expert opinion.

E.   *Defendant's Objections to Plaintiff's Exhibit List, Witness List, and Deposition Designations (Doc. # 50)*

   **1.   Objections to Exhibits**

Defendant objects to Plaintiff's Exhibits 4-8, 10, 14-18, 21, 23-28, 48, 52, 58-59, and 61-65. The court RESERVES ruling on these objections pending review of the proposed exhibits. The objection to Plaintiff's Exhibit 53 has been resolved, and the objections to Plaintiff's Exhibits 50 and 51 will be resolved by the above-mentioned motion in limine.

   **2.   Objections to Witnesses**

Defendant objects to witnesses who may testify about Plaintiff's physical and mental condition or his ability to perform his firefighting duties. Because Defendant does not concede that Plaintiff is a "qualified individual" under the ADA, which is an element of Plaintiff's prima facie case, these objections are OVERRULED. Testimony as to whether Plaintiff could perform the job and whether he was performing the job without difficulty is relevant to the case.

   **3.   Objection to Deposition Designations**

Defendant objects to the designation of Dr. Turner's deposition. The objection is SUSTAINED. Dr. Turner is available to testify and thus the use of his deposition testimony shall be limited to rebuttal, impeachment, and other permissible purposes.

F.   *Other Matters*

Plaintiff's counsel has requested that, when Plaintiff calls Dr. Turner as an adverse witness during Plaintiff's case-in-chief, Defendant not be permitted to do its examination of Dr. Turner at that time. Instead, Plaintiff seeks to have Defendant conduct its direct examination of Dr. Turner during Defendant's case-in-chief. Plaintiff seeks to minimize juror confusion regarding the parties' respective burdens of proof.

The court is authorized to "exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment." Fed. R. Evid. 611(a). Although the court acknowledges Plaintiff's dilemma, requiring Dr. Turner to testify on two different occasions would be wasteful of the court's time, pose an inconvenience to Dr. Turner, and may result in even more jury confusion. Therefore, Plaintiff's request is DENIED.

As directed in the hearing, the parties shall submit one complete exhibit notebook to the chambers of the undersigned **on or before Friday, March 21, 2008, at 3:30 p.m.**

SO ORDERED.

DONE this 20th day of March, 2008.

> /s/ W. Keith Watkins
> UNITED STATES DISTRICT JUDGE