UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| EDDIE J. HAYNES, | ) |
| | ) |
|     PLAINTIFF, | ) |
| | ) |
| vs. | )CASE NO. 2:06-cv-1093-WKW |
| | ) |
| CITY OF MONTGOMERY, ALABAMA, | ) |
| | ) |
|     DEFENDANT. | ) |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND EXPENSES**

### I.   Introduction

Plaintiff seeks an award of reasonable attorney's fees and expenses for services rendered and expenses incurred by his counsel in this action brought under the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 et seq.  Section 12117(a) incorporates the powers, remedies, and procedures from the Civil Rights Act of 1964 to actions under the ADA.  42 U.S.C. §2000e-5(k) provides that in actions under the Civil Rights Act of 1964 "the court, in its discretion, may allow the prevailing party....a reasonable attorney's fee (including expert fees) as part of the costs...."  The Plaintiff, having obtained a jury verdict against the Defendant in the amount of $90,000 for back pay and $270,000 for emotional pain and mental anguish, seeks an award of reasonable attorney's fees and expenses as the prevailing party.

## II. Argument

The standard for determining prevailing party status is whether a litigant succeeds on any significant issue in the litigation which achieves some of the benefits sought in bringing the action. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The Eleventh Circuit has recognized that prevailing party status does not require complete success on every claim or issue. See, e.g., Ensley Branch, N.A.A.C.P. v. Seibels, 31 F.3d 1548, 1582 (11th Cir. 1994) (party prevailed even though relief obtained was to a lesser extent than desired); Ruffin v. Great Dane Trailers, 969 F.2d 989, 993-94 (11th Cir. 1992) (partial victory in no way precludes recovery of fees); Crowder v. Housing Authority of City of Atlanta, 908 F.2d 843, 849 (11th Cir. 1990) (plaintiffs prevailed in constitutional challenge to housing authority polices by obtaining permanent injunctive relief through a settlement, even though no declaratory or monetary relief was included). In this case, in which Mr. Haynes prevailed on two of the three claims he brought, and was awarded a total of $360,000, there is no doubt that he is the prevailing party.

While the statute on its face makes the award of attorney's fees discretionary with the Court, that discretion is circumscribed by the requirement that fees be granted "absent special circumstances," as to which the Defendant has the burden of proof. See New York Gaslight Club, Inc. v. Carey, 447 U.S. 54, 63, 68 (1980); Martin v. Heckler, 773 F.2d 1145, 1150 (11th Cir. 1985). There are no such "special circumstances" here.

The first step in determining attorney's fees is to calculate the lodestar by multiplying

the number of hours reasonably expended on the litigation times a reasonable hourly rate. Blum v. Stenson, 465 U.S. 886, 888 (1984); Hensley, 461 U.S. at 433; Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills. Norman, 836 F.2d at 1299. Counsel are entitled to current rates to compensate for inflation and interest. Id. at 1302.

In 1998, Judge Myron Thompson of this District concluded, at that time, the customary or usual billing rate for civil rights cases in the Montgomery area ranged from approximately $125 to approximately $350 per hour in certain cases. Dillard v. City of Foley, 995 F. Supp. 1358, 1373 (M.D. Ala. 1998). Even more significantly, Judge Thompson determined "the customary fees for attorneys working on employment discrimination cases in the Montgomery area ranges from $130.00 to $300.00" eight years ago, in the year 2000. Ramsey v. State of Alabama Public Service Commission, 2000 W.L. 426187 at *6 (M.D. Ala. April 13, 2000). As this Court judicially knows, those customary rates have substantially increased in the past eight years.

Plaintiff also directs the Court's attention to the affidavits of the Plaintiff's attorneys and the Declarations of M. Wayne Sabel and Jimmy Jacobs. These affidavits further establish that the hourly rates sought by Plaintiff's attorneys are reasonable.

Prevailing parties are entitled to compensation for all hours reasonably expended by their counsel. "Hours reasonably expended" means "billable hours – that is, work that would

be paid for by a reasonable client of means seriously intent on vindicating the rights in issue." Perkins v. Mobile Housing Board, 847 F.2d 735, 738 (11th Cir. 1988). In addition, it is well-settled that compensation for time expended in pursuit of attorneys' fees is proper. Johnson v. State of Mississippi, 606 F.2d 635, 638 (5th Cir. 1979). The Eleventh Circuit in Norman instructs that "the measure of reasonable hours is determined by the profession's judgment of the time that may be conscionably billed and not the least time in which it might theoretically have been done." 836 F.2d at 1306. "Sworn testimony that, in fact, it took the time claimed is evidence of considerable weight on the issue of the time required in the usual case and, therefore, [to not be recoverable] it must appear that the time claimed is obviously and convincingly excessive under the circumstances." Perkins, 847 F.2d at 738.

The affidavits of Plaintiff's counsel and the Declarations of M. Wayne Sabel and Jimmy Jacobs establish that the hours for which Plaintiff seeks compensation were reasonably expended.

Defendant may argue that the attorney's fee should be reduced because the Defendant prevailed on one of the three claims brought. There is no legal or factual basis for such an argument.

In Popham v. City of Kennesaw, 820 F.2d 1570, 1578-79 (11th Cir. 1987) the Eleventh Circuit summarized the law with respect to attorney's fee awards in cases in which the Plaintiff does not prevail on all claims:

> [W]here the plaintiff prevails on only some of his claims, as is the case here, special considerations come into play. First, the court should calculate

the lodestar amount -- the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. <u>Hensley</u>, 461 U.S. at 433, 103 S.Ct. at 1939. Having calculated that amount, the court can then reduce the lodestar to reflect the plaintiffs partial success. If the claims on which the plaintiff did not prevail and the claims on which he did prevail were "distinctly different claims ... based on different facts and legal theories," the court cannot award any fee for services on the unsuccessful claims. <u>Id</u>, at 434-35, 103 S.Ct. at 1939-40. However, if the unsuccessful and the successful claims "involve a common core of facts" or are "based on related legal theories," the court must compare the plaintiff's overall relief with the number of hours reasonably expended on the litigation. <u>Id</u>. at 435, 103 S.Ct. at 1940. If the plaintiff obtained "excellent results," his attorney should be fully compensated for all time reasonably expended on the litigation. <u>Id</u>. However, if the plaintiff obtained only "partial or limited success," the court may reduce the lodestar amount if it believes that amount is excessive in relation to the plaintiff's relief. That decision rests in the discretion of the district court. <u>Id</u>. at 436-37, 103 S.Ct. at 1941-42.

In this case, all three claims, both the successful and unsuccessful claims, involved a common core of facts and were based on related legal theories. They were not distinctly different claims. It cannot be doubted that the Plaintiff obtained "excellent results." Each of the three claims brought by the Plaintiff sought the same damages – back pay and mental anguish and emotional pain resulting from the involuntary leave and termination of the Plaintiff. The jury awarded the Plaintiff the full amount of back pay proven and asked for, and a very significant sum for compensatory damages. In fact, the $270,000 awarded for mental anguish and emotional distress is only slightly less than the maximum statutory cap under 42 U.S.C. §1981a for the largest employers, such as the City of Montgomery.

As explained in the Affidavit of Gerald L. Miller, there was no time or virtually no time spent on the medical examinations claim that can be separated from the work related

to the other two claims. All of the discovery, including the deposition of Dr. Turner, and the trial preparation and time spent in trial was related to and was relevant to all three claims. Since the time expended on the medical examinations claim cannot be separated from the remaining time, there should be no deduction. United States v. Terminal Transport Co., 653 F.2d 1016, 1020 n.10 (5th Cir. 1981) (Where "it is impossible to allocate time among successful and unsuccessful claims and the plaintiffs have prevailed in the greater part of their case, time spent in good faith on the preparation and pursuit of unsuccessful claims should not be excluded in computing the fee award"); Hensley, 461 U.S. at 440 ("Where a lawsuit consists of related claims, a Plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the District Court did not adopt each contention raised").

There is no factual or legal basis here for reducing the fee award.

Courts in the Eleventh Circuit have long awarded litigation expenses as part of costs under the civil rights statutes. Dowdell v. City of Apopka, Florida, 698 F.2d 1181, 1188 (11th Cir. 1983). All reasonable expenses should be fully recoverable. Id. at 1192. All of the expenses incurred by the Plaintiff are reasonable in amount and were reasonably and necessarily incurred.

### III. Conclusion

For the reasons stated, Plaintiff's Motion for Attorney's Fees and Expenses should be granted, and Plaintiff should be awarded the fees and expenses requested therein.

          Respectfully submitted,

          /s/ Gerald L. Miller
          GERALD L. MILLER (MIL039)
          /s/ Keith E. Brashier
          KEITH E. BRASHIER (BRA113)
          Attorneys for Plaintiff

**OF COUNSEL:**

REDDEN, MILLS & CLARK, LLP
505 North 20th Street
940 Financial Center
Birmingham, Alabama 35203
(205) 322-0457

## CERTIFICATE OF SERVICE

     I hereby certify that on the 18th day of April, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Allison H. Highley
Kimberly O. Fehl
Assistant City Attorneys
City of Montgomery
P.O. Box 1111
Montgomery, Alabama 36101-1111

          /s/ Gerald L. Miller
          OF COUNSEL