UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| EDDIE J. HAYNES, | ) |
| | ) |
|     PLAINTIFF, | ) |
| | ) |
| vs. | ) CASE NO. 2:06-cv-1093-WKW |
| | ) |
| CITY OF MONTGOMERY, ALABAMA, | ) |
| | ) |
|     DEFENDANT. | ) |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION FOR EQUITABLE RELIEF**

**I.  Introduction**

In this action under the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 et seq., Plaintiff seeks the equitable relief set out in Plaintiff's Motion For Equitable Relief and discussed in this Memorandum.  42 U.S.C. §12117(a) incorporates the powers, remedies, and procedures from the Civil Rights Act of 1964 to actions under the ADA.  42 U.S.C. §2000e - 5(g) provides that in actions under the Civil Rights Act of 1964 the Court may "order such affirmative action as may be appropriate, which may include, but is not limited to, reinstatement or hiring of employees, with or without back pay ... or any other equitable relief as the Court deems appropriate."  As the United States Supreme Court made clear in Albemarle Paper Co. v. Moody, 422 U.S. 405, 418 (1975) the fundamental objective of the statute and the duty of the Court is to remedy violations by making the victims of discrimination whole.

-1-

As the Eleventh Circuit has said time and time again, the purpose of the discrimination statutes are to make the Plaintiff "whole," to restore the Plaintiff to the economic position he would have occupied but for the illegal discrimination of the employer. Castle v. Sangamo Weston, Inc., 837 F.2d 1550, 1561 (11th Cir. 1988); Nord v. U.S. Steel Corp, 758 F.2d 1462, 1470 (11th Cir. 1985); Darnell v. City of Jasper, Alabama, 730 F.2d 653, 655 (11th Cir. 1984). The statutes vest broad equitable discretion in the federal courts to grant any equitable relief the Court deems appropriate to make possible the fashioning of the most complete relief possible. Nord v. U.S. Steel Corp, 758 F.2d at 1470; Darnell v. City of Jasper, Alabama, 730 F.2d at 655. Referring specifically to the Americans with Disabilities Act, the Eleventh Circuit has stated that the central purpose of the statute is to make the employee whole, to restore the employee to the economic position the employee would have occupied but for the illegal discrimination of the employer. Farley v. Nationwide Mutual Insurance Co., 197 F.3d 1322, 1338 (11th Cir. 1999).

## II.  Reinstatement or Front Pay

Mr. Haynes seeks reinstatement or, alternatively, front pay. The Eleventh Circuit has held that prevailing Title VII (and by implication, ADA) plaintiffs are presumptively entitled to either reinstatement or front pay. Weaver v. Casa Gallardo, Inc., 922 F.2d 1515, 1528 (11th Cir. 1991). The presumption in the Eleventh Circuit is a rule of "presumptive reinstatement in wrongful discharge cases" for victorious plaintiffs. Farley v. Nationwide Mutual Insurance Co., 197 F.3d 1322, 1338 (11th Cir. 1999). The Eleventh Circuit has

observed that "reinstatement offers the most likely means of making a plaintiff whole by allowing [him] to continue [his] career as if the discrimination had not occurred." Id.

In this case, there is no apparent reason why reinstatement would not be appropriate. The testimony at trial was that Mr. Haynes was a good Firefighter. Chief Jordan further testified that he is in constant need of additional Firefighters. However, when Plaintiff's counsel moved for reinstatement immediately after the verdict, the City opposed it, but did not state a reason. Until the City makes its reasons for opposing reinstatement known, Plaintiff cannot further respond.

If the Court should find reinstatement is not appropriate, then Mr. Haynes would presumptively be entitled to front pay. Weaver, 922 F.2d at 1528. For example, where "discord and antagonism between the parties would render reinstatement ineffective as a make-whole remedy," a court may consider an award of front pay in lieu of reinstatement. Goldstein v. Manhattan Industries, Inc., 758 F.2d 1435, 1449 (11th Cir. 1985).

If the Court should determine to award front pay instead of reinstatement, it would appear the Court would look to Castle v. Sangamo Weston, Inc., 837 F.2d 1550 (11th Cir. 1988), James v. Stockham Valves and Fittings Co., 559 F.2d 310, 358 (5th Cir. 1977) and EEOC v. Joe's Stone Crab, Inc., 15 F. Supp. 2d 1364, 1380 (S.D. Fla. 1998). It would appear that the amount would be computed by calculating the pay Plaintiff would receive if he had continued to be employed by Defendant less amounts he would be expected to earn in mitigation through other employment, until the age of retirement or until he ceases to

suffer a loss in future pay. The speculative nature of front pay does not preclude such an award. Castle v. Sangamo Weston, Inc., 837 F.2d 1550, 1562 (11th Cir. 1988) ("District courts have had considerable experience with damages for future wages in employment contract and personal injury cases, ... as well as front pay cases under Title VII.").

In this case, the only difficult feature of the calculation is the period of time for which front pay will be allowed. The amount of Plaintiff's biweekly pay at the time he was placed on leave was $1,432.19 (Plaintiff's Exhibit 44). In Virgo v. Riviera Beach Associates, Inc., 30 F.3d 1350 (11th Cir. 1994) the Eleventh Circuit approved of a three percent per year cost-of-living adjustment in computing front pay. Plaintiff suggests the same would be appropriate in this case. The evidence at trial also reflects that Mr. Haynes was able to earn a total of $38,000.00 during the three years between the date he was placed on leave and the date of trial. This is an average of $12,666.66 per year.

An award of front pay will not be denied because it is in some measure speculative. Any uncertainty should be resolved in favor of the injured party and against the employer who wrongfully discriminated against the employee. The evidence at trial was that Mr. Haynes was employed by the City on April 13, 1990. It is suggested if the Court awards front pay, it should be awarded for a period ending April 13, 2010. This is because Mr. Haynes would have reached full eligibility for retirement at that time, after twenty years of service with the City. Such a remedy would be consistent with Munoz v. Oceanside Resorts, Inc., 223 F.3d 1340, 1349 (11th Cir. 2000), in which the Eleventh Circuit affirmed

the district court's decision to award front pay for two years, until the Plaintiff reached his intended retirement age. In Munoz, the Eleventh Circuit indicated comfort in awarding front pay to a plaintiff's normal retirement age. This would result in a front pay award of approximately two years - from March 27, 2008 until April 13, 2010.[1]

### III.  Prejudgment Interest

Plaintiff also requests an award of prejudgment interest on the jury's back pay award. The Eleventh Circuit has reserved ruling on whether the decision to award prejudgment interest in a Title VII back pay case lies within the discretion of the district court. EEOC v. Guardian Pools, Inc., 828 F.2d 1507, 1512 (11th Cir. 1987). In a case under the Age Discrimination in Employment Act, the Eleventh Circuit held that an award of prejudgment interest is discretionary with the court. Wilson v. S&L Acquisition Co, L. P., 940 F.2d 1429, 1439 (11th Cir. 1991). The United States Supreme Court has recognized that prejudgment interest is necessary to provide complete compensation to victims of discrimination and make them whole. Loeffler v. Frank, 486 U.S. 549, 558-59 (1988). The prevailing view is that the decision to award prejudgment interest on back pay is discretionary. George v. GTE Directories Corp, 114 F. Supp. 2d 1281, 1300 (M.D. Fla. 2000); Gloria v. Valley Grain Products, Inc., 72 F.3d 497, 500 (5th Cir. 1996).

---

[1] On the other hand, if the Court orders reinstatement, Mr. Haynes will then be entitled to lost wages (which could be called either back pay or front pay) from the date of the verdict (March 27, 2008) until the date the City actually reinstates him. See Nord v. United States Steel Corporation, 758 F.2d 1462, 1472-73, 1474 n.13 (11th Cir. 1985) (back pay does not end on date of verdict, but extends to date of entry of judgment and, if reinstatement is ordered, extends to date of reinstatement).

Many courts, however, apply a presumption of entitlement to prejudgment interest on an award of back pay to a successful Title VII plaintiff. Richardson v. Tricom Pictures & Productions, Inc., 334 F. Supp. 2d 1303, 1317 (S.D. Fla. 2004); Drews v. Social Development Commission, 95 F. Supp. 2d 985, 991 (E.D. Wis. 1998); Robinson v. Southeastern Pennsylvania Transportation Authority, 1993 W.L. 126449, *2 (E.D.Pa. 1993).

A primary requirement for recovering prejudgment interest is that the amount be easily ascertainable. Daniels v. Pipefitters' Association Local Union No. 597, 945 F.2d 906, 924 (7th Cir. 1991); Ward v. Tipton County Sheriff Department, 937 F. Supp. 791, 800 (S.D. Ind. 1996); EEOC v. Accurate Mechanical Contractors, Inc., 863 F. Supp. 828, 837 (E.D. Wis. 1994).

In this case, the amount of prejudgment interest is easily ascertainable. The Eleventh Circuit has held that where prejudgment interest is appropriate, the "interest rate for prejudgment interest on back pay awards under Title VII depends on the IRS prime rates calculated in accordance with 28 U.S.C. §1961." McKelvy v. Metal Container Corp., 854 F.2d 448, 454 (11th Cir. 1988). See also EEOC v. Guardian Pools, Inc., 828 F.2d 1507, 1512 (11th Cir. 1987) (citing NLRB decision in Florida Steel Corp. which references 26 USC §6621 as the source for the IRS prime rate).

There are sounds reasons for this Court to exercise its discretion and award prejudgment interest on the back pay award of Mr. Haynes. First, prejudgment interest is

necessary to provide complete compensation to Mr. Haynes and make him whole. <u>Ward v. Tipton County Sheriff Department</u>, 937 F. Supp. at 800. Without prejudgment interest, the Defendant would receive the benefit of the time value of the money, which would provide an incentive for the Defendant to delay the proceedings. <u>Id</u>. Without prejudgment interest, a plaintiff is not fully compensated for both the loss of income and the loss of use of that income. <u>Id</u>.

Mr. Haynes requests prejudgment interest through the date this Court enters its final judgment. Denying prejudgment interest will simply give the City incentive to delay resolution of these post-trial issues.

### IV. Injunctive Relief to Restore Plaintiff's Pension and Retirement Account

Mr. Haynes also seeks an order from the Court requiring the City to restore his pension and retirement account as a part of the relief necessary to make him whole. Because Mr. Haynes was wrongfully placed on leave without pay and then terminated, he was left without sufficient income to meet his basic needs, forcing him to withdraw the contributions he had made over the years to his retirement account with the City, in the amount of $24,812.27. He was forced to forfeit the amount which the City had contributed over the years to his retirement account, plus the accrued interest or investment gains. This amount is unknown to Mr. Haynes and his counsel, but should be readily ascertainable by the City. In order to make Mr. Haynes whole the City should be ordered to restore to Mr. Haynes' retirement account the contributions it made over the years, plus the interest and investment

gains, conditioned upon Mr. Haynes' payment back into the account the amount he withdrew of his own contributions. That would return Mr. Haynes' retirement account to the position in which it existed at the time of his termination. The City should also be ordered to contribute an additional sum to the account equal to the amount the City would have been required to contribute based on the gross amount of pay Mr. Haynes would have earned during the three year period from March 2005 until the date of trial, March 2008. The amount of such gross earnings, according to the evidence at trial, plus the three percent annual cost of living adjustment discussed earlier, is $115,099.27.[2] The City should readily be able to calculate the amount it would have been required to contribute to the retirement fund based on that amount of earnings, and it should be required to make that contribution. If the City's contribution is contingent upon a contribution by Mr. Haynes, the City's obligation should be contingent upon Mr. Haynes contributing his amount to the fund.

The authority for this remedy is the fundamental objective of the ADA to make the victims of discrimination whole and the duty of the Court to render a decree that restores the employee to the economic position he would have occupied but for the illegal discrimination. Farley v. Nationwide Mutual Insurance Co., 197 F.3d 1322, 1338 (11th Cir. 1999).

In addition, in Jepsen v. Florida Board of Regents, 754 F.2d 924, 926-27 (11th Cir. 1985) the Eleventh Circuit affirmed the remedy fashioned by the trial court where the

---

[2] $37,236.94 + 38,355.83 + 39,506.50 = $115,099.27

defendant had discriminatorily failed to promote the plaintiff, consisting of back pay and an order instructing the defendants to adjust the retirement benefits of the plaintiff in accordance with the higher pay that she should have received over the years.  Finally, in <u>Verbraeken v. Westinghouse Electric Corp.</u>, 881 F.2d 1041 (11th Cir. 1989), the wrongfully terminated plaintiff, after a jury trial and an award of compensatory and liquidated damages, interest and costs, then moved the trial court for further relief, including "restoration of all other employment benefits lost as a consequence of his termination (bridging of benefits)." 881 F.2d at 1044.  After the district court denied that motion without comment, Verbraeken appealed.  The Eleventh Circuit reversed, citing the "make whole" purpose of the statute, and remanded the case to the trial court, stating, "If a trial court refuses to grant further legal or equitable relief to a plaintiff who insist such relief is necessary to make the plaintiff whole, it must articulate its rationale." 881 F.2d at 1052.  The Eleventh Circuit remanded the case to the district court for that purpose.

## V.  Conclusion

For the reasons stated, Plaintiff's Motion for Equitable Relief should be granted.

                                Respectfully submitted,

                                /s/ Gerald L. Miller
                                GERALD L. MILLER (MIL039)
                                <u>/s/ Keith E. Brashier</u>
                                KEITH E. BRASHIER (BRA113)
                                Attorneys for Plaintiff

**OF COUNSEL:**

REDDEN, MILLS & CLARK, LLP
505 North 20th Street
940 Financial Center
Birmingham, Alabama 35203
(205) 322-0457

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of April, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Allison H. Highley
Kimberly O. Fehl
Assistant City Attorneys
City of Montgomery
P.O. Box 1111
Montgomery, Alabama 36101-1111

                                            /s/ Gerald L. Miller
                                            OF COUNSEL