IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **EDDIE J. HAYNES,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )   Case No. 2:06-cv-1093-WKW |
| | ) |
| **CITY OF MONTGOMERY, ALABAMA,** | ) |
| | ) |
|     **Defendant.** | ) |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION
### FOR ATTORNEYS' FEES AND EXPENSES

Defendant, City of Montgomery ("the City"), submits this response Plaintiff's Motion for Attorneys' Fees and Expenses (Doc. 71) and respectfully moves this Court to deny the same, and says:

1.    At the conclusion of the trial in this matter, the jury returned a verdict for Plaintiff on two of three claims and awarded Plaintiff $360,000 in damages. On April 18, 2008, Plaintiff filed a Motion for Attorneys' Fees and Expenses (Doc. 71), seeking $94,045.00 for attorneys' fees and $6,577.07 for expenses. Entry of Final Judgment is still pending.

2.    Defendant has filed herewith a Rule 50(b) Renewed Motion for Judgment as a Matter of Law and a Rule 59 Motion for New Trial or Remittitur, and incorporates herein by reference the evidence and arguments contained therein as additional argument against Plaintiff's request for fees and expenses.

### A. ATTORNEY'S FEES

3.    The City objects to the amount of attorney fees requested by Plaintiff as excessive and otherwise unnecessary. Plaintiff was told in March 2005 that he was on leave until he could get his medication issues resolved. Plaintiff's attorney was informed in August 2005 that Plaintiff needed to get his personal physician to contact the physician for the City in an effort to

clear his medication issues so he could return to work as a firefighter. *(Defendant's Trial Exhibit 5).* The City was clear to Plaintiff and his counsel of its instructions regarding the prescription medication issue so Plaintiff could return to work.

    4.    The City tried to assist Plaintiff by offering to collect his medial records to submit to Dr. Turner for further review of his prescriptions. *(Defendant's Trial Exhibit 5 and Plaintiff's Trial Exhibit 31).* On August 9, 2005, Plaintiff's counsel returned the medical releases signed by Plaintiff on August 8, 2005. *(Plaintiff's Trial Exhibit 31).* The releases are very specific regarding what the City wanted for Haynes to be able to return to duty. *(Plaintiff's Trial Exhibit 31).* Plaintiff refused to do so, instead building damages and attorneys' fees that could have all been avoided.

    5.    Plaintiff is correct in saying that this Court has discretion to award reasonable attorneys' fees as a part of costs, but the Court is not required to award such fees. The relevant statutory provision states "… the court, in its discretion, may allow the prevailing party … a reasonable attorney's fee … as part of costs." 42 U.S.C. § 2000e-5.

    6.    Plaintiff made no effort to get himself returned to work by complying with his employer's request to get his medication issues resolved between his personal physician and Dr. Turner. He made no claim of violation under ADA until May 31, 2006, after his final fitness for duty evaluation. Plaintiff and his attorney simply chose to ignore the City's request for more information until he was terminated, instead needlessly building damages and attorneys' fees. This behavior should not be rewarded and an award of the full amount of fees requested would be unreasonable.

    7.    The Eleventh Circuit has adopted a three-prong approach to assessing a civil rights plaintiff's fee application. *George v. GTE Directory Corp.,* 114 F. Supp.2d 1281, 1284

(M.D. Fla. 2000) [1]. Under this approach, the threshold issue is whether Plaintiff qualifies as a "prevailing party" under the statute. *Id.* Because Plaintiff did achieve some success, the City does not dispute at this stage that Plaintiff may be considered a prevailing party for purposes of 42 U.S.C. § 12205. The City notes, however, that whether Plaintiff prevails may change based on its Renewed Motion for Judgment as a Matter of Law and Motion for New Trial and Remittitur, both pending before the Court.

8.  Ordinarily "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Thornton v. Wolpoff & Abramson, L.L.P.*, 2008 WL 185517, 2 (11th Cir. 2008), *quoting Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S.Ct. 1933, 1939 (1983). This amount is ordinarily referred to as the "lodestar." *Thornton v. Wolpoff & Abramson, L.L.P.*, 2008 WL 185517, 2 (11th Cir. 2008), *citing Ass'n of Disabled Ams. v. Neptune Designs, Inc.*, 469 F.3d 1357, 1359 (11th Cir.2006). The district court should exclude from this calculation "hours that were not 'reasonably expended.'" *Thornton v. Wolpoff & Abramson, L.L.P.*, 2008 WL 185517, 2 (11th Cir. 2008), *quoting Hensley*, 461 U.S. at 434, 103 S.Ct. at 1939.

9.  The court should then address whether the fee should be adjusted upward or downward and may be guided by the twelve factors described in *Thornton v. Wolpoff & Abramson, L.L.P.*, 2008 WL 185517, 2 (11th Cir. 2008), *citing Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir.1974). "There is no precise rule or formula for making these determinations. The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." *Thornton v.*

---

[1] The Court in *George* interpreted the fee shifting provisions contained in Section 1988. However, Courts have held that all fee-shifting statutes are to be interpreted similarly. *See Independent Federation of Flight Attendants v. Zipes,* 491 U.S. 754, n. 2 (1989); *Bruce v. City of Gainesville*. 177 F.3d 949, 951 (11th Cir. 1999).

*Wolpoff & Abramson, L.L.P.*, 2008 WL 185517, 2 (11th Cir. 2008), *quoting Hensley*, 461 U.S. at 436-37, 103 S.Ct. at 1941.

10. Applying these and other factors and conditions, any attorneys' fees awarded should be reduced to the extent they were unnecessary in light of the opportunity available to Plaintiff and his counsel to resolve this matter without litigation three years ago. *See e.g. Luciano v. Olsten Corp.*, 109 F.3d 111, 73 Fair Empl. Prac. Cas. (BNA) 1571, 70 Empl. Prac. Dec. (CCH) ¶44573, 151 A.L.R. Fed 681 (2d Cir. 1997) (The district court's 15% reduction in the number of hours spent by counsel in calculating the attorneys' fee award in an employment discrimination case, based upon counsel's unnecessary and contentious conduct, was affirmed).

11. In the alternative, the Court should stay its ruling on Plaintiff's Motion for Attorneys' Fees. Defendant's Renewed Motion for Judgment as a Matter of Law and Motion for New Trial or Remittitur are pending before the Court, and if these motions are denied, Defendant will appeal this case to the Eleventh Circuit. It is premature to rule upon the issue of fees and expenses while the issue of whether Plaintiff truly prevails remains pending.

12. This court has wide discretion in deciding whether to award attorneys' fees, but "a district court abuses its discretion when it fails to apply the appropriate legal standard, follows improper procedures, or relies upon clearly erroneous findings of fact." *Sierra Club v. Hankinson*, 351 F.3d 1358, 1361 (11th Cir. 2003), *citing ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999). Here, Defendant submits that the findings of fact upon which the jury's verdict was based were clearly erroneous and therefore it is within the Court's discretion to deny Plaintiff's request for fees.

13. The Court should exercise its discretion and deny Plaintiff's Motion for Attorneys' Fees on the grounds that they are excessive and unnecessary and were largely

4

generated in bad faith. Plaintiff did nothing to mitigate the amount of his attorney's fees and should not be rewarded for such behavior. Further, any award of fees should be stayed until this court, on Defendant's motions, or the Eleventh Circuit Court of Appeals has determined whether Plaintiff is entitled to prevail on his claims.

### B.  COSTS

14.  Rule 54(d) of the Federal Rules of Civil Procedure provides that "costs shall be allowed as of course to the prevailing party unless the Court otherwise directs," Fed. R. Civ. P. 54(d), creating a presumption in favor of awarding costs to the prevailing party. *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352, 101 S. Ct. 1146, 1150, 67 Ed.2d 287 (1981). However, Rule 54(d) does not give the district judge "unrestrained discretion to tax costs to reimburse the litigant for every expense he has seen fit to incur in the conduct of his case." *Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 235, 13 L.Ed.2d 248, 85 S.Ct. 411 (1964). Rather, the Supreme Court has held that district courts are limited in the costs that may be reimbursed by the list of items set forth in 28 U.S.C. § 1920 and other related statutes. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445, 96 L.Ed.2d 385, 107 S.Ct. 2494 (1987).

15.  28 U.S.C. § 1920, which provides that this Court may tax as costs: "(1) Fees of the clerk and marshal; (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and copies of papers necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title."

16. Although the Court possesses broad discretion whether to award costs, it cannot award as costs items not listed in Section 1920. *See e.g. Duckworth v. Whisenant,* 97 F. 3d 1393, 1399 (11th Cir. 1996).

17. Under the civil rights fee-shifting statutes, a prevailing party is entitled to recover more in the way of litigation expenses than that provided under Section 1920. *See NAACP v. City of Evergreen*, 812 F.2d 1332, 1337 (11th Cir. 1987). However, even under the more liberal standard provided for by the civil rights statutes, recoverable expenses must be "reasonable." *Dowdell v. City of Apopka,* 698 F.2d 1181, 1192 (11th Cir. 1983).

18. Here, Plaintiff seeks reimbursement, *inter alia,* for meals, lodging and travel expenses. Such costs are not designated as "taxable" under 28 U.S.C. § 1920, nor has Plaintiff made any showing that such costs were necessary or "reasonable" as required to recover costs under the more liberal civil rights statutes. The trial of this matter was held in the Middle District of Alabama, the same venue in which Plaintiff filed suit. Defendant should not have to compensate Plaintiff for costs unnecessarily incurred for a hotel room rented solely for his attorneys' convenience. The motion to tax costs associated with Plaintiff's counsels' meals, lodging and travel expenses should be denied.

WHEREFORE, Defendant respectfully requests that Plaintiff's Motion for Attorneys' Fees and Expenses be denied, or in the alternative, stayed until this matter's final resolution. If the Court does grant Plaintiff's request for attorneys' fees and expenses, Defendant requests that the Court consider reduction of the fees to the amount incurred only through August 2005 when Plaintiff received written notice from the Defendant of what he must do to return to his job as a firefighter for the City of Montgomery.

Respectfully submitted this 9th day of May, 2008.

                      /s/Kimberly O. Fehl_____  
                      Allison H. Highley (HIG024)  
                      Kimberly O. Fehl (FEH001)  
                      Attorneys for City of Montgomery

OF COUNSEL:  
City of Montgomery  
Legal Department  
Post Office Box 1111  
Montgomery, AL 36101-1111  
(334) 241-2050 Telephone  
(334) 241-2310 Facsimile

## **CERTIFICATE OF SERVICE**

I hereby certify that foregoing has been served upon the following by electronic filing and notification through CM/ECF with United States District Court Middle District of Alabama on this 9th day of May, 2008:

        Gerald L. Miller, Esq.  
        Keith Brashiers, Esq.  
        REDDEN, MILLS, & CLARK  
        940 Financial Center  
        505 North 20th Street  
        Birmingham, AL  35203

                      /s/Kimberly O. Fehl  
                      Of Counsel