IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **EDDIE J. HAYNES,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:06-cv-1093-WKW |
| | ) |
| **CITY OF MONTGOMERY, ALABAMA,** | ) |
| | ) |
| Defendant. | ) |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR EQUITABLE RELIEF

Defendant, City of Montgomery ("the City"), submits this response to Plaintiff's Motion for Equitable Relief (Doc. 73) and respectfully moves this Court to deny the same and says:

1. Although Plaintiff had complete control of his return to duty as a firefighter in March 2005 and chose not to exercise it, Plaintiff now argues that he should be reinstated to the position of firefighter, or in the alternative, that he should be awarded front pay. Plaintiff also seeks prejudgment interest and a restoration of Plaintiff's retirement account to the position Plaintiff would have enjoyed had he not left the City. For the reasons below, the City moves this Court to deny all three requests for equitable relief.

### A. REINSTATEMENT OR FRONT PAY

2. Like all remedies under Title VII, whether to order reinstatement is within the sound discretion of the trial court. *Goldstein v. Manhattan Indus., Inc.*, 758 F.2d 1435, 1448 (11th Cir. 1985). Reinstatement is an inappropriate remedy in this case.

3. Defendants have shown unusual and extraordinary circumstances which warrant not reinstating Plaintiff. At trial, there was evidence that there are no light duty jobs for unranked firefighters. In fact, when a firefighter is injured on the job, he "sits around the kitchen table" until he is cleared for duty by a medical professional. If this Court were to order the City of

Montgomery to reinstate Haynes to his position as firefighter, in light of the potential risks and notice thereof, the City would be forced to have Haynes "sit around the kitchen table" because he does not meet the standards for working on the fireline or driving the fire apparatus.

4. Reinstatement is not always required as equitable relief. Extenuating circumstances that would warrant not awarding reinstatement include situations where "discord and antagonism between the parties would render reinstatement ineffective as a make-whole remedy." *Goldstein*, 758 F.2d at 1449; *see also Wilson v. S&L Acquisition Co.*, 940 F.2d 1429, 1438 (11th Cir.1991) (recognizing that "[t]he general rule is that prospective damages are awarded in lieu of reinstatement when it is not feasible to reinstate the employee"); *Mt. Haskins v. City of Boaz*, 822 F.2d 1014, 1015 (11th Cir.1987) (noting that front pay "is an appropriate [equitable] remedy when reinstatement is impracticable or inadequate").

5. Here, the City is not merely asserting the existence of an antagonistic relationship, a ground sometimes held insufficient to deny reinstatement. *See e.g. Sterzing v. Fort Bend Independent School District, 496 F.2d 92* (5th Cir. 1974).[1] Due to the unique nature of firefighting and the significant risks to the firefighters and the public at large, the City cannot allow Haynes to perform the work of firefighter for the City of Montgomery.

6. Congress in § 706(g) has vested broad equitable discretion in the federal courts to "order such affirmative action as may be appropriate, which may include, but is not limited to, reinstatement or hiring of employees, with or without back pay . . . , or any other equitable relief as the court deems appropriate." *Franks v. Bowman Transp. Co., Inc.*, 424 U.S. 747, 765, 96 S.Ct. 1251, 1264 (1976). The key is what this Court deems appropriate. In light of the unusual job and high exposure to risk, it would be an inappropriate remedy to order reinstatement. So

---

[1] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit that were rendered prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

long as the equitable remedy chosen is consistent with the statutory purposes of the ADA, the trial court has "broad discretion" in fashioning relief. *Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322 (11th Cir. 1999), *citing Verbraeken v. Westinghouse Elec. Corp.*, 881 F.2d 1041, 1052 (11th Cir. 1989).

7.  Front pay is compensation for future economic losses stemming from present discrimination that cannot be remedied by traditional rightful-place relief, such as reinstatement. The Eleventh Circuit has characterized front pay as "a special remedy" and has held that such relief is "warranted only by egregious circumstances." *Lewis v. Federal Prison Industries, Inc.*, 953 F.2d 1277, 1281 (11th Cir. 1992); *Eskra v. Provident Life and Acc. Ins. Co.*, 125 F.3d 1406, 1417 n. 50 (11th Cir. 1997), *citing Lewis*, 953 F.2d at 1281.

8.  Plaintiff did not prove any future economic losses stemming from his claim of action. Plaintiff presented no proof that he was precluded from employment as a firefighter in a municipality or county other than Montgomery. Plaintiff himself says he is completely unimpaired and not disabled and has shown no reason why he cannot find gainful employment.

9.  As with back pay, "the duty to mitigate damages by seeking employment elsewhere will … limit the amount of front pay available." *Castle v. Sangamo Weston, Inc.*, 837 F.2d 1550, 1562 (11th Cir. 1988); *see Roush v. KFC Nat'l Mgmt. Co.*, 10 F.3d 392, 399-400 (6th Cir. 1993), cert. denied, 115 S.Ct. 56 (1994); *accord Carter v. Sedgwick County*, 929 F.2d 1501, 1505 (10th Cir. 1991) (the list of factors the district court must consider in awarding front pay include: the employee's duty to mitigate damages; the appropriate duration of the award based on availability of alternative employment opportunities and the employee's work and life expectancy; and the discount tables to be applied to reduce the amount of the award to present value.)

10. Regardless of whether the duty to mitigate arises in the context of front or back pay, its elements are the same. A plaintiff must mitigate his damages "by seeking employment 'substantially equivalent' to the position [from which he was terminated]." *Weaver v. Casa Gallardo, Inc.*, 922 F.2d 1515, 1526 (11th Cir. 1991). At trial, Haynes presented no evidence that he had applied to be a firefighter in any other fire department. If, as he so strenuously argued, he is completely fit and capable of doing every firefighting function and that is his only dream in life, then he should have applied elsewhere to be a firefighter. There was also testimony at trial that other fire departments might not use the same NFPA standards that disqualified Haynes from fighting fires for Montgomery.

11. Further, plaintiffs are not entitled to unreasonable and excessive awards that compensate them for the remainder of their working lives. *Weaver v. Casa Gallardo, Inc.*, 922 F.2d 1515, 1526 (11th Cir. 1991). The issue is whether a front pay award is necessary to make plaintiffs whole. *Id.* at 1529. An award of front pay in light of Plaintiff's refusal to mitigate and in light of the verdict would be entirely speculative and would create a windfall for Plaintiff. Thus, Plaintiff's request for front pay is due to be denied.

### B. PREJUDGMENT INTEREST

12. The award of prejudgment interest on back pay to a prevailing plaintiff is an equitable remedy, committed to the sound discretion of the trial court. *George v. GTE Directories Corp.*, 114 F.Supp.2d 1281, 1300 (M.D. Fla. 2000); *Gloria v. Valley Grain Products, Inc.*, 72 F.3d 497, 500 (5th Cir.1996). There is no "per se rule that requires prejudgment interest to be included in the [back pay] award." *Hadley v. VAM P T S*, 44 F.3d 372, 376 (5th Cir.1995); *see also Gloria v. Valley Grain Products, Inc.*, 72 F.3d 497, 500 (5th Cir.1996) ("A general rule that prejudgment interest on every backpay award must be granted would obliterate the

4

discretion of the district court. We are unable to simply ignore the recognized discretion of the district court in this area.").

13. In this case, Plaintiff argued and the jury found that Plaintiff was entitled to $90,000 for money he would have earned had he remained employed. Nothing in the jury charges advised the jury not to consider the time-value of money. Thus it is likely that an award of pre-judgment interest would result in a windfall to Plaintiff and should be denied.

14. Further, in deciding whether to award prejudgment interest in employment discrimination actions, federal courts should consider several factors, which in the instant case show that prejudgment interest should not be granted. *Richardson v. Tricom Pictures and Productions, Inc.*, 334 F.Supp.2d 1303, 1317 (S.D. Fla. 2004), *citing Felts v. Radio Distributing Co., Inc.*, 637 F.Supp. 234, 238 (N.D. Ind.1985) (Where a Title VII plaintiff was not entitled to prejudgment interest where she failed to reasonably mitigate her damages and introduced no evidence of willfulness.) The factors are: that federal courts properly consider the weight of evidence based on which plaintiff prevailed on the liability issue, whether defendant's employment discrimination was willful, whether the plaintiff reasonably attempted to mitigate her damages, and whether the amount of plaintiff's damage award was determinable before final judgment. *Id.* Considering each of these factors, prejudgment interest should not be awarded in this case.

15. Here, Plaintiff's evidence on the liability issue was inadequate to support the jury's verdict. See Defendant's Renewed Motion for Judgment as a Matter of Law, filed herewith. Plaintiff produced no evidence that the City perceived him as "disabled" as that term is defined under ADA. At best, Plaintiff showed that the City perceived him as unable to fight fires for the City of Montgomery, clearly not a broad range of jobs. Further, Plaintiff showed no

evidence that the City willfully discriminated against him because of a perceived "disability," again as that term is defined under ADA. Additionally, Plaintiff failed to reasonably mitigate his damages. The evidence at trial showed that as soon as Haynes was put on involuntary leave, Haynes was told what he needed to do to come back to work. At the very latest, in August 2005 the City specified in writing what Haynes needed to do to come back to work. Haynes could have mitigated his damages completely or argued that he attempted to do so if he had followed the City's instructions. Haynes and his attorney chose to disregard the City's requests, and by doing so, developing unnecessary damages and attorney's fees. This sort of behavior should not be rewarded and it is in this Court's discretion to deny Plaintiff's requests for additional money.

### C. RESTORATION OF RETIREMENT ACCOUNT

16. The Employees' Retirement System for the City of Montgomery is a separate entity from the City of Montgomery and administers retirement benefits for City and Airport Authority employees. The Employees' Retirement System has a Board and was established by City Ordinance No. 16-59, effective June 1, 1959. It was amended by Legislative Act No. 756, effective October 6, 1975, and further amended by Legislative Act No. 290 of the 2005 Special Session with an effective date of October 1, 2005.

17. The Employees' Retirement System is not a party to this action and therefore not subject to the jurisdiction of this Court. The Employees' Retirement System is limited by statute and its own rules and regulations. Furthermore, for the grounds and reasons set forth in sections A. and B. above, Plaintiff is not entitled to this request for additional relief from the City of Montgomery.

WHEREFORE, premises considered, Defendants pray this Court will deny Plaintiff's Motion for Equitable Relief.

Respectfully submitted this 9th day of May, 2008.

/s/ Kimberly O. Fehl
Kimberly O. Fehl (FEH001)
Allison H. Highley (HIG024)
Attorneys for City of Montgomery

OF COUNSEL:
City of Montgomery
Legal Department
Post Office Box 1111
Montgomery, AL 36101-1111
(334) 241-2050 Telephone
(334) 241-2310 Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that foregoing has been served upon the following by electronic filing and notification through CM/ECF with United States District Court Middle District of Alabama on this 9th day of May, 2008:

Gerald L. Miller, Esq.
Keith Brashiers, Esq.
REDDEN, MILLS, & CLARK
940 Financial Center
505 North 20th Street
Birmingham, AL  35203

/s/Kimbelry O. Fehl                .
Of Counsel