**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **EDDIE J. HAYNES,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )  **Case No. 2:06-cv-1093-WKW** |
| | ) |
| **CITY OF MONTGOMERY, ALABAMA,** | ) |
| | ) |
| **Defendant.** | ) |

**<u>DEFENDANT'S MOTION FOR NEW TRIAL OR REMITTITUR</u>**

Defendant City of Montgomery ("the City") pursuant to Fed. R. Civ. P. 59 and 50(c) moves this Court for a new trial or for remittitur and further moves that this motion be conditionally granted pursuant to Fed. R. Civ. P. 50(c) in conjunction with the Court's ruling on its Rule 50(b) Renewed Motion for Judgment as a Matter of Law, filed separately herein, and as grounds says:

1.   Plaintiff Eddie Hayne ("Haynes") has alleged that the City violated the Americans with Disabilities Act, 42 U.S.C. §12112, *et. seq* ("ADA"), by perceiving him as disabled based on potential side effects of his prescribed medications.

2.   On March 27, 2008, the jury returned a verdict in Plaintiff's favor on his "regarded as" and "qualification standards" claims, awarding him $90,000.00 in damages for back pay and $270,000.00 for emotional pain and mental suffering.   The jury's total award of $360,000 in damages was excessive and not supported by the evidence presented at trial.

3.   Defendant submits a number of grounds for its motion for new trial or remittitur. The jury's verdict in this case was contrary to the greater weight of the evidence.  The jury clearly disregarded the controlling law and the evidence presented at trial in finding that the City discriminated against Plaintiff in violation of the ADA.  The evidence was insufficient to submit the

claims to the jury. Also, the damages awarded by this jury are clearly excessive. Plaintiff's counsel made inappropriate prejudicial argument in his closing. The Court's modified jury instructions were likely to mislead the jury, prejudicial to the Defendants and were given over Defendant's objections.

4.   The jury's verdict in this case was contrary to the greater weight of the evidence.  The jury clearly disregarded the controlling law and the evidence presented at trial in finding that the City discriminated against Eddie Haynes.  There was no evidence at trial presented by Haynes or by the City to support that the City perceived Haynes as being "disabled" in any sense – let alone as that term is defined under ADA.   Quite the contrary, the evidence put forth by both parties indicated that Haynes was capable of doing anything he wanted. There was no evidence that, if the City perceived Haynes as having an impairment, then that alleged impairment from prescription side effects was such that, if true, Haynes would have been precluded from any job other than Montgomery firefighter. A reasonable jury could not have found that Haynes had proved that the perceived impairment would have constituted a "disability" as defined under ADA – an essential element of Plaintiff's case. Further, even assuming this element was proven, Plaintiff did nothing to show the City's stated reasons for the employment actions were discriminatory or illegitimate. Thus, the City is entitled to judgment as a matter of law notwithstanding the verdict, or in the alternative, to a new trial or remittitur.

5.   Furthermore, Haynes put forth no evidence at trial that the qualification standards used for the medical examination by the City of Montgomery for firefighters are not job related and a business necessity.  The ADA allows employers to apply qualification standards that screen out or tend to screen out individuals with "disability" when job related and consistent with business necessity. A reasonable jury could not conclude that the standards used by the City were unrelated to the job of firefighter, nor could a reasonable jury find that using such standards were inconsistent

2

with the City's business necessity to minimize risk to its firefighters and the public at large. Therefore, Defendant is entitled to a judgment as a matter of law, but in the alternative moves for a new trial or remittitur.

6.    Additionally, Plaintiff's counsel made improper allegations in closing remarks regarding Captain B.S. Hackett, inferring some animosity Hackett had toward Eddie Haynes. In effect, Plaintiff's counsel argued in closing that Captain Hackett "had it out" for Eddie Haynes, despite there having been no evidence on this point. Although counsel for the City objected, the prejudicial effect of the improper and false allegation made by Plaintiff's counsel could not be cured by the Court sustaining the objection and is grounds alone for a new trial.

7.    Finally, since March 2005, Haynes has known what he had to do to be returned to work as a firefighter. There was no evidence that the City discriminated against Eddie Haynes or intended to fire Eddie Haynes when he was put on leave in March 2005.  At trial, Chief Jordan and Chief Walker testified that they thought Plaintiff would go immediately to get the matter resolved so that he could return to work as a firefighter for the City of Montgomery.  Haynes was treated as any other firefighter would have been treated, but Haynes ignored the City's requests, and by doing so, building unnecessary damages and attorney's fees. Haynes could have resolved this matter in the spring or summer of 2005, incurring only de minimus damages. But because Haynes **chose** not to take advantage of the opportunity to follow his employer's directive to eliminate or minimize his damages, Haynes has failed to reasonably mitigate and, if this Court does not order a new trial, then the jury verdict, which is unreasonable, is due to be remitted.

**WHEREFORE ABOVE CONSIDERED** and for the reasons more fully set forth in the Memorandum of Law in Support of a New Trial**,** Defendant City of Montgomery moves this Court to enter an order granting a new trial or remitting the verdict to a reasonable amount.

Respectfully submitted this 9th day of May, 2008.

/s/ Kimberly O. Fehl
Kimberly O. Fehl (FEH001)
Allison H. Highley (HIG024)
Attorneys for City of Montgomery


OF COUNSEL:
City of Montgomery
Legal Department
Post Office Box 1111
Montgomery, AL 36101-1111
(334) 241-2050 Telephone
(334) 241-2310 Facsimile


## CERTIFICATE OF SERVICE

I hereby certify that foregoing has been served upon the following by electronic filing and

notification through CM/ECF with United States District Court Middle District of Alabama on this

9th day of May, 2008:

Gerald L. Miller, Esq.
Keith Brashiers, Esq.
REDDEN, MILLS, & CLARK
940 Financial Center
505 North 20th Street
Birmingham, AL  35203

/s/Kimberly O. Fehl
Of Counsel