**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **EDDIE J. HAYNES,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| **v.** | )   Case No. 2:06-cv-1093-WKW |
| | ) |
| **CITY OF MONTGOMERY, ALABAMA,** | ) |
| | ) |
|     **Defendant.** | ) |

**DEFENDANT'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW**

Defendant City of Montgomery ("the City"), pursuant to Rule 50(b), Federal Rules of Civil Procedure, hereby renews its Motion for Judgment as a Matter of Law on the "regarded as" and "qualification standards" claims of Plaintiff Eddie Haynes ("Haynes"), and says:

**I. STANDARD OF REVIEW**

1. Fed. R. Civ. P. 50 governs motions for judgment as a matter of law in jury trials. This rule allows the trial court to remove issues from the jury's consideration "when the facts are sufficiently clear that the law requires a particular result." *Weisgram v. Marley Co.*, 528 U.S. 440, 120 S.Ct. 1011, 1016-17, 145 L.Ed.2d 958 (2000). Judgment as a matter of law after the verdict "may be granted only when, without weighing the credibility of the evidence, there can be but one reasonable conclusion as to the proper judgment." *Pulte Home Corp. v. Osmose Wood Preserving, Inc.*, 60 F.3d 734, 739 (11th Cir.1995).

2. There was no legally sufficient evidentiary basis for a reasonable jury to find for Haynes on the issues presented. Therefore, because Plaintiff's claims cannot succeed under controlling law, a judgment is due to be entered in favor of the City as a matter of law.

3. Under Rule 50(b), where the Court does not grant a motion for judgment as a matter

of law made at the close of all evidence, it is deemed to have submitted the action to the jury subject to the Court's later deciding the legal questions raised by the motion. Fed. R. Civ. Proc. 50(b). The movant may renew its request for judgment as a matter of law by filing a motion no later than 10 days after entry of judgment and may join a Rule 59 motion for new trial. *Id.* Defendants moved for judgment as a matter of law at the conclusion of both Plaintiff's case and the close of all evidence. The Court did not grant either motion.

4.  As a jury verdict was returned in this case, the Court may now *inter alia* direct entry of judgment as a matter of law or order a new trial. Accordingly, the City respectfully joins its Motion for New Trial or Remittitur, filed separately herein, as an alternative request for relief as permitted by Fed. R. Civ. P. 50(b).

### A. "REGARDED AS" CLAIM

5.  Under the ADA "disability" is a term of art, defined with respect to an individual as "a physical or mental impairment that substantially limits one or more of the major life activities of such individual … or being regarded as having such an impairment." 42 U.S.C. § 12102(2). Thus, Plaintiff had the burden to prove that (1) the City regarded him (2) as having an impairment (3) that substantially limits one or more of his major life activities. If, as here, Plaintiff cannot prove all three elements, then his "regarded as" claim must fail as a matter of law.

6.  It is useful to begin with the exact nature of the alleged impairment. It is undisputed that Haynes does not have an actual impairment that substantially limits one or more of his major life activities. Plaintiff never claims, nor does the evidence show, that the Fire Department ever inquired into the underlying conditions for which Haynes was prescribed medications. Plaintiff claimed that the City regarded him as "disabled" solely due to the potential side effects of his medications. However, even if the City regarded Plaintiff as experiencing side effects that rose to the

level of a "physical or mental impairment," that is only part of the analysis. Not every impairment substantially limits an individual in his major life activities. Thus, under ADA, Plaintiff still had the burden to prove that the potential side effects were such that, if true, would substantially limit one or more of his major life activities.

7.     Where, as here, the major life activity is working, Plaintiff must show that the impairment constitutes a significant restriction on ability to perform either a class or broad range of jobs. Plaintiff was only precluded from being a firefighter for the City of Montgomery, which is too narrow a field to show a substantial limitation on the major life activity of working.

8.     Haynes claimed that upon being advised of his prescription medications, the City of Montgomery violated ADA by placing him on involuntary leave from his job as firefighter and terminating him approximately fifteen months later.  The undisputed facts and the evidence at trial are insufficient to establish a claim of discrimination in violation of ADA, because Plaintiff never showed that the allegedly perceived impairment would have been a significant restriction on his ability to perform a class or broad range of jobs.

9.     The only evidence Plaintiff presented on this element was the testimony of an expert who admitted that she did not review the NFPA standards used by Dr. Turner in his fit for duty exams, did not review the essential job functions of a firefighter, and presupposed the ultimate issue that the City regarded Plaintiff as unable to do any job that involved some degree of danger, to include jobs that involved climbing ladders over 6 feet tall. This testimony was not salient on the issue of whether the potential side effects, if Haynes were truly experiencing them, would preclude Haynes from working in a class or broad range of jobs.

10.    The record reflects that Plaintiff was not actually "disabled." Plaintiff testified that since his employment with the City of Montgomery has ended, he is under no medical restrictions

and has continued to work. The evidence at trial showed that other firefighters considered Haynes a good firefighter and very physically fit. This testimony is contrary to Haynes' contention that the City regarded him as having an impairment that substantially limited his ability to perform a class or broad range of jobs. There was no testimony to support that Plaintiff suffered an impairment that substantially limited Plaintiff in any way or in Plaintiff's ability to do anything. Plaintiff and his witnesses testified that he had no limitations and could perform the duties of a firefighter. Plaintiff testified that he was probably the healthiest firefighter for the City of Montgomery. Therefore Plaintiff, through his case in chief, foreclosed a valid "regarded as" disabled claim under ADA.

11. Haynes cannot prove that the City regarded him as disabled as defined by ADA, because it did not. Therefore, Plaintiff failed to meet his burden to prove that the City violated the ADA. The ADA very specifically defines the elements Plaintiff must prove to show he is protected under that Act, and Plaintiff has failed to prove those elements. There is no legally sufficient evidentiary basis for a reasonable jury to find for the Plaintiff on the issues presented.

12. Assuming arguendo that Plaintiff did make a prima facie case by proving all the elements, then under the McDonnell Douglas framework, the burden of production shifts to the defendant who must articulate a legitimate non-discriminatory reason for the challenged employment decision, but the plaintiff then bears the ultimate burden of persuasion that the defendant's proffered reason is a pretext for discrimination. *Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322 (11th Cir. 1999).

13. At trial the City gave its legitimate non-discriminatory reasons for it decision to suspend and ultimately terminate Haynes. The City was put on notice of a potentially serious risk to Haynes and the public at large by Haynes' March 2005 memo wherein the City perceived Haynes as asking to be relieved from driving the fire truck and listing a number of medications he was taking.

The City perceived this as notice that Haynes himself felt his medications were compromising his ability to drive, raising a red flag and prompting the City to put Haynes on leave until he was declared fit for duty. The City has a legitimate interest in protecting its firefighters and the public at large from known risks. Plaintiff has shown no evidence that the City's decision to place him on leave was discriminatory. To the contrary, the evidence showed that all unranked firefighters are subject to the same standards that were applied in this case and that many other firefighters have been ordered to submit to fit for duty examinations. When Haynes refused for 15 months to comply with the City's request to have his personal physician work out a way Haynes could be in compliance with the standards, the City had no choice but to deem Haynes as having abandoned his job so they could free up the manpower position to hire another firefighter.

14.    The City has therefore shown legitimate, non-discriminatory reasons for its employment decisions, and the burden shifts to Plaintiff to show pretext. Plaintiff offered no evidence of pretext, nor did he claim the employment actions were pretextual. Accordingly, Plaintiff's "regarded as" claim must fail under controlling law because he did not prove all of the elements of his claim.  However, assuming Plaintiff had submitted evidence to prove his "regarded as" claim, Plaintiff failed to show that the City's stated reasons were pretextual. Therefore, as a matter of law, a judgment is due to be entered in favor of the Defendant on all claims because the Plaintiff has not shown that he is entitled to protection under the ADA.

### B. QUALIFICATION STANDARDS CLAIM

15.    ADA permits an employer to use qualification standards that screen out or tend to screen out individuals with a disability where it is shown that the standards are job-related and consistent with business necessity. At trial, the Defendant showed the business necessity of

mitigating the safety risk to the firefighters and the public at large. Further, the standards employed by the City are narrowly tailored to the essential functions and incumbent dangers of firefighting. Plaintiff did not claim or prove that the NFPA standards were not related to the job of firefighting. Thus Defendant has shown that the qualification standards used by the City of Montgomery for firefighters are job related and consistent with business necessity.

16.     The ADA does not require employers make exceptions for an employee when doing so could place the safety of that employee and others at risk. Nor does the ADA require an employer to take a chance that an individual is fit for duty when medical or scientific studies have already determined that a firefighter on the same medications is not fit for duty. A lack of unfortunate incidents in the past is not sufficient to show that a qualification standard is not a job necessity.

17.     The jury found that the medical examination was job related and consistent with business necessity, but found that the qualification standard used in the medical examination was not. Logically, if the medical examination is job related and consistent with business necessity, the qualification standard upon which the examination is based must also be job related and consistent with business necessity. The two are inexorably intertwined.

18.     Further, Plaintiff has argued only that the standards screen out or tend to screen out individuals with disabilities, but has produced no evidence or authority that rebuts Defendant's position that its standards are job-related and consistent with business necessity. It is uncontested that the City's standards do, in fact, screen out individuals with disabilities, as well as individuals with certain impairments that do not rise to the level of "disabilities" as that term is defined under ADA. However, the City has shown that the application of these standards are job-related and consistent with business necessity and that performance of the job cannot be accomplished by

reasonable accommodation – which is a defense under 42 U.S.C. § 12113. Plaintiff argued that NFPA standards do not supersede ADA but never argued or submitted evidence that the standards used by the City were not job related or consistent with business necessity.

19.     Because the City has shown its application of its qualification standards are job related and consistent with business necessity, Plaintiff's "qualification standards" claim fails under controlling law, and therefore, as a matter of law, a judgment is due to be entered in favor of the Defendant on this claim.

### C. MITIGATION

20.     At the conclusion of trial, the jury returned a verdict in Plaintiff's favor on his "regarded as" and "qualification standards" claims, awarding him $90,000.00 in damages for back pay and $270,000.00 for emotional pain and mental suffering. The jury's award of damages totaling $360,000 was excessive and not supported by the evidence presented at trial.

21.     Since March 2005 Haynes knew exactly what he was required to do to return to work as a firefighter. At trial, Chief Jordan and Chief Walker testified that they thought Plaintiff would go immediately to get the matter resolved so that he could return to work as a Montgomery firefighter. The record reflects that Plaintiff and his attorney chose to ignore the City's request, and by doing so, built damages and unnecessary attorney's fees and expenses. Haynes **chose** not to take advantage of the opportunity to simply follow his employer's directive under the circumstances to eliminate or minimize his damages and should not be rewarded for doing so.

WHEREFORE, premises considered and for reasons more fully set out in the Memorandum of Law in Support of Defendant's Renewed Motion for Judgment as a Matter of Law, the City of Montgomery respectfully renews its Motion for Judgment as a Matter of Law and asks that this Court set aside the verdict entered in this case and enter a judgment as a matter of law in favor of

Defendants on the "regarded as" and "qualification standards" claims.

 Respectfully submitted this 9th day of May 2008.

            /s/Kimberly O. Fehl
            Kimberly O. Fehl (FEH001)
            Allison H. Highley (HIG024)
            Attorneys for City of Montgomery

OF COUNSEL:
City of Montgomery
Legal Department
Post Office Box 1111
Montgomery, AL 36101-1111
(334) 241-2050 Telephone
(334) 241-2310 Facsimile

## CERTIFICATE OF SERVICE

 I hereby certify that foregoing has been served upon the following by electronic filing and notification through CM/ECF with United States District Court Middle District of Alabama on this 9th day of May, 2008:

    Gerald L. Miller, Esq.
    Keith Brashiers, Esq.
    REDDEN, MILLS, & CLARK
    940 Financial Center
    505 North 20th Street
    Birmingham, AL  35203

            /s/Kimberly O. Fehl
            Of Counsel