IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| EDDIE J. HAYNES, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CASE NO. 2:06-CV-1093-WKW |
| | ) |
| CITY OF MONTGOMERY, ALABAMA, | ) |
| | ) |
|     Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff Eddie J. Haynes's Petition for an Order to Hold Defendant in Contempt of Court for Failing to Comply with the Court's October 28, 2008 Final Judgment. (Doc. # 133.) The motion is filed pursuant to Rule 70 of the Federal Rules of Civil Procedure. Defendant City of Montgomery filed a Response. (Doc. # 138.) For the reasons that follow, the motion is due to be denied.

**I. STANDARD OF REVIEW**

Pursuant to Rule 70, "[i]f a judgment directs a party to . . . perform any . . . specific act and the party fails to comply within the time specified," the court may "hold the disobedient party in contempt." Fed. R. Civ. P. 70. A Rule 70 civil contempt sanction serves to "coerce the contemnor into future compliance with the court's order or to compensate the complainant for losses resulting from the contemnor's past noncompliance." *N.Y. State Nat'l Org. for Women v. Terry*, 886 F.2d 1339, 1352 (2d Cir. 1989). A finding of civil contempt – "that is, willful disregard of the authority of this Court" – requires clear and convincing

proof of a defendant's contempt. *Ga. Power Co. v. N.L.R.B.*, 484 F.3d 1288, 1291 (11th Cir. 2007). As explained in *Georgia Power Co.*,

> "In determining whether a party is in contempt of a court order, the order is subject to reasonable interpretation, though it may not be expanded beyond the meaning of its terms absent notice and an opportunity to be heard." *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1296 (11th Cir. 2002). Moreover, we will construe any ambiguities or uncertainties in such a court order in a light favorable to the person charged with contempt. *NBA Properties, Inc. v. Gold*, 895 F.2d 30, 32 (1st Cir. 1990). Our focus in a civil contempt proceeding "is not on the subjective beliefs or intent of the alleged contemners in complying with the order, but whether in fact their conduct complied with the order at issue." *Howard Johnson Co., Inc. v. Khimani*, 892 F.2d 1512, 1516 (11th Cir. 1990).

*Id.*

## II. BACKGROUND

On March 27, 2008, the jury returned a verdict in favor of Mr. Haynes on two of his claims against the City for discrimination under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 - 12117 ("ADA"), with respect to Mr. Haynes's employment. (Verdict (Doc. # 67).) On October 28, 2008, after resolution of post-trial motions, judgment was entered on the jury verdict. (Final Judgment (Doc. # 98).) The Final Judgment provides, in pertinent part, as follows:

> (4)   the City shall PAY $20,050.23 to the Employees' Retirement System for the City of Montgomery for the retirement account of, or on behalf of, Mr. Haynes; said amount represents contributions the City would have made to Mr. Haynes's retirement account from the date Mr. Haynes was placed on unpaid leave until the date of reinstatement;
>
> (5)   the City shall REINSTATE Mr. Haynes to employment effective November 20, 2008, in the position, and at the pay grade, pay level, seniority

status, and with all accrued benefits he would have held if he had not been placed on leave without pay and terminated by the City;

(6)     Mr. Haynes shall be PLACED on leave with full pay and benefits by the City effective **November 20, 2008**, pending Mr. Haynes's passing of a fitness for duty examination at the City's expense, and completion of the training, if any, normally required by the City of firefighters who have been on leaves of absence for extended periods of time;

(7)     the fitness for duty examination shall be limited to an individualized assessment of Mr. Haynes's present ability to perform safely the essential functions of the job and shall rely on the most current medical knowledge and the best available objective evidence;

(8)     the City, its agents, successor, employees, attorneys, and those acting in concert with the City and at the City's request, are PERMANENTLY ENJOINED from discriminating against Mr. Haynes, or otherwise violating the Americans with Disabilities Act of 1990, as amended, with respect to Mr. Haynes, including, but not limited to, on the basis of disability, qualifications standards, fitness for duty examinations, medical examinations, and prescription and over-the-counter medications.

(Final Judgment (Doc. # 98) (internal footnote omitted).)

### III.  DISCUSSION

Mr. Haynes argues that the City has failed to comply in full with the Final Judgment and moves to hold the City in contempt. In particular, Mr. Haynes contends that the City has not complied with paragraphs (4) and (5) of the Final Judgment and, thus, has perpetuated its discrimination against Mr. Haynes, in violation of paragraph (8). The arguments also implicate paragraphs (6) and (7) of the Final Judgment. Among other things, Mr. Haynes requests that his retirement account be reinstated "without the payment of the requested $43,000 by Mr. Haynes" or, alternatively, that he "be given the option to continue his

3

employment with the City . . . to 'buy back' credible service time in lieu of all or some of the $43,000 payment." (Pl. Mot. ¶¶ 1-2 (Doc. # 133).)

**A.     Retirement**

The City has submitted evidence that it paid $20,050.23 to the Employees' Retirement System for Mr. Haynes's retirement account, as required by paragraph (4) of the Final Judgment, and Mr. Haynes concedes as much. (Pl. Mot. ¶ 4.) It also is undisputed that Mr. Haynes must "pay an amount in excess of $43,000 to receive retirement compensation." (Pl. Mot. ¶ 4.) The $43,000 represents Mr. Haynes's contributions to the Retirement System that he withdrew when he was wrongfully terminated and contributions owing after that date.[1]

The crux of Mr. Haynes's argument is that rather than reinstate him, as set out in paragraph (5) of the Final Judgment, the City "involuntarily retired" him with twenty years service, effective April 2010. (Pl. Mot. ¶ 3.) According to Mr. Haynes, he "has not signed up for retirement nor requested that he be put in a retirement status." (Pl. Mot. ¶ 3.) The City does not dispute the fact of Mr. Haynes's retirement, but rather explains, with accompanying evidence, its understanding of how Mr. Haynes got in his present predicament.

In October 2009, after the Eleventh Circuit affirmed the judgment, the City proposed to Mr. Haynes's prior trial counsel (Gerald Miller) a physician to conduct Mr. Haynes's

---

[1] That Mr. Haynes would have to pay the portion of his contributions to the Employees' Retirement System is not in dispute. The Memorandum Opinion and Order, entered October 6, 2008, provides: "The City shall make every effort to fully restore the pension and retirement account with the Retirement Systems, conditioned upon Mr. Haynes's repayment of his withdrawn contribution." (Mem. Op. & Order 23 (Doc. # 90).)

fitness-for-duty examination and noted that the examination needed to be scheduled for Mr. Haynes to return to "active duty."[2] (Ex. 3 to Doc. # 138.) In response, Mr. Miller inquired as to whether the City would permit Mr. Haynes to remain on leave with pay until his impending retirement date, and in November 2009, the City confirmed the feasibility of Mr. Miller's proposal. (Exs. 4 & 5 to Doc. # 138.) Mr. Haynes was left on paid leave until April 19, 2010, his retirement date, and consequently did not take a fitness-for-duty examination. As recently as March 3, 2010, counsel for the City sent an email to Keith E. Brashier, co-counsel for Mr. Haynes, informing him of Mr. Haynes's impending April 13 retirement date and that Mr. Haynes had not yet made his contribution to the Retirement System. (Ex. 6 to Doc. # 138.) On April 5, 2010, Mr. Brashier sent counsel for the City an email indicating, among other things, that "Mr. Haynes is simply not able to pay the total of $43,384.00 to the Retirement System." (Ex. 9 to Doc. # 138.)

A review of the present filings indicates, in short, that Mr. Haynes's predicament is that he is without a job or a retirement check.[3] Strictly speaking, it is true that, as required by paragraph (5), the City has not reinstated Mr. Haynes in his prior position. There is, however, a complete absence of evidence – much less clear and convincing proof – that the City's failure to reinstate Mr. Haynes constitutes a "willful disregard" of the Final Judgment.

---

[2] Aundrea L. Roberts, admitted *pro hac vice* to represent Mr. Haynes on June 7, 2010, filed the present motion. (Docs. # 132, 134.)

[3] The City has submitted evidence that Mr. Haynes "is eligible to receive retirement pay immediately upon his submission of a lump sum payment to the Retirement System of his portion of the contributions . . . ." (Def. Resp. ¶ 15 (Doc. # 138); Claire King Aff. 2 (explaining the "buy-back" procedures for former employees who have been reinstated in the Retirement System).)

*Ga. Power Co.*, 484 F.3d at 1291. To the contrary, the evidence is unrebutted that counsel for Mr. Haynes requested that Mr. Haynes remain on leave with pay until he had attained the required number of years (*i.e.*, twenty years) to qualify for full retirement benefits. Based upon this record, any blame for the alleged breach of paragraph (5) does not lie with the City. Rather, the matter is between Mr. Haynes and his former attorney.

**B.     Benefits**

Mr. Haynes also argues that the City violated paragraph (5) of the Final Judgment because it (1) "failed to return to him all the holidays he would have received" had he not been placed on leave without pay in May 2005 and terminated on June 14, 2006, and (2) did not reimburse him for 400 hours of accrued leave time and 350 hours of sick leave. (Pl. Mot. 2 (¶ 5) and 3-4 (¶ 3).) Mr. Haynes, however, has not submitted any evidence to support his contentions. On the other hand, the City has submitted evidence that Mr. Haynes was reinstated on leave with pay effective November 20, 2008, with full benefits, and "was given back" 496.8 hours accrued sick leave, 790.5 hours of annual leave and 78.4 hours of personal leave. (Def. Resp. ¶ 13; Betty Gates Aff. (Ex. 12).) Based upon this evidence and Mr. Haynes's unexplained, unsupported and unclear argument, Mr. Haynes has failed to demonstrate that the City violated paragraph (5) of the Final Judgment.

## IV.  CONCLUSION

For the foregoing reasons, it is ORDERED that Plaintiff Eddie J. Haynes's Petition for an Order to Hold Defendant in Contempt of Court for Failing to Comply with the Court's October 28, 2008 Final Judgment (Doc. # 133) is DENIED.

DONE this 27th day of December, 2010.

                                                /s/  W.  Keith Watkins
                                      UNITED STATES DISTRICT JUDGE